UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>D-1 YLLI DIDANI,<br><br>  Defendant.<br>_____/ | Case:2:21-cr-20264<br>Judge: Hood, Denise Page<br>MJ: Altman, Kimberly G.<br>Filed: 04-21-2021 At 12:59 PM<br>INDI USA V YLLLI DIDANI (L)<br><br>Violations:<br>21 U.S.C. §§ 841 and 846 |

# INDICTMENT

THE GRAND JURY CHARGES:

## COUNT ONE
### 21 U.S.C. §§ 841(a)(1) and 846
*Conspiracy to Distribute Controlled Substances*

D-1 YLLI DIDANI

1. From a date unknown to the Grand Jury, but no later than August 6, 2016, through the date of this Indictment, in the Eastern District of Michigan, and elsewhere, defendant, YLLI DIDANI, knowingly and intentionally conspired and agreed with other individuals, both known and unknown to the Grand Jury, to distribute controlled substances; namely, 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine – a Schedule II controlled

substance; all in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A)(ii), and 846.

## MANNER AND MEANS

The manner and means used to accomplish the objectives of this conspiracy include, among others, the following:

2. It was part of the conspiracy that YLLI DIDANI and others known and unknown to the grand jury would plan and finance the distribution of controlled substances while in the Eastern District of Michigan and elsewhere.

3. It was a further part of the conspiracy that YLLI DIDANI and others known and unknown to the grand jury would and did use United States currency to finance their accumulation and distribution of controlled substances.

4. It was a further part of the conspiracy that YLLI DIDANI and others known and unknown to the grand jury would and did use telecommunication facilities, including cellular telephones, to facilitate the distribution of controlled substances.

5. It was a further part of the conspiracy that YLLI DIDANI and others known and unknown to the grand jury would and did utilize residences in the Eastern District of Michigan to plan their accumulation and distribution of controlled substances.

6. It was a further part of the conspiracy that YLLI DIDANI and others known and unknown to the grand jury would and did utilize automobiles, aircraft, and other means of transportation for purposes of obtaining and distributing controlled substances.

## OVERT ACTS

7. In furtherance of the conspiracy, YLLI DIDANI and others known and unknown to the grand jury, committed various overt acts, including but not limited to the following:

(1) Between June 2016 and December 2017, in the Eastern District of Michigan, Conspirator One provided several checks to Conspirator Two for the purpose of purchasing bulk cocaine.

(2) Between June 2016 and December 2017, Conspirator Two cashed these checks at pawn shops and gold exchange businesses located in the Eastern District of Michigan.

(3) On or about June 9, 2016, in the Eastern District of Michigan, YLLI DIDANI met with Conspirator Two for the purpose of receiving bulk U.S. currency from Conspirator Two that was derived from the checks Conspirator One provided to Conspirator Two.

(4) On or about June 9, 2016, in the Eastern District of Michigan, YLLI DIDANI received over $100,000.00 in U.S. currency from Conspirator Two for the purpose of purchasing bulk cocaine.

(5) On or about December 21, 2017, Conspirator Two flew from the Eastern District of Michigan to Washington D.C. in a private airplane owned by Conspirator One for the purpose of providing YLLI DIDANI with bulk currency derived from the checks Conspirator One provided to Conspirator Two.

(6) On or about December 21, 2017, YLLI DIDANI met with Conspirator Two in Washington D.C. where YLLI DIDANI received approximately $450,000.00 in U.S. currency from Conspirator Two for the purpose of purchasing bulk cocaine.

## DRUG THRESHOLD

8. With respect to defendant YLLI DIDANI, the amount of controlled substances involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonable foreseeable to him, is five kilograms or more of a mixture or substance containing a detectable amount of cocaine – a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(ii), and 846.

## FORFEITURE ALLEGATION

9. The allegations contained in this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 21, United States Code, Section 853 and Federal Rule of Criminal Procedure 32.2.

10. Pursuant to Title 21, United States Code, Section 853, upon conviction of the Count One offense in violation of Title 21, United States Code, Sections 841 and 846, the defendant, YLLI DIDANI, shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of his offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense.

11. <u>Substitute Assets</u>:  If the property described above as being subject to forfeiture, as a result of any act or omission of YLLI DIDANI:

   a. Cannot be located upon the exercise of due diligence;

   b. Has been transferred or sold to, or deposited with, a third party;

   c. Has been placed beyond the jurisdiction of the Court;

   d. Has been substantially diminished in value; or

   e. Has been commingled with other property that cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c).

THIS IS A TRUE BILL.

*s/Grand Jury Foreperson*
GRAND JURY FOREPERSON

SAIMA S. MOHSIN
Acting United States Attorney

JULIE A. BECK
Chief, Drug Task Force Unit

CRAIG F. WININGER
Chief, Violent & Organized Crime Unit

*s/Mark Bilkovic*
MARK BILKOVIC
TIMOTHY P. MCDONALD
MICHAEL EL-ZEIN
Assistant United States Attorneys

Dated: April 21, 2021

| United States District Court<br>Eastern District of Michigan | Criminal Case Cover Sheet | Case: 2:21-cr-20264<br>Judge: Hood, Denise Page<br>MJ: Altman, Kimberly G.<br>Filed: 04-21-2021 At 12:59 PM<br>INDI USA V YLLLI DIDANI (L) |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in

| Companion Case Information | | Companion Case Number: |
|---|---|---|
| This may be a companion case based on **LCrR 57.10(b)(4)**[1]: | | |
| ☐Yes ☑No | | AUSA's Initials: |

**Case Title:** USA v. Ylli Didani

**County where offense occurred:** Wayne, Macomb, Oakland, and elsewhere

**Offense Type:** Felony

Indictment -- based upon prior complaint **[Case number: 21-mj-30148]**

### Superseding Case Information

**Superseding to Case No:** _____ **Judge:** _____

    **Reason:**

| **Defendant Name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|
| | | |

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case**

April 21, 2021
    Date

Mark Bilkovic
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
mark.bilkovic@usdoj.gov
(313) 226-9623
Bar #: P48855

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.