UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

Plaintiff,

vs.

Case No.: 2:21-cr-20264
Honorable Denise Page Hood

D-1 YLLI DIDANI,

Defendant.
_______________________________________/

MARK BILKOVIC (P-48855)
TIMOTHY MCDONALD (P-64562)
United States Attorney's Office
211 West Fort Street, Suite 2001
Detroit, Michigan 48226
Timothy.McDonald@usdoj.gov
Mark.Bilkovic@usdoj.gov
Tel: 313/226-9623

CAMILLA BARKOVIC (P-78254)
Attorney for Defendant
25805 Harper Avenue
St. Clair Shores, Michigan 48081
CamillaBarkovic@gmail.com
Tel: 586/773-2120
_______________________________________/

**MOTION FOR BILL OF PARTICULARS**

NOW COMES Defendant, YLLI DIDANI, by and through the undersigned counsel, and by way of motion, states as follows:

1. Defendant presently stands charged pursuant to Count One of the Indictment, dated April 21, 2021, with Conspiracy to Distribute Controlled Substances in violation of 21 U.S.C. § 841(a)(1), § 846. (Doc. No. 1.)

2. Count One of the Indictment alleges that Defendant-1, Mr. Ylli Didani, conspired with "other individuals" to deliver controlled substances in violation of 21 U.S.C.

§ 841(a)(1), (b)(1)(A)(ii) and 21 U.S.C. § 846. Specifically, Count One provides, in relevant part:

> From a date unknown to the Grand Jury, but no later than August 6, 2016, through the date of this Indictment, in the Eastern District of Michigan, and elsewhere, defendant, YLLI DIDANI, knowingly and intentionally conspired and agreed with other individuals, both known and unknown to the Grand Jury, to distribute controlled substances; namely, 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine - a Schedule II controlled substance; all in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A)(ii), and 846.

3. In the instant case, the Government has alleged the existence of a conspiracy involving Defendant, Mr. Ylli Didani, and other unidentified individuals, but has failed to provide Defendant with specific information regarding the alleged conspiracy and who conspired to do what particular acts. With such vague and generalized information/allegations, Defendant cannot effectively defend against the instant case, cannot adequately prepare for trial, and cannot effectively assess, or meaningfully address, the admissibility of statements and other evidence against this Defendant. A bill of particulars is necessary to avoid, and prevent, unfair prejudicial surprise, to ensure that Defendant has a fair trial, to ensure that Defendant has fair notice of the charge pending against him, and to enable the Defendant to effectively defend against the serious allegations currently pending against him.

4. Defendant is requesting that the Government be ordered to produce a bill of particulars specifying, with particularity, the following:

A. The identity, address, and date of birth of each alleged co-conspirator.

B. The specific dates of the alleged conspiracy, including

the specific date the conspiracy was formed and the specific date the conspiracy was terminated. Further, identify the circumstances under which the alleged conspiracy was formed (and where) and the circumstances under which the alleged conspiracy was terminated (and where).

C. The location at which the alleged conspiracy was initially formed, and by who, and the location(s) at which each co-conspirator joined the alleged conspiracy.

D. The date(s) on which each co-conspirator joined the alleged conspiracy.

E. The specific period(s) of time during which each co-conspirator remained in the alleged conspiracy.

F. The circumstances under which, and the words or conduct by means of which, each co-conspirator entered into the alleged conspiracy.

G. The specific nature and scope of the agreement that forms the basis for the alleged conspiracy.

H. The object(s) of the alleged conspiracy that Defendant is alleged to have conspired to achieve and what Defendant specifically agreed to do in furtherance of the alleged conspiracy and the object(s) thereof.

I. The specific words, acts, and/or conduct of Defendant and each co-conspirator, which were stated, done, and/or engaged in, in furtherance of the alleged conspiracy. Further, Defendant requests that the Government specify the date(s), time(s), and place(s) Defendant and any co-conspirator(s) committed any such act(s)/conduct and/or made any statement(s) in furtherance of the alleged conspiracy.

