UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

          Plaintiff,

v.

D-1 Ylli Didani,

          Defendant.
_____/

Case No. 2:21-cr-20264

Honorable Denise Page Hood

## GOVERNMENT'S BRIEF OPPOSING MOTION FOR BILL OF PARTICULARS

### Background

On April 21, 2021, a federal grand jury in Detroit, Michigan returned a one-count indictment charging the defendant, Ylli Didani, with conspiracy to distribute controlled substances - specifically five kilograms or more of cocaine in violation of Title 21, United States Code, Sections 841 and 846. (ECF No. 1, PgID.1). On April 28, 2021, Didani was arraigned and consented to detention. (ECF No. 13, PgID.24). On May 7, 2021, Didani filed a motion for a bill of particulars requesting that the Court direct the government to provide "specific information regarding the alleged conspiracy and who conspired to do what particular acts." (ECF 14, Def. Motion, PgID.26).

1

Since the return of the indictment, the government has provided defense counsel with initial discovery materials. The electronic discovery in this case is voluminous and exceeds one terabyte. Through telephone conversations and email correspondence, the government has made several requests of defense counsel to provide the government with an external hard drive so the government can provide the defendant with the electronic discovery. To date, these repeated requests have been ignored.

## **Law**

Federal Rule of Criminal Procedure 7(c), which describes the "Nature and Contents" of Indictments and Informations, provides, in relevant part:

> The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government. It need not contain a formal introduction or conclusion. . . . A count <u>may</u> allege that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified means. For each count, the indictment or information must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated.

Fed. R. Crim. P. 7(c) (emphasis added). The Supreme Court has explained that an indictment satisfies constitutional requirements, "if it, first, contains the element of the offense charged and fairly informs a defendant of the charge against which he

2

must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States,* 418 U.S. 87, 117 (1974).

Federal Rule of Criminal Procedure 7(f) provides, in relevant part, "[t]he Court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits." *See* Fed. R. Crim. P. 7(f). "A bill of particulars is meant to be used as a tool to minimize surprise and assist defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes." *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993). A bill of particulars "is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." *Id.*; *see also United States v. Crayton*, 357 F.3d 560, 568 (6th Cir. 2004). A request for a bill of particulars should not be used to circumvent the rules of discovery and is not an investigative vehicle for the defense. *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986).

In ruling upon a motion for a bill of particulars, the court should consider whether it is needed to: (1) to insure that a defendant understands the nature of the charges against him so that he can adequately prepare for trial; (2) to avoid or

3

minimize the danger of unfair surprise at trial; and (3) to enable the defendant to plead double jeopardy if he is later charged with the same crime "when the indictment itself is too vague and indefinite for such purposes." *Wong Tai v. United States*, 273 U.S. 77 (1929); *United States v. Haskins*, 345 F.2d 111, 114 (6th Cir. 1965). Because none of these concerns are properly presented here, the Court should deny Didani's motion. *Id*.

## Argument

In this case, there is no basis for a bill of particulars. First, a substantial amount of information that Didani seeks is available in the discovery already produced by the government and in the electronic discovery the government is ready to produce. It is undisputed that a defendant is not entitled to a bill of particulars with respect to information that is available through other sources, including discovery. *United States v. Paulino*, 935 F.2d 739, 750 (6th Cir. 1991), *superseded on other grounds by statute; United States v. Piccolo*, 723 F.2d 1234, 1240 (6th Cir. 1983) (bill of particulars denied because the defendant received all of the information in the possession of the government through discovery); *United States v. Cox*, 2012 WL 6568088, at *1 (E.D. Mich. Dec. 14, 2012). Since Didani was indicted, the government has provided over 200 pages of discovery and is prepared to provide Didani with well over 100,000 pages of electronic discovery.

4

Prior to the indictment, the government also filed a detailed criminal complaint against Didani. (*See* 2:21mj30148, ECF No. 1, PgID.2-28). The allegations in the complaint are 27 pages long and consist of 54 paragraphs. The complaint, the discovery already provided to Didani, and the additional discovery the government is ready to produce to Didani will provide Didani with even more information than what is required by Fed. R. Crim. P 16. The indictment and this material will also adequately assure that Didani understands the nature of the charge against him and will eliminate any risk of unfair surprise at trial. However, despite the government's repeated requests, Didani's counsel failed to make arrangements to receive or inspect the additional discovery. They should not be rewarded with a bill of particulars. In the end, Didani's motion is an attempt to obtain the government's evidence and trial theories under the guise of a bill of particulars all while refusing to accept the rest of the discovery.

