UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

                Plaintiff,                CASE NO. 21-cr-20264

vs.                                  HON. DENISE PAGE HOOD

YLLI DIDANI,

                Defendant.

---

## MOTION TO SCHEDULE A TRIAL DATE AND TO EXCLUDE PERIODS OF DELAY IN DETERMINING SPEEDY TRIAL DEADLINE

---

The United States of America, by and through its undersigned attorneys, requests that the Court schedule a trial date and exclude periods of delay pursuant to 18 U.S.C. § 3161, and in support of its motion, states:

1.      The defendant, Ylli Didani, is charged in an indictment with one count of conspiracy to distribute controlled substances - specifically five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841 and 846. (ECF No. 1, PageID.1).

2.      On April 28, 2021, Didani was arraigned on the indictment and consented to detention. (ECF No. 11, PageID.21; ECF No. 13, PageID.24).

3.      Pursuant to the Speedy Trial Act, 18 U.S.C § 3161, the government

requests that the Court exclude periods of delay outlined below and in the accompanying brief in computing when trial must commence, including delays resulting from motions filed by Didani's counsel; delays resulting from the government obtaining evidence in a foreign country; and delays where the ends of justice outweigh the best interest of the public and Didani in a speedy trial.

4.      Pursuant to 18 U.S.C § 3161(h)(1)(D), a period of delay resulting from any pretrial motion, from the filing of the motion, through the prompt disposition of the motion shall be deemed excludable delay.

5.      On May 7, 2021, Didani's counsel filed a motion for a bill of particulars. (ECF No. 14, PageID.25). On May 21, 2021, the government filed a response to the motion. (ECF No. 16, PageID.43).

6.      On July 21, 2021, a hearing was held on the motion and following arguments by the parties, the Court took the motion under advisement. As of the filing of the instant motion, the Court has not ruled on the motion.

7.      Pursuant to 18 U.S.C § 3161(h)(1)(D), the government requests that the Court exclude the period from May 7, 2021 through August 20, 2021 in computing when trial must commence because this period of delay resulted from a motion filed by Didani's counsel.

8.       On November 10, 2021, one of Didani's two retained attorneys filed a motion to withdraw as counsel. (ECF No. 21, PageID.59). On November 22,

2021, the government filed a response to the motion. (ECF No.23, PageID.67). On December 14, 2021, the Court granted the parties' stipulation and order for withdrawal of counsel and permitted substitution by attorney Wade G. Fink. (ECF No. 25, PageID.72).

9.      Pursuant to 18 U.S.C § 3161(h)(1)(D), the government requests that the Court exclude the period from November 10, 2021, through December 14, 2021 in computing when trial must commence, because this period of delay resulted from one of Didani's attorneys filing a motion to withdraw as counsel.

10.     Section 3161(h)(8) of the Speedy trial Act also provides that a period of delay, not to exceed one year, shall be excluded in computing the time in which a trial must commence where the government applies for a period of excludable and the Court finds by a preponderance of the evidence that an official request under 18 U.S.C. § 3292(d) has been made for the evidence and it reasonably appears that the requested evidence is, or was, in a foreign country.

11.     The indictment alleges that Didani conspired with others to distribute at least five kilograms of cocaine and that Didani utilized telecommunication devices, including cellular telephones to facilitate the distribution of controlled substances. (ECF No. 1, PageID.1-2).

12.     The investigation of Didani has led to the discovery of substantial evidence that the drug trafficking conspiracy that began in the Eastern District of

Michigan, evolved to where Didani and others began acquiring and transporting multi-thousand-kilogram quantities of cocaine secreted aboard maritime vessels from various seaports in Central America, for importation into Europe.

13.     The investigation has revealed that Didani and co-conspirators regularly utilized cellular devices that were end-to-end encrypted with software provided by Sky Global. Sky Global was a communications network and service provider company based in Canada. Sky Global created a secure messaging application called "SkyECC." Didani and his co-conspirators used phones equipped with SkyECC to communicate with each other regarding the coordination of large cocaine shipments and the return of narcotics proceeds in exchange for the cocaine shipments.

