UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

YLLI DIDANI,

    Defendant.

Case No. 21-20264

Hon. Denise Page Hood

| | |
|---|---|
| Mark Bilkovic | Wade G. Fink (P78751) |
| Assistant United States Attorney | WADE FINK LAW PC |
| 211 W. Fort Street, Suite 2001 | 500 W. Merrill St., Suite 100 |
| Detroit, Michigan 48226 | Birmingham, Michigan 48009 |
| (313) 226-9100 | (248) 712-1054 |
| Mark.bilkovic@usdoj.gov | wade@wadefinklaw.com |
| *Attorneys for the United States* | *Attorneys for Ylli Didani* |

### DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION TO SCHEDULE A TRIAL DATE AND EXCLUDE PERIOD OF DELAY

    Defendant Ylli Didani ("Didani"), by and through counsel, Wade Fink Law, P.C., and Brian Kaplan, P.C., submits the following in response to the Government's Motion to Schedule a Trial Date and Exclude Periods of Delay in Determining Speedy Trial Deadline ("Government's Motion"). ECF No. 26.[1]

---

[1] All named counsel had a productive telephone call regarding this and other issues on January 10, 2022. At the time of the filing of the Government's Motion,

1

## **SUMMARY OF RESPONSE**

To be clear, Didani unequivocally invokes his right to a speedy trial both under the Speedy Trial Act and the Sixth Amendment to the Constitution of the United States. *See* 18 U.S.C. § 3161 and U.S. Const. amend. VI. Nothing in this response should lead the Government or the Court to believe that Didani waives any of his rights under the Speedy Trial Act or Sixth Amendment. *Id.* Because the Government focuses solely on the Speedy Trial Act, this response, too, and any of its concessions or arguments, are related only to the Speedy Trial Act.

With that understanding, Didani wishes to be practical in narrowing the issues before this Court. The law regarding excludable delay requires some narrowing. The Government's requests for determinations on periods of excludable delay can be summarized this way: (1) 105 excludable days for the period between May 7, 2021 and August 20, 2021 because of the motion filed by Didani's previous attorney; (2) 34 excludable days for the period between November 10, 2021 and December 14, 2021 because of another motion filed by Didani's previous attorney; (3) 365 excludable days for the period between August 19, 2021 and August 19, 2022

---

defense counsel could not concur on the motion, or parts of it, until it had an opportunity to discuss with its client and amongst themselves.

because of the Government's request for evidence in a foreign country; and, (4) an indefinite "ends of justice" continuance because of the complexity of the case and the ongoing nature of the investigation. *See* Government's Motion at ECF No. 26, PageID.76-80.

Didani concedes that categories one (1) and two (2) above can be properly categorized as excludable delay pursuant to 18 U.S.C. § 3161(h)(1)(D). However, Didani objects to the requests in categories three (3) and four (4) above for the reasons discussed herein. These latter categories will be discussed in this response. Despite this objection, it is not lost on Didani, or his attorneys, that the case will benefit from the upcoming status conference scheduled for January 20, 2022, and Didani and his attorneys are willing to be reasonable with regard to scheduling.

## ARGUMENT

Didani does not contest the Government's first two requests for excludable delay described above.[2] However, Didani does object to the periods of delay requested by the Government as it relates the latter categories (three (3) and four (4) described above) because, among other things, the Government is not entitled to an

---

[2] "[D]elay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" is clearly excludable, 18 U.S.C. § 3161(h)(1)(D), as is any delay "during which any proceeding concerning the defendant is actually under advisement by the court." 18 U.S.C. § 3161(h)(1)(H). *See Montgomery, infra, citing, United States v. Savoca*, 739 F.2d 220, 223 (6th Cir. 1984).

indefinite delay under the law and the Government should not be given the benefit of a continuance merely because it needs more time to investigate, something that it could have done in lieu of arrest.

The Speedy Trial Act provides

> [i]n any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. §§ 3161-74. Section 3161(h) excludes certain pretrial delays from the seventy-day period. These exclusions have the effect of stopping or tolling the Speedy Trial clock. In short, though, if a "defendant is not brought to trial within seventy non-excludable days, the indictment on which he is charged "'shall be dismissed on motion of the defendant.'" 18 U.S.C. § 3162(a)(2); *United States v Montgomery,* 395 F App'x 177, 180 (6th Cir. 2010).

### A. EXCLUDABLE DELAY FOR COLLECTION OF FOREIGN EVIDENCE (Category Three (3) Described Above)

The Government argues that it is entitled to essentially a blanket 365-day delay period because it is in the process of collecting evidence from foreign governments. The Government does not attach any evidence of its efforts or to

4

support its factual allegations. Didani opposes a finding of excludable delay as it relates to this request because it is unjustified by the current record.

The government relies on 18 U.S.C. § 3161(h)(8) for this request. The statute provides that the following is excludable delay:

> Any period of delay, not to exceed one year, ordered by a district court upon an application of a party **and a finding by a preponderance of the evidence that an official request**, as defined in section 3292 of this title, has been made for evidence of any such offense and that it reasonably appears, or reasonably appeared at the time the request was made, that such evidence is, or was, in such foreign country.