J. With respect to Defendant and any co-conspirator(s), specify, with particularity, any additional act(s) committed in furtherance of the alleged conspiracy which were/are not set forth in the Indictment filed in the above-captioned matter and concerning which the Government intends to present evidence at trial, and with respect to each act, state: (a) which co-

conspirator(s) committed such act(s); (b) which co-conspirator(s) were present at the time of the commission of any such act(s); (c) what object(s) of the conspiracy the act(s) was (or were) committed to promote; and (d) the place(s), including the address(es), the date(s), and the time(s), when any such act(s) was (or were) committed.

K. The specific date(s) and time(s) that any controlled substances were acquired and were delivered as a result of the alleged conspiracy (if ever) and the identities of all persons involved in each alleged acquisition and/or delivery (if any). Further specify, with particularity, the following as it relates to each alleged acquisition and delivery: (a) the specific location at which each alleged acquisition and/or delivery occurred, (b) the nature and type of each alleged controlled substance acquired and/or delivered on each specific date, (c) the amount or quantity of each alleged controlled substance acquired and/or delivered on each specific date, (d) the amount and method of payment for each alleged acquisition and/or delivery, and (e) the identities of, and contact information for, all person(s) present for, and/or any witness(es), to each alleged transaction.

L. Identify the specific locations within the Eastern District of Michigan where Defendant and any alleged co-conspirators allegedly engaged in any planning, conduct, or other actions relating to the alleged conspiracy and the specific date(s) on which such alleged planning, conduct, and/or other act(s) occurred. Further, identify the specific locations outside of the Eastern District of Michigan where Defendant and any alleged co-conspirators allegedly engaged in any planning, conduct, or other actions relating to the alleged conspiracy and the specific date(s) on which such alleged planning, conduct, and/or other act(s) occurred.

M. Identify, with specificity, any and all statements made by Defendant and any alleged co-conspirators during, and in furtherance of, the alleged conspiracy and the date(s) on which, and location(s) at which, any such statements were made.

N. Identify the earliest statement and/or event upon which the Government intends to rely upon to establish the existence of the alleged conspiracy. Further, identify the date of the alleged statement and/or event and the location at which the alleged statement was made and/or event occurred.

O. Identify the date and nature of the earliest statement and/or event upon which the Government will rely to establish when each alleged co-conspirator joined the conspiracy.

P. Identify the date and nature of the earliest statement and/or event upon which the Government will rely to establish when Defendant joined the alleged conspiracy.

Q. Identify, with specificity, any and all statements and/or events upon which the prosecution intends to rely to prove that the alleged conspiracy existed.

5. Without further specific information, Defendant cannot adequately prepare and advance defense(s) before trial (through pre-trial motions) and cannot effectively defend against the instant allegations, which are serious in nature, at trial. Further, the alleged existence of a drug conspiracy has significant evidentiary consequences and Defendant cannot effectively address or determine the admissibility of hearsay statements and other evidence without being provided with additional specific information.[1] The lack

---

1. Pursuant to Federal Rule of Evidence 104, "[t]he court must decide any preliminary question about whether . . . evidence is admissible" and "[t]he court must conduct any hearing on a preliminary question so that the jury cannot hear it if . . . justice so requires." Before a district court may admit the statements of a co-conspirator under Federal Rule of Evidence 801(d)(2)(E), a trial court must find that: (1) the conspiracy existed; (2) the defendant was a member of the conspiracy; and (3) the co-conspirator made the proffered statements in furtherance of the conspiracy. See United States v. Warman, 578 F.3d 320 (6th Cir.2009). The court is tasked with making specific findings on each of the Rule 801(d)(2)(E) elements with respect to the contested statements in determining the admissibility of alleged statements. United States v. Enright, 579 F.2d 980, 986-87 (6th Cir. 1978); see also, United States v. Vinson, 606 F.2d 149, 152 (6th Cir. 1979). The party offering the statements bears the burden of proving these three factors by a preponderance of the evidence. United States v. Wilson, 168 F.3d 916, 921 (6th Cir. 1999). Similarly, to bring an act within the ambit of a conspiracy, and thus beyond the reach of the notice and other requirements of Rule 404(b), the act in question

of specificity regarding the allegations, which form the basis for the charged offense, deprives Defendant of due process, jeopardizes Defendant's right to a fair trial, and creates a serious risk that a jury may be exposed to inadmissible evidence.