Courts have consistently placed substantial limitations on a defendant's ability to obtain a bill of particulars. These limitations on the use of bills of particulars are "particularly true in a conspiracy case in which the government is not required to disclose all overt acts alleged to have occurred in furtherance of the conspiracy." *United States v. Hooks*, 2008 WL 907445 at *3 (W.D. Mich. Apr. 1, 2008) (citing *United States v. Hayes*, 1989 WL 105937 (6th Cir. 1989)). A bill of

particulars may also not be employed to compel the government to provide essential facts regarding the existence and formation of the conspiracy, including overt acts, or the precise roles the defendants and their co-conspirators played in forming and executing the conspiracy. *Salisbury*, 983 F.2d at 1375 ("a defendant is not entitled to discover all the overt acts that might be proven at trial").

Furthermore, the government is not required to furnish the names of all other co-conspirators in a bill of particulars. *United States v. Rey,* 923 F.2d 1217, 1222 (6th Cir. 1991); *United States v. Litman*, 547 F. Supp. 645, 654 (W.D. Pa 1982)("[i]t is not necessary for the Government to disclose in a bill of particulars the precise details of the roles the defendant and his co-conspirators allegedly played in forming and executing the conspiracy, or all the overt acts the Government will prove at trial in establishing the conspiracy."); *United States v. Rosenthal*, 793 F.2d 1214, 1227 (11th Cir. 1986)(bill of particulars cannot be used to compel facts regarding the existence and formation of the conspiracy).

Contrary to his request, Didani also cannot use a bill of particulars to require the government to disclose with whom he agreed and when. *United States v. Rey*, 923 F.2d 1217, at 1222 (6th Cir. 1991)(denying bill of particulars, stating that "it is the grand jury's statement of the 'existence of the conspiracy agreement rather than the identity of those who agree' which places the defendant on notice of the charge

6

he must be prepared to meet"); *Crayton*, 357 F.3d at 568; *United States v. Blaney*, 2012 WL 553558, at *2 (E.D. Mich. Feb. 21, 2012). In sum, Didani is not entitled to what he seeks.

Finally, even if the indictment does not detail all the information that Didani requests, it is not required to. The indictment clearly alleges the nature of the charge against Didani, and even though not required, also identifies several overt acts committed by Didani and his co-conspirators. The fact that Didani disputes this does not constitute sufficient grounds to grant his request for a bill of particulars. To hold otherwise would effectively, "severely narrow the government's latitude in presenting evidence." *Salisbury,* 983 F.2d at 1375. In fact, once a bill of particulars is filed, it confines the government's evidence to the particulars furnished, and therefore restricts the government's proof. *Haskins*, 345 F.2d at 114. The courts in ruling on a bill of particulars should accordingly balance the defendant's need for the information against the effect of narrowing the government's scope of proof.

The balance, in this case, should tip decidedly in favor of the government, where the government has specifically alleged the elements of the offense charged, thereby fairly "informing the defendant of the charge against which he must defend himself, and enabling the defendant to plead an acquittal or conviction in bar of

7

future prosecutions for the same offense as required by firmly established precedent." *United States v. Maney*, 226 F.2d 660, 663 (6th Cir. 2000); *Hamling,* 418 U.S. at 117. Didani will be hard-pressed to argue otherwise. Furthermore, Didani should not be uncertain of the allegations, especially where the government has already provided him with initial discovery and is ready, willing, and able to provide him with more.

## CONCLUSION

The government requests that the Court deny Ylli Didani's motion.

Respectfully submitted,

SAIMA S. MOHSIN
Acting United States Attorney

*s/Mark Bilkovic*
Mark Bilkovic
Timothy P. McDonald
Assistant United States Attorneys
211 W. Fort Street, Suite 2001
Detroit, MI 48226
Mark.bilkovic@usdoj.gov
(313) 226-9623

Dated: May 21, 2021

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 21, 2021, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to the registered participants as listed on the Court's Notice of Electronic Filing.

*s/Mark Bilkovic*
Mark Bilkovic
Timothy P. McDonald
Assistant United States Attorneys
211 W. Fort Street, Suite 2001
Detroit, MI  48226
Mark.bilkovic@usdoj.gov
(313) 226-9623