14.     During the investigation, agents have obtained electronic communications between Didani and other co-conspirators that included photographs of SkyECC text messages, including messages discussing drug trafficking and money laundering.

15.     During the investigation, the agents investigating Didani learned that law enforcement authorities have obtained access to certain SkyECC content located in France including SkyECC communications involving Didani and other co-conspirators that are relevant to this pending indictment against Didani.

16.     On August 19, 2021, the Office of International Affairs of the United

States Department of Justice made an "official request" as defined under 18 U.S.C. § 3292(d) pursuant to the United States – France Mutual legal Assistance Treaty, as supplemented by the 2004 United States – France Mutual Legal Assistance Instrument for legal assistance in obtaining the SkyECC evidence that is located in France.

17.    Pursuant to 18 U.S.C § 3161(h)(8), the government requests that the Court exclude the period from August 19, 2021 through the trial date to be set by the Court in computing when trial must commence, because this period of delay resulted from the time the government needs to obtain evidence that is in France.

18.    Section 3161(h)(7) (A) of the Speedy Trial Act also provides that any period of delay resulting from a continuance granted by the Court shall be excluded in computing the time in which a trial must commence if the Court finds that the ends of justice served by granting the continuance outweigh the best interest of the public and the defendant in a speedy trial.

19.    Multiple reasons exist in this case for the Court to grant an "ends of justice" continuance.

20.    This case is a complex case within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii) due to the nature of the prosecution and the quantity of the evidence. It is therefore unreasonable to expect adequate preparation for

pretrial proceedings and trial within the time limits of the Speedy Trial Act.

21.     Even if the Court finds that the case is not so unusual or complex as to fall within 18 U.S.C. § 3161(h)(7)(B)(ii), given the Covid-19 pandemic and the extensive amount of discovery in this case, failure to grant a continuance would deny the government and Didani's counsel the reasonable time necessary to effectively prepare for trial, taking into account the exercise of due diligence. *See*, 18 U.S.C. § 3161(h)(7)(B)(iv).

22.     Furthermore, the government plans on obtaining a superseding indictment charging Didani with at least one additional offense – conspiracy to distribute controlled substances on board a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. § 70503.

23.     A vessel subject to the jurisdiction of the United States includes a "vessel registered in a foreign nation if that nation has consented or waived objection to the enforcement of United States Law by the United States." 46 U.S.C.§ 70502(c)(1)(C).

24.     On September 8, 2021, the United States government made an official request to the government of Portugal, the country where the containership "JENNY" was registered when 1100 kilograms of cocaine were seized in Bilbao, Spain on or about April 21, 2020. That request is pending, and the government anticipates it will obtain consent from Portugal

within the next 120 days.

25.     Failure to allow the government additional time to obtain

consent from Portugal would result in a miscarriage of justice.

26.     The United States has made similar requests to four other

countries, Germany, Liberia, Malta and Singapore.

27.     Pursuant to LR7.1(a)(2)(A), the government requested, but did

not obtain concurrence with the relief sought in this motion.

WHEREFORE, the government requests that a jury trial be scheduled

in August 2022, which would be within the one-year period of excludable

day authorized pursuant to 18 U.S.C § 3161(h)(8).

The government also requests that the Court enter an order excluding

periods of delay described in this motion and accompanying brief when

computing when trial must commence under the Speedy Trial Act.

Respectfully submitted,

SAIMA S. MOHSIN
Acting United States Attorney

*s/ Timothy P. McDonald*
TIMOTHY P. MCDONALD
Assistant United States Attorney
211 W. Fort St., Suite 2001
Detroit, MI 48226
Phone: (313) 226-0221
timothy.mcdonald@usdoj.gov

*s/ Mark Bilkovic*
MARK BILKOVIC
Assistant United States Attorney
211 W. Fort St., Suite 2001
Detroit, MI 48226
Phone: (313) 226-9623
mark.bilkovic@usdoj.gov

Dated: December 17, 2021

7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

                Plaintiff,                CASE NO. 21-cr-20264

vs.                                  HON. DENISE PAGE HOOD

YLLI DIDANI,

                Defendant.