As a threshold matter, the Government has failed to support a finding that an official request has been sent, other than its representation in writing. Of course, regardless of undersigned counsel's trust in the Government's attorney's word, the Government's statement in a brief is insufficient to support a finding, by a preponderance of the *evidence*, that such a request was made.[3] [4]

---

[3] It is also unclear why the Government waited to make its "official request" under the Act until August 21, 2021. This means the request was made four months *after* Didani's indictment in April of 2021. Indeed, the Government could have turned to 18 U.S.C. § 3292, which permits the same request for evidence in foreign countries *before* indictment and protects the Government from missing the statute of limitations. Without a hearing on this evidence and why the Government made the decisions it made, Didani is left to speculate.

[4] Didani has no objection to the Government producing such prior to resolution of this motion.

Nonetheless, Didani opposes a blanket 365-day delay. The Government has failed to demonstrate the delay period is necessary and, if so, how much delay is necessary. The plain language of the statute evinces discretion for this Court in determining how much time to afford ("not to exceed one year" suggests any amount of time") and it appears that other Courts have indeed awarded *less* time.[5] The Government should be required to make a more robust showing at a hearing that it not only complied with the statute, but why such a long period would be justified. It certainly is not justified by this record.

## B. ENDS OF JUSTICE CONTINUANCE

The Government also requests that this Court order, what appears to be, an indefinite continuance for the following reasons: the case is complex, the COVID-19 pandemic makes things difficult, and because there are forthcoming additional charges. As a general matter, Didani opposes this request, but does so with the reasonable understandings of the challenges presented by COVID-19.

The Government first asks for an indefinite period of excludable delay because of the complexity of the case. The Speedy Trial Act provides that this Court may find that a continuance is justified when the "ends of justice served by taking

---

[5] *See, e.g., United States v. Kramer,* 781 F.2d 1380 (9th Cir. 1986) (allowing fourth months excludable delay for evidence in foreign jurisdiction); *United States v Lewis,* 611 F.3d 1172 (9th Cir 2010) (allowing 90-day excludable delay based on, among other things, evidence in foreign jurisdiction).

6

such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h). One way in which the ends of justice may outweigh these other interests is when a "case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." 18 U.S.C. § 3161(h)(7)(B)(ii).

In this case, the Government states only that there is voluminous discovery. This appears to be quite true. And Didani and his counsel are likely going to need time for review and any potential motion work. At the upcoming status conference, this should be part of the Court's balance in fashioning a scheduling order. However, voluminous discovery, in itself, does not justify an indefinite ends of justice continuance. In fact, the statute itself does not even mention the amount of discovery as a determining factor in designating a case "complex." The Government has not made a showing that this should be deemed a complex case. That is not to say that Didani or his counsel will be unreasonable, or that there are other facts not fully appreciated yet about the case, but on this record, the Government's proffered reasons do not justify operation of this portion of the Speedy Trial Act.

Next, the Government cites the ongoing COVID-19 pandemic as justification for and ends of justice continuance.[6] This Court, especially in sitting as Chief of the District, has the confidence of defense counsel in making decisions on the safety of litigants inside the courthouse. The Government should tailor its request to something reasonable, rather than asking for indefinite time. Of course, Didani and his counsel are conscious of the dangers of COVID-19, have their own families to protect, and will act reasonably in working with the Government on scheduling. The upcoming hearing should be helpful.

Finally, the Government seeks an indefinite continuance because it plans to charge Didani in a Superseding Indictment. The Government cites no authority for a finding that a continuance may be justified because it desires additional investigation time. This would be an end-run around many other rights, including the statutes of limitations. Indeed, if the Government needed more time to investigate additional charges, it did not have to arrest Didani when it did. But the arrest was a choice the Government made. Nothing in the Speedy Trial Act or case law cited by the Government supports a continuance for this purpose. And we are into a new calendar year of waiting for the new indictment.

---

[6] The Government's (as a policy-making institution, *not* the individual lawyers in this case) concern about the pandemic's dangers would be more sympathetic if not for its continuing to seek long-term pre-trial detention, and long-term post-conviction sentences, for criminal defendants while at the same time resisting sentence reductions in almost all cases.

## CONCLUSION

In short, the Government lawyers and defense counsel have had productive conversations regarding scheduling, and we are hopeful for a reasonable resolution of this motion at the upcoming status conference. That said, Didani unequivocally invokes his Speedy Trial rights under the statute and under the Constitution.

Date: January 10, 2022

                                         Respectfully submitted,

                                         WADE FINK LAW, P.C.

                                         /s/ Wade G. Fink (P78751)
                                         *Attorney for Didani*
                                         550 W. Merrill St., Suite 100
                                         Birmingham, MI 48009
                                         248-712-1054
                                         Wade@wadefinklaw.com

## PROOF OF SERVICE

On January 10, 2022, the foregoing was filed using the Court's e-filing system, which will send notice of such file and a copy of same to all counsel of record.

                             /s/ Wade G. Fink