6. "The court may direct the government to file a bill of particulars." See Fed. R. Crim. P. 7(f). A defendant may move for a bill of particulars within 14 days after arraignment. Id.

7. Defendant requests that this Court enter an Order directing the Government to file a Bill of Particulars detailing, with specificity, the information set forth above in Paragraph Four (4).

8. Counsel contacted the Assistant United States Attorneys assigned to this matter by telephone, but was unable to conduct a conference regarding the relief sought herein prior to the filing of the instant motion.

WHEREFORE, Defendant requests that this Court enter an Order requiring the Government to provide a Bill of Particulars specifying, with particularity, the information described herein.

*/s/ Camilla Barkovic*
CAMILLA BARKOVIC (P-78254)
Attorney for Defendant
25805 Harper Avenue
St. Clair Shores, Michigan 48081
CamillaBarkovic@gmail.com
586/773-2120

Dated: May 7, 2021

---

must be "part of a continuing pattern of illegal activity," and cannot have occurred "at [a] different time and under different circumstances from the offense charged." United States v. Barnes, 49 F.3d 1144, 1149 (6th Cir. 1995).

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

Plaintiff,

vs.

Case No.: 2:21-cr-20264
Honorable Denise Page Hood

D-1 YLLI DIDANI,

Defendant.
_______________________________________/

MARK BILKOVIC (P-48855)
TIMOTHY MCDONALD (P-64562)
United States Attorney's Office
211 West Fort Street, Suite 2001
Detroit, Michigan 48226
Timothy.McDonald@usdoj.gov
Mark.Bilkovic@usdoj.gov
Tel: 313/226-9623

CAMILLA BARKOVIC (P-78254)
Attorney for Defendant
25805 Harper Avenue
St. Clair Shores, Michigan 48081
CamillaBarkovic@gmail.com
Tel: 586/773-2120
_______________________________________/

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR BILL OF PARTICULARS**

## SUMMARY OF ISSUE PRESENTED

*QUESTION PRESENTED*

Should the Government be required to file a Bill of Particulars specifying, with particularity, the facts of the alleged offense, where the Indictment fails to provide sufficient information to allow Defendant to effectively prepare a defense to the allegations pending against him and otherwise fails to adequately inform the Defendant of the specific nature and scope of the charge pending against him?

*SHORT ANSWER*

Defendant contends that the Government should be required to file a Bill of Particulars because the Indictment filed in connection herewith simply includes generalized (non-specific) allegations of criminal conduct and further information is necessary to the proper preparation of the defense, to address effectively evidentiary issues, to avoid prejudicial surprise at trial, and to prevent prosecution for the same alleged crime(s). See Federal Rule of Criminal Procedure 7(f); United States v. Salisbury, 983 F.2d 1369, 1375 (6th Cir. 1993); United States v. Haskins, 345 F.2d 111,114 (6th Cir. 1965); United States v. Musick, 291 Fed. Appx. 706, 724 (6th Cir. 2008) (The test for whether a bill of particulars should be furnished is "whether providing such details is necessary to the preparation of the defense and avoidance of prejudicial surprise.") A bill of particulars is necessary under the circumstances of the instant case. Accordingly, for the reasons set forth herein, Defendant requests that this Court grant his Motion for Bill of Particulars and enter an Order requiring the Government to file a Bill of Particulars.

## FACTUAL BACKGROUND

Defendant presently stands charged pursuant to Count One of the Indictment, dated April 21, 2021, with Conspiracy to Distribute Controlled Substances in violation of 21 U.S.C. § 841(a)(1), § 846. (Doc. No. 1.) Count One of the Indictment alleges that Defendant-1, Mr. Ylli Didani, conspired with "other individuals" to deliver controlled substances in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(ii) and 21 U.S.C. § 846. Specifically, Count One provides, in relevant part:

> From a date unknown to the Grand Jury, but no later than August 6, 2016, through the date of this Indictment, in the Eastern District of Michigan, and elsewhere, defendant, YLLI DIDANI, knowingly and intentionally conspired and agreed with other individuals, both known and unknown to the Grand Jury, to distribute controlled substances; namely, 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine - a Schedule II controlled substance; all in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A)(ii), and 846.