---

**GOVERNMENT'S BRIEF IN SUPPORT OF MOTION TO SCHEDULE A
TRIAL DATE AND TO EXCLUDE PERIODS OF DELAY IN
DETERMINING SPEEDY TRIAL DEADLINE**

---

## I.   INTRODUCTION

The defendant, Ylli Didani, is charged in an indictment with one count of conspiracy to distribute controlled substances - specifically five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841 and 846. (ECF No. 1, PageID.1). Pursuant to the Speedy Trial Act, 18 U.S.C § 3161, the government requests that the Court exclude periods of delay outlined below and in the accompanying brief in computing when trial must commence, including delays resulting from motions filed by Didani, delay necessary for the government to obtain evidence that is in a foreign country, and delay resulting from the global COVID-19 pandemic.

1

## II.   BACKGROUND

On April 28, 2021, Didani was arraigned on the indictment and consented to

detention. (ECF No. 11, PageID.21; ECF No. 13, PageID.24). On May 7, 2021,

Didani's counsel filed a motion for a bill of particulars. (ECF No. 14, PageID.25).

On May 21, 2021, the government filed a response to the motion. (ECF No. 16,

PageID.43). On July 21, 2021, a hearing was held on the defense motion for a bill

of particulars and following arguments by the parties, the Court took the motion

under advisement and the Court's decision on the motion is pending.

On November 10, 2021, one of Didani's two retained attorneys, Camilla

Barkovic, filed a motion to withdraw as counsel. (ECF No. 21, PageID.59). On

November 22, 2021, the government filed a response to Ms. Barkovic's motion to

withdraw. (ECF No.23, PageID.67). On December 14, 2021, the Court granted the

parties' stipulation and order for withdrawal of counsel and permitted substitution

by attorney Wade G. Fink. (ECF No. 25, PageID.72).

## III.   ARGUMENT

### a.   Delay resulting from defense motions should be excluded under the Speedy Trial Act.

The periods of delay resulting from the two motions filed by Didani's

counsel should be excluded under the Speedy Trial Act. Pursuant to 18 U.S.C §

3161(h)(1)(D), "delay resulting from any pretrial motion, from the filing of the

motion, through the conclusion of the hearing on, or other prompt disposition of

such motion" "shall be excluded in computing the time within which" the defendant's trial must commence. Section (h)(1)(H) further provides excludes a period of delay "not to exceed 30 days, during which any proceeding concerning the defendant is actually under advisement by the court."

Here, the Court should exclude the period from May 7, 2021, which is the date defense counsel filed the motion for a bill of particulars, to July 22, 2021, which is the date the Court held a hearing on the motion for a bill of particulars. The Court did not decide the motion for a bill of particulars at the July 22, 2021 hearing; but instead took the matter under advisement. Therefore, pursuant to § 3161(h)(1)(D), the Court should also exclude the 30-day period from July 22, 2021 to August 20, 2021, when the motion for a bill of particulars was under advisement. In sum, because of the delay caused by Didani's counsel filing the motion for a bill of particulars, the Court should exclude the period from May 7, 2021 to August 20, 2021, in computing when Didani's trial must commence.

The Court should also exclude the period of delay resulting from Didani's counsel filing a motion to withdraw as counsel for Didani. Therefore, the period from November 10, 2021, the day the motion to withdraw was filed, through December 14, 2021, the day the Court granted defense counsel's motion to withdraw, should also be excluded in computing when Didani's trial must commence.

b.     **Delay resulting from evidence being in a foreign country should be excluded under the Speedy Trial Act.**

Section 3161(h)(8) of the Speedy Trial Act provides that a period of delay, not to exceed one year, shall be excluded in computing the time in which a trial must commence where the government applies for a period of excludable delay and the Court finds by a preponderance of the evidence that an official request under 18 U.S.C. § 3292 has been made for the evidence and it reasonably appears that the requested evidence is, or was, in a foreign country. As detailed below, there is substantial evidence in this case that is located in a foreign country – France – and the government has requested this evidence. Therefore, the time the government needs, up to one year, to obtain this evidence should also be excluded under the Speedy Trial Act.