The Indictment simply contains generalized assertions and fails to include any specific or meaningful details as to the alleged conspiracy, including, but not limited to, the specific and exact nature of the alleged conspiracy, the exact date(s) on which the conspiracy was formed and terminated, the scope and specific nature of any alleged agreement, the exact number of co-conspirators, the identities of alleged co-conspirators, who conspired or agreed to do what particular acts, the location(s) at which each alleged act occurred, and meaningful information regarding any specific conduct or acts engaged in, and/or statements made by, any person(s) in furtherance of the particular objective(s) of the alleged conspiracy.

Without further specific information, Defendant cannot adequately or meaningfully

address significant evidentiary issues, including the admissibility of purported hearsay statements by co-conspirators under Federal Rule of Evidence 801(d)(2)(E) or other act evidence under Federal Rule of Evidence 404.[2] Further, with such vague and generalized allegations, Defendant cannot effectively prepare his defense(s) to this matter, cannot effectively defend against the charge(s), and cannot safely proceed to trial. A bill of particulars is necessary to provide Defendant with sufficient notice of the charge pending against him, to avoid unfair surprise, and to enable Defendant to effectively defend against the charge pending against him. Accordingly, Defendant files the annexed motion and requests that this Court order the Government to prepare and produce a Bill of Particulars specifying, with particularity, the information requested in Defendant's Motion for Bill of Particulars.

## APPLICABLE LAW

"A person's right to reasonable notice of a charge against him, and an opportunity to be heard in his defense—a right to his day in court—are basic in our system of jurisprudence." In re Oliver, 333 U.S. 257, 273; 68 S. Ct. 499; 92 L. Ed. 682 (1948); U.S. Const., Amends. V, VI, XIV. A defendant has a right to fair, advance, and specific notice of the charges and an opportunity to defend against them. U.S. Const., Amends. VI, XIV,

1. Defendant cannot meaningfully address evidentiary issues at the present time because the Government has not identified the nature and scope of the alleged conspiracy, the purpose or object of the alleged agreement, the alleged co-conspirators, and the actions and/or statements made by the alleged co-conspirators in furtherance of the alleged conspiracy. See United States v. Warman, 578 F.3d 320 (6th Cir. 2009) (Before a district court may admit the statements of a co-conspirator under Rule 801(d)(2)(E), a trial court must find that: (1) the conspiracy existed; (2) the defendant was a member of the conspiracy; and (3) the co-conspirator made the proffered statements in furtherance of the conspiracy.); United States v. Barnes, 49 F.3d 1144, 1149 (6th Cir. 1995) (To bring an act within the ambit of a conspiracy, and thus beyond the reach of the notice and other requirements of Rule 404(b), the act in question must be "part of a continuing pattern of illegal activity," and cannot have occurred "at [a] different time and under different circumstances from the offense charged.")

V; In re Gault, 387 U.S. 1, 31-34; 87 S. Ct. 1428; 18 L. Ed.2d 527 (1967); Olsen v. McFaul, 843 F.2d 918, 930-931 (6th Cir. 1988); Koontz v. Glossa, 731 F.2d 365, 369 (6th Cir. 1984). Fair notice is essential in criminal prosecutions:

> No principle of procedural due process is more clearly established than that notice of the specific charge, and a chance to be heard in a trial of the issues raised by the charge, if desired, are among the constitutional rights of every accused in a criminal proceeding in all courts, state or federal.

Cole v. Arkansas, 333 U.S. 196 (1948); see also, Jackson v. Virginia, 443 U.S. 307, 314 (1979) ("[A] conviction upon a charge not made ... constitutes a denial of due process.")

The Sixth Amendment to the United States Constitution requires that an indictment inform the defendant of "the nature and cause of the accusation." U.S. Const., Amend. VI; United States v. Piccolo, 723 F. 2d 1234, 1238 (6th Cir. 1983). This standard is expressed by Fed. R. Crim. P. 7(c)(1), which provides, in relevant part, that the indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" In Russell v. United States, 369 U.S. 749, 763-764 (1962), the Supreme Court set forth the criteria by which the sufficiency of an indictment is to be measured:

> These criteria are, first, whether the indictment "contains the elements of the offense intended to be charged, 'and sufficiently apprises the defendant of what he must be prepared to meet,'" and, secondly, "'in case any other proceedings are taken against him for a similar offense whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.'" Russell, 369 U.S. at 763–64.