The indictment alleges that Didani conspired with others to distribute at least five kilograms of cocaine and that Didani utilized telecommunication devices, including cellular telephones to facilitate the distribution of controlled substances. (ECF No. 1, PageID.1-2). The drug trafficking conspiracy that Didani is charged with began in the Eastern District of Michigan and evolved to where Didani and other co-conspirators began acquiring and transporting multiple large quantities of cocaine secreted aboard maritime vessels from various seaports in Central America, to Europe.

The investigation has revealed that Didani and co-conspirators regularly

utilized cellular devices that were end-to-end encrypted with software provided by Sky Global. Sky Global was a communications network and service provider company based in Canada. Sky Global created a secure messaging application called "SkyECC." Didani and his co-conspirators used phones equipped with SkyECC to communicate with each other regarding the coordination of large cocaine shipments and the return of narcotics proceeds in exchange for the cocaine shipments.

During the investigation, agents have obtained numerous electronic communications between Didani and other co-conspirators that included photographs of SkyECC text messages, including messages discussing drug trafficking and money laundering. Agents also learned that law enforcement authorities obtained access to certain SkyECC content located in France including thousands of SkyECC communications involving Didani and other co-conspirators that are relevant to this pending indictment against Didani.

On August 19, 2021, the Office of International Affairs of the United States Department of Justice made an "official request" as defined under 18 U.S.C. § 3292(d) pursuant to the United States – France Mutual legal Assistance Treaty, as supplemented by the 2004 United States – France Mutual Legal Assistance Instrument for legal assistance in obtaining the SkyECC evidence that is located in France. The government has not yet received that evidence.

Here, the government has complied with the requirements set forth in §
3161(h)(8). As a result, the Court should exclude up to one year, the period from
August 19, 2021, the date the official request was made, to the date the government
receives the requested evidence from France.

### c.      There exists several reasons for an ends of justice continuance.

Section 3161(h)(7)(A) of the Speedy Trial Act also provides that any period
of delay resulting from a continuance granted by the Court shall be excluded in
computing the time in which a trial must commence if the Court finds that the ends
of justice served by granting the continuance outweigh the best interest of the
public and the defendant in a speedy trial. Multiple reasons exist here, including
the complexity of the case and the Covid-19 pandemic, for the Court to grant an
"ends of justice" continuance.

### i.     Complex case

This case is a complex case within the meaning of 18 U.S.C. §
3161(h)(7)(B)(ii) due to the nature of the prosecution and the quantity of the
evidence. It is therefore unreasonable to expect adequate preparation for pretrial
proceedings and trial within the time limits of the Speedy Trial Act. The
investigation of Didani took several years. The discovery includes multiple cell
phone forensic extractions, over 10 iCloud extractions consisting of over 100,000
pages, thousands of pages of text messages, multiple recorded phone calls,

hundreds of pages of investigative reports and documentary evidence, hundreds of pages of search warrant affidavits, hundreds of photographs, multiple videos, and multiple laboratory reports. The government's anticipated trial witnesses are located not just within this district, but in several states, Europe, and South America.

The large volume of discovery materials, out-of-state witnesses, and the additional time needed to review evidence are appropriate reasons to order an ends of justice continuance. *United States v. Stone,* 461 Fed. Appx. 461, 464-466 (6th Cir. 2012).

### ii. Covid-19 pandemic

Even if the Court finds that the case is not so unusual or complex as to fall within 18 U.S.C. § 3161(h)(7)(B)(ii), given the Covid-19 pandemic, the failure to grant a continuance would deny the government and counsel for Didani the reasonable time necessary to effectively prepare for trial, taking into account the exercise of due diligence. *See*, 18 U.S.C. § 3161(h)(7)(B)(iv).