Thus, an indictment is only sufficient if it (1) contains the elements of the charged offense, (2) gives the defendant adequate notice of the charges, and (3) protects the defendant

against double jeopardy. See Valentine v. Konteh, 395 F.3d 626, 631 (6th Cir. 2005); Hamling v. United States, 418 U.S. 87, 117 (1974); United States v. Landham, 251 F.3d 1072, 1079 (6th Cir. 2001).

The United States Supreme Court has held that "[w]here guilt depends so crucially upon such a specific identification of fact, our cases have uniformly held that an indictment must do more than simply repeat the language of the criminal statute." Russell v. U.S., 369 U.S. at 764. Stated differently, if an indictment merely parrots the statute and omits factual information, then it is insufficient if the factual information not alleged in the indictment "goes to the very core of criminality under the statute." Id.

Pursuant to Federal Rule of Criminal Procedure 7(f), "[t]he court may direct the government to file a bill of particulars" and "a defendant may move for a bill of particulars." The purpose of a bill of particulars is to prevent prejudicial surprise for the defendant, to provide information necessary to prepare a defense, to inform the defendant of the nature of the charge against him or her, and to preclude prosecution for the same crimes. See United States v. Salisbury, 983 F.2d 1369, 1375 (6th Cir. 1993); United States v. Haskins, 345 F.2d 111,114 (6th Cir. 1965). The test for whether a bill of particulars should be furnished is "whether providing such details is necessary to the preparation of the defense and avoidance of prejudicial surprise." United States v. Musick, 291 Fed. Appx. 706, 724 (6th Cir. 2008). The decision whether to grant a motion for a bill of particulars lies within the district court's discretion, and this decision will not be overturned absent an abuse of discretion. United States v. Rey, 923 F.2d 1217, 1222 (6th Cir. 1991).

## ARGUMENT

**THIS COURT SHOULD ORDER THE GOVERNMENT TO FILE A BILL OF PARTICULARS, AS FURTHER AND MORE SPECIFIC INFORMATION MUST BE PROVIDED TO ENABLE DEFENDANT TO EFFECTIVELY DEFEND AGAINST THE INSTANT MATTER, TO ENABLE DEFENDANT TO PREPARE AND PRESENT A DEFENSE TO THE SERIOUS CHARGE PENDING AGAINST HIM, TO ENABLE DEFENDANT TO MEANINGFULLY ADDRESS EVIDENTIARY ISSUES AND FILE APPROPRIATE PRE-TRIAL MOTIONS, AND TO AVOID PREJUDICIAL AND UNFAIR SURPRISE AT TRIAL.**

Federal Rule of Criminal Procedure 7(f) authorizes the court to direct the Government to file a bill of particulars. Defendant has timely filed the instant motion for a bill of particulars within fourteen (14) days of arraignment. See Fed. R. Crim. P. 7(F). In this case, Defendant has filed a motion for Defendant's request for a bill of particulars is valid, appropriate, and in the interests of justice. Accordingly, Defendant requests that this Court order the Government to file a bill of particulars under Federal Rule of Criminal Procedure 7(f).

Under the circumstances of this case, this Court should order the Government to provide Defendant with a Bill of Particulars because the Indictment: (1) does not inform Defendant of the nature of the charge pending against him with sufficient precision so as to enable him to adequately prepare for trial or contest said charge by way of pre-trial motion(s), (2) creates a legitimate and substantial risk of prejudicial surprise to Defendant at trial, and (3) and is too vague and indefinite to allow Defendant to plead his acquittal or conviction in bar of another prosecution for the same offense. See United States v. Birmley, 529 F.2d 103, 108 (6th Cir. 1976).