Beginning in March 2020, unprecedented and exigent circumstances created by COVID-19 and related coronavirus health conditions created a health emergency throughout the world, including the United States, that resulted in widespread societal disruption. On March 10, 2020, Governor Gretchen Whitmer

announced a state of emergency following two confirmed cases of COVID-19 in

Michigan. Subsequently, Governor Whitmer issued several executive orders

continuing the state of emergency. To slow the spread of the COVID-19 outbreak

and lessen the load placed on our healthcare systems, various restrictions were

imposed on travel, access to public facilities, and government functions throughout

the United States, including Michigan.

As part of these efforts, on March 13, 2020, most in-court proceedings were

postponed indefinitely before district judges and magistrate judges in the Eastern

District of Michigan in all criminal (and civil) cases and matters. See

Administrative Order 20-AO-021. This Order further reflected the reality that the

court staff, the Court Security Officers, and the Marshals Service could not operate

or provide access to in-court proceedings without jeopardizing their health and

safety. Since that Order, the Chief Judge issued several similar Orders, including

Administrative Order 20-AO-038, which was issued on July 2, 2020. This Order

noted that "[j]ury trials during the pandemic present unique challenges" and that

"[c]onventional courtroom layouts do not allow jury trial participants to adhere to

the necessary precautions to reduce the possibility of exposure to the disease." As a

result, Administrative Order 20-AO-038 stated that jury trials would not resume

until several conditions and safety requirements could be met.

On July 21, 2020, the Chief Judge issued Administrative Order 20-AO-39,

which explicitly found, after considering conditions in the state of Michigan, that

"proceeding with a jury trial at this time would be impossible, or result in a

miscarriage of justice." Having made further generally applicable findings relating

to the ability of counsel to prepare and the court's ability to safely convene juries

and bring counsel and court staff into courtrooms, the Chief Judge concluded this

AO by excluding delay under 18 U.S.C. § 3161(h)(7)(A) from July 2, 2020, until

further order of the court.

The worldwide pandemic caused the closure of the courthouse, thereby

preventing the case to proceed to trial, and also severely limited preparation for

trial. This reason for delay should not be attributable to the government. As one

court explained,

> [t]o the extent that the COVID-19 pandemic, and the court system's
> efforts to minimize the public health impacts of that pandemic, is to
> blame for the delay, that undercuts Campbell's speedy trial argument.
> The speedy trial right is principally designed to prevent *the government*
> from unduly hampering a defendant's liberty. But, when delay arises for
> some "valid" reason outside of the government's control, that
> necessarily means that it was *not* the government which denied the
> defendant a right to speedy trial. *United States v. Robinson*, 455 F.3d
> 602, 607 (6th Cir. 2006) ("[V]alid reasons for a delay weigh in favor of
> the government.") (citing *Barker*, 407 U.S. at 531). Here, the
> government was not stalling, nor was the Court simply ignoring the
> case. Rather, the Southern District of Ohio took the steps outlined above
> based on guidance received from public health authorities regarding
> how best to mitigate risks to public and employee health, while also
> trying to meet the needs of the judicial system. That strikes this Court
> as a "valid reason[ ] for a delay."

*United States v. Campbell*, No. 1:19-CR-25, 2021 WL 1546132, at *5 (S.D.

Ohio Apr. 20, 2021); *see also, United States v. Griffin*, No. 1:18-CR-190, 2020

WL 6321995, at *6 (E.D. Tenn. Oct. 28, 2020) ("Moreover, delay from April 2020

to present is the direct result of the global COVID-19 pandemic. Accordingly, this

factor militates against finding that there has been a Sixth Amendment violation.").

The conditions and safety requirements described in Administrative

Order 20-AO-038 were not met until the fall of 2021, when the Court

resumed jury trials on a limited basis. Even now, due to the pandemic, the

Court has not fully resumed jury trials. *United States v. Sharp*, 2021 WL

4310596, (N.D. Ohio 2021) ("The ongoing COVID-19 pandemic has

resulted in multiple federal district courts excluding time under the Speedy

Trial Act based on ends-of-justice findings. *See, e.g., United States v. Pond*,

No. 18-50106-JLV, 2020 WL 3446677, at *2 (D.S.D. June 24, 2020)

(concluding that trial continuances due to COVID-19 pandemic did not

violate Speedy Trial Act"); *United States v. Ramadan*, 2020 WL 7024920

(E.D. Mich. 2020) J. Roberts. ("Based on the ongoing nature of the COVID-

19 pandemic in the district, the effect of national and local health

recommendations, and the findings and conclusions in Chief Judge Hood's

Administrative Orders 20-AO-039 and 20-AO-038R, it is necessary and

appropriate to continue trial in this case and exclude time under the Speedy

Trial Act.").