The Indictment fails to sufficiently inform Defendant of the nature and scope of the conspiracy charge pending against him and creates a legitimate and substantial risk of

prejudicial surprise to Defendant at a trial. The Indictment alleges, in generalized terms, that Defendant conspired with "other individuals" (unidentified) to distribute controlled substances over a period of approximately four and a half years in the Eastern District of Michigan and "elsewhere." (Doc. 1.) The Indictment does not identify, with particularity, the specific and exact nature of the alleged conspiracy, the specific scope and nature of any alleged agreement, the specific date(s) on which the alleged conspiracy was formed and terminated, the exact number of co-conspirators, the identities of alleged co-conspirators, who conspired or agreed to do what particular acts, the location(s) at which the conspiracy was formed and/or at which any and all actions relating to the conspiracy were performed, and any meaningful information regarding any specific conduct or acts engaged in, and/or statements made by, any person(s) in furtherance of the particular objective(s) of the alleged conspiracy.

The alleged existence of a conspiracy in this matter has significant evidentiary consequences. Defendant cannot effectively address, by way of pre-trial motion(s) or at trial, significant and important evidentiary issues without further specific information. For instance, without the provision of further specific information by the Government, Defendant cannot determine whose statements the Government may seek to admit under F.R.E. 801(d)(2)(E) (as statement(s) of co-conspirators) and whether such statements are even admissible under the Rules of Evidence, and further, whether evidence regarding alleged act(s) of Defendant or others are admissible or whether such evidence is subject to exclusion under F.R.E. 404(b).

The Indictment fails to sufficiently apprise Defendant as to what he is expected to defend against and the vague and generalized allegations fail to provide sufficient notice

of the basis for, and scope of, the alleged charge. The lack of any specification as it relates to the charged offense, including, but not limited to, the exact scope and nature of the alleged conspiracy, who was allegedly involved, who agreed to do what, who engaged in certain actions, and the date(s), time(s), and specific location(s) of all alleged acts performed in furtherance of the conspiracy, significantly prejudices Defendant's ability to defend against this matter. Defendant cannot identify potential witnesses to testify on his behalf and cannot otherwise meaningfully contest or defend against the generalized allegations pending against him. Defendant cannot formulate defense(s) to the instant allegations without further specific information and cannot safely proceed to trial based on the scarce information alleged. The lack of specificity in the Indictment also creates the risk that Defendant may be subject to future prosecution for the same conduct.

Accordingly, for the reasons set forth above and in Defendant's Motion for Bill of Particulars, Defendant requests, pursuant to Federal Rule of Criminal Procedure 7(f), that this Court enter an Order directing the government to file a Bill of Particulars as to the Indictment against Defendant, specifying, with particularity, the information identified in Defendant's motion.

## **CONCLUSION AND REQUESTED RELIEF**

In the instant case, the Government has filed an Indictment against Defendant alleging the existence of a conspiracy. The Indictment simply contains vague and general allegations and fails to provide Defendant with sufficient and fair notice of the charge pending against him. The provision of more specific information (as requested) is are essential to enable Defendant to be adequately apprised of the nature and scope of the accusations against him, to have an opportunity to adequately prepare his defense, to

enable Defendant to effectively address evidentiary issues, to avoid prejudicial surprise at trial, to clarify the issues herein and avoid any delay at trial, and to enable the Defendant to be protected against a second prosecution for the same offense as guaranteed by the Fifth Amendment of the Constitution.

Refusal to grant the requested relief would seriously impact Defendant's ability to defend himself against the serious charge pending against him and would amount to a violation of his right to a fair trial and his right to due process. Accordingly, Defendant requests that this Court enter an order directing the Government to file a Bill of Particulars specifying, with particularity, the information requested herein within such time as the Court deems just.

/s/ *Camilla Barkovic*
CAMILLA BARKOVIC (P-78254)
Attorney for Defendant
25805 Harper Avenue
St. Clair Shores, Michigan 48081
CamillaBarkovic@gmail.com
586/773-2120

Dated: May 7, 2021

**CERTIFICATE OF SERVICE**

I hereby certify that on May 7, 2021, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to the following individual(s): AUSA Timothy McDonald and AUSA Mark Bilkovic.

*/s/ Camilla Barkovic*

CAMILLA BARKOVIC (P-78254)
Attorney for Defendant
25805 Harper Avenue
St. Clair Shores, Michigan 48081
CamillaBarkovic@gmail.com
586/773-2120

Dated: May 7, 2021