As noted above, there are multiple trial witnesses in this case that will be required to travel to Michigan from other states and countries. The ongoing COVID-19 pandemic in this district, and the COVID-19 risks and ongoing uncertainty with respect to international travel severely impacts the government's ability to adequately prepare and proceed to trial. Trial in this case will take several weeks if not months. Based on the COVID-19 related factors and the anticipated length of trial, the Court's ability to safely convene a jury and bring counsel and court staff into courtroom will be severely diminished for the near future.

### iii.    Additional charges

The government plans on obtaining a superseding indictment charging Didani with at least one additional offense – conspiracy to distribute controlled substances on board a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. § 70503. The statute states that a vessel subject to the jurisdiction of the United States includes a "vessel registered in a foreign nation if that nation has consented or waived objection to the enforcement of United States Law by the United States." 46 U.S.C.§ 70502(c)(1)(C).

On September 8, 2021, the government made an official request to the government of Portugal, the country where the containership "JENNY" was

registered when 1100 kilograms of cocaine were seized in Bilbao, Spain on or about April 21, 2020. That request is pending. The United States has made similar requests to four other countries, Germany, Liberia, Malta, and Singapore. Those requests are also pending.

It would be a miscarriage of justice to deny the government the additional time needed to obtain consent from these countries, because the denial would result in Didani escaping prosecution for his role in a wide-ranging international cocaine distribution conspiracy, that distributed tens of thousands of kilograms of cocaine throughout the world. See *United States v. Sherer*, 770 F.3d 407, 411 (6th Cir. 2014) (district court did not abuse its discretion in granting government's request for a continuance to procure DNA evidence); *United States v. Schlei*, 122 F. 3d 944, 986 (11th Cir. 1997) (citing 18 U.S.C. § 3161(h)(9) (now § 3161(h)(8)) - "district court did not abuse its discretion when it granted the Government's unopposed motion for a continuance in order to obtain the deposition testimony in Japan.").

## IV.   CONCLUSION

The government requests that a jury trial be scheduled in August 2022 for the reasons outlined above, including allowing the government the time necessary to obtain the SkyECC evidence, provide the evidence to defense counsel, and to allow both parties the opportunity to meaningfully review

the evidence in preparation for trial, while also complying with the one-year

period of excludable day authorized pursuant to 18 U.S.C § 3161(h)(8). The

requested continuance would also adequately address the government's

concerns related to the COVID-19 pandemic, the complexity of the case, and

appropriately charging Didani.

The government also requests that the Court enter an order excluding

the periods of delay described in this motion and accompanying brief when

computing when trial must commence under the Speedy Trial Act.

Respectfully submitted,

SAIMA S. MOHSIN
Acting United States Attorney


*s/ Timothy P. McDonald*
TIMOTHY P. MCDONALD
Assistant United States Attorney
211 W. Fort St., Suite 2001
Detroit, MI 48226
Phone: (313) 226-0221
timothy.mcdonald@usdoj.gov

*s/ Mark Bilkovic*
MARK BILKOVIC
Assistant United States Attorney
211 W. Fort St., Suite 2001
Detroit, MI 48226
Phone: (313) 226-9623
mark.bilkovic@usdoj.gov


Dated: December 17, 2021

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on December 17, 2021, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF, for uploading and service by electronic notice to counsel and parties authorized to receive electronically Notices of Electronic Filing.

*s/ Mark Bilkovic*

MARK BILKOVIC
Assistant United States Attorney
211 W. Fort St., Suite 2001
Detroit, MI 48226
Phone: (313) 226-9623
mark.bilkovic@usdoj.gov
