```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MICHIGAN
                         SOUTHERN DIVISION
```

**UNITED STATES OF AMERICA,**

                    Plaintiff,

                                        **HONORABLE DENISE PAGE HOOD**

     v.
                                        **No. 21-20264**
**YLLI DIDANI,**

                    Defendant.
_____/


          **HEARING ON MOTION FOR A BILL OF PARTICULARS**
          (Conducted via Zoom Videoconferencing Software)
                    **Wednesday, July 21, 2021**


Appearances:

```
Mark Bilkovic                  Camilla Barkovic
U.S. Attorney's Office         Camilla Barkovic, Attrny at Law
211 W. Fort Street, #2300      25805 Harper Avenue
Detroit, Michigan  48226       St. Clair Shores, MI  48081
(313) 226-9100                 (248) 712-1054
  On behalf of Plaintiff         On behalf of Defendant
```

                         -   -   -

                *To obtain a certified transcript, contact:*
                *Sheri K. Ward, Official Court Reporter*
              *Theodore Levin United States Courthouse*
                    *231 West Lafayette Boulevard*
                       *Detroit, Michigan  48226*
                *(313)234-2604 · ward@transcriptorders.com*

      *Transcript produced using machine shorthand and CAT software.*

*Hearing on Motion for a Bill of Particulars*
*Wednesday, July 21, 2021*

**I N D E X**

<u>Motion Hearing</u>                                              <u>Page</u>

Hearing on Motion for Bill of Particulars ........6

Argument by Ms. Barkovic  ........................7

Argument by Mr. Bilkovic  .......................11

Certification of Reporter .......................24

-   -   -

**E X H I B I T S**

<u>Number</u>     <u>Description</u>                  <u>Id'd</u> <u>Rcvd</u> <u>Vol</u>.

***None Marked, Offered or Received***

-   -   -

*21-20264; U.S.A. v. Ylli Didani*

*Hearing on Motion for a Bill of Particulars*
*Wednesday, July 21, 2021*

*Page 3*

1          Detroit, Michigan

2          Wednesday, July 21, 2021

3          9 a.m.

4          -   -   -

5          **THE CLERK:**  Calling Case Number 21-20264,

6  *United States of America v. Ylli Didani.*

7      Counsel, please place your appearances on the record.

8          **MR. BILKOVIC:**  Good morning, Your Honor.

9  Mark Bilkovic on behalf of the United States.

10          **THE COURT:**  Good morning.

11          **MS. BARKOVIC:**  And good morning, Your Honor.  May it

12  please the Court, Camilla Barkovic appearing on behalf of the

13  defendant.

14          **THE COURT:**  Okay.  Good morning, Miss Ward.  Good

15  morning, Ms. Barkovic.  Tell me this.  I couldn't help but

16  hear, but, Ms. Barkovic, your client isn't present and you say

17  he's in custody?

18          **MS. BARKOVIC:**  Yes, Your Honor.  That is accurate.

19          **THE COURT:**  Okay.  Well, let's see if we can find out

20  whether or not he's going to be appearing or not, and if he's

21  not, then we'll make arrangements for him to appear at another

22  time.

23      Mr. Brown, I suggest that you call Ms. Saulsberry, and if

24  she's not available Ms. Daly, and ask them if any arrangements

25  were made for her client to be present today from the Monroe

*21-20264; U.S.A. v. Ylli Didani*

*Hearing on Motion for a Bill of Particulars*
*Wednesday, July 21, 2021*

*Page 4*

1    County Jail.  They, Ms. Barkovic, can't do it without notice.

2    So if we're able to find out if he's already been set in the

3    queue to appear, we'll proceed, and we'll find out where he is.

4    If he's not, we'll take that up when we come back.  Okay?

5            **THE CLERK:**  Okay.  I'm going to mute myself.

6            **THE COURT:**  Okay.  So let's take a five-minute break,

7    and we'll try to find out where he is.  Okay?  And, Mr. Brown,

8    give me a call, please.

9            **THE CLERK:**  Okay.  Will do.

10       (Recess from 9:02 a.m. to 9:11 a.m.)

11           **THE COURT:**  Did you have a chance to talk to your

12   client?

13           **MS. BARKOVIC:**  Yes, Your Honor.  Thank you.

14           **THE COURT:**  Okay.  Your client is in the video, and

15   has he signed a waiver to proceed by video conferencing?

16           **MS. BARKOVIC:**  Your Honor, we previously consented to

17   video conferencing in all prior proceedings.  I have discussed

18   his right to be physically present with him, and he consents to

19   proceed by way of Zoom today.  Is that accurate, Mr. Didani?

20           **THE DEFENDANT:**  Yes.  Yes, Your Honor, it's accurate.

21           **THE COURT:**  Counsel, has he signed a written waiver?

22           **MS. BARKOVIC:**  Your Honor, I haven't had him sign a

23   written waiver.

24           **THE COURT:**  Okay.  All right.  Great.

25       Okay.  Mr. Didani, tell me, you understand that we are

*Hearing on Motion for a Bill of Particulars*
*Wednesday, July 21, 2021*

*Page 5*

1    proceeding by video conferencing; is that correct?

2                **THE DEFENDANT:**  Yes, correct, Your Honor.  Yes.

3                **THE COURT:**  Okay.  Under the Cares Act, which allows

4    us to do that, the Chief Judge of the Court has to make a

5    determination that it's not safe for staff and the public to

6    have in-person proceedings in the courthouse.  I have made such

7    a finding a few weeks ago that extends for 90 days from that

8    date, which covers today.

9         We are having some in-person proceedings in our

10   courthouse, but they are prioritized by a special committee,

11   and only a few of those proceedings happen.  We're at about

12   50 percent work capacity of our staff, and so we are continuing

13   with these video conferences because I think it is still not

14   safe for the Court to have its full load of people on a

15   day-to-day basis because of the COVID-19 virus.

16        As an individual judge of each case, the judge has to make

17   a determination that it's in the best interests of justice and

18   it protects the right -- the constitutional rights of the

19   defendant to proceed with a video conference, and I make those

20   findings in this particular case.

21        Mr. Bilkovic, does your office want me to make any further

22   finding than that?

23                **MR. BILKOVIC:**  No, Your Honor.  Thank you.

24                **THE COURT:**  I know I butchered your name, didn't I?

25                **MR. BILKOVIC:**  No, that was pretty good.

*21-20264; U.S.A. v. Ylli Didani*

1          **THE COURT:**  Repeat it for me though.

2          **MR. BILKOVIC:**  Bilkovic.

3          **THE COURT:**  Bilkovic, okay.  Thank you.

4      Ms. Barkovic, do you want me to make any other findings?

5          **MS. BARKOVIC:**  No, Your Honor.  I'm satisfied.

6  Thank you.

7          **THE COURT:**  Okay.  And, Mr. Didani, your counsel

8  tells me you are ready to give up your right to have an

9  in-person hearing and proceed by video conference; is that

10 correct?

11         **THE DEFENDANT:**  That's correct, Your Honor.  That's

12 correct, yes.

13         **THE COURT:**  Has anyone forced or threatened you to

14 get you to do that?

15         **THE DEFENDANT:**  No, Your Honor.  No.

16         **THE COURT:**  Has anyone forced or threatened anyone

17 close to you to get you to do that?

18         **THE DEFENDANT:**  No, Your Honor.  No.

19         **THE COURT:**  Okay.  Very well then.  Let's proceed.

20         **THE DEFENDANT:**  Thank you, Your Honor.

21         **THE COURT:**  Okay.  Thank you, sir.

22     This is a motion for a bill of particulars; is that

23 correct?

24         **MS. BARKOVIC:**  Correct.

25         **THE COURT:**  Okay.  You may proceed.

*Hearing on Motion for Bill of Particulars*
*Wednesday/July 21, 2021*

*Page 7*

1      **MS. BARKOVIC:**  Thank you.  Your Honor, I filed a

2  motion for a bill of particulars on behalf of the defendant.

3  My position is simple.  The indictment filed in connection with

4  this case --

5         (Zoom transmission error.)

6      **MS. BARKOVIC:**  So, Your Honor, to reiterate, I filed

7  a motion for a bill of particulars on behalf of the defendant

8  in this matter.  It's my position that the indictment simply

9  alleges a conspiracy to distribute controlled substances.

10        (Zoom transmission error.)

11        **THE COURT:**  Okay.  Let's call IT and tell them what's

12  happening.

13        (Recess from 9:20 a.m. to 9:22 a.m.)

14        **THE COURT:**  All right.  We're back on the record.

15  Let's proceed.  Let's try it again.  Okay?

16      Ms. Barkovic, you may proceed from the beginning, please.

17        **MS. BARKOVIC:**  Thank you, Judge, happy to do it.

18  Your Honor, I filed a motion for a bill of particulars on

19  behalf of the defendant in this matter.  The defendant

20  presently stands charged pursuant to the indictment with one

21  count of conspiracy to distribute controlled substances, and

22  that is all the indictment alleges.

23      Now, it's my position that the allegations set forth in

24  the indictment are vague, generalized and fail to provide the

25  defendant with adequate and appropriate notice of what he must

*21-20264; U.S.A. v. Ylli Didani*

1    defend against in this case.  It's my position that the lack of

2    specific and/or meaningful information in the indictment

3    deprives this defendant of any meaningful or fair opportunity

4    or the ability to defend against this case, prepare a defense,

5    and the ability to file pretrial motions.  In addition, it

6    precludes the defendant from identifying necessary witnesses to

7    assist in his defense.

8        This is especially true in light of the voluminous nature

9    of the discovery materials in this case.  I want to emphasize

10   the fact that the Government has provided defense counsel with

11   thousands, if not hundreds of thousands, of documents and items

12   in connection with this matter.  A bill of particulars in this

13   case is absolutely necessary to adequately apprise the

14   defendant of what he must defend against, to prevent

15   prejudicial surprise, to provide information necessary to

16   formulate and present a defense to this case, and, further, to

17   prevent a second prosecution of the defendant for the exact

18   same conduct.

19       Now, I set forth specific items that I'm looking for the

20   prosecution to provide additional information on in my motion.

21   There are no coconspirators identified.  There are no specific

22   exact dates on which any coconspirator allegedly involved

23   himself or herself with the conspiracy, no specific locations

24   at which the conspiracy is alleged to have occurred.

25       Now, the Government has objected to providing a bill of

*Hearing on Motion for Bill of Particulars*
*Wednesday/July 21, 2021*

*Page 9*

1   particulars.  My position on that is simple, and that is the

2   Government charged the defendant in this case with the offense

3   in question.  The Government should easily know the basis for

4   the charge and should have no issue providing the defendant

5   with further specific information underlying the specific basis

6   for their contention that he was in fact involved in a

7   conspiracy to distribute controlled substances.

8        Your Honor, I'm asking for very specific information which

9   is essential to the defense of this case, and I'm asking that

10  the Court order the Government to provide the information I am

11  seeking because it is essential to the defendant's right to a

12  fair trial and his right to prepare and present a defense, and

13  the Government should want the defendant to have a fair trial

14  and should want the defendant's due process rights to be

15  respected.

16       So, Your Honor, I'll leave it at I'm simply asking the

17  Court to order the Government to provide the information I am

18  seeking.

19            **THE COURT:**  Okay.  The Government may respond.

20       Your specific requests begin on Page 2 -- is that

21  correct? -- of your brief starting with the identity, address

22  and date of birth of each coconspirator?

23            **MS. BARKOVIC:**  Yes, that's accurate.

24            **THE COURT:**  And they are A through M -- I'm sorry,

25  P -- no, Q, right before Paragraph 5; is that correct?

*21-20264; U.S.A. v. Ylli Didani*

*Hearing on Motion for Bill of Particulars*
*Wednesday/July 21, 2021*

*Page 10*

1    **MS. BARKOVIC:**  That's accurate, Judge.

2    **THE COURT:**  Okay.  And how much discovery did you say

3    you have already?

4    **MS. BARKOVIC:**  A ton.

5    **THE COURT:**  A ton doesn't tell me anything, counsel.

6    How many documents do you think you have?

7    **MS. BARKOVIC:**  Probably like close to maybe 90,000.

8    It's hard for me to quantify offhand exactly.  There have been

9    phone dumps in this matter.  It's my understanding that the

10   phone dumps consist of maybe 60 to 70,000 pages.

11        In addition, there are numerous reports alleging actions

12   that occurred in various countries, not the

13   United States of America.  Plus, there are a ton of

14   communications allegedly engaged in by and between this

15   defendant and a number of people, and, without knowing the

16   identities of the alleged coconspirators, it's impossible to

17   narrow the issues.

18   **THE COURT:**  Are any of the documents categorized or

19   tabbed in any way?

20   **MS. BARKOVIC:**  Your Honor, the reports, in my

21   opinion, are entirely disorganized in the sense that we have

22   received a number of reports --

23   **THE COURT:**  Well, they might be disorganized, but

24   what I'm trying to find out, are they identified by subject, is

25   there a table of contents or anything like that?  You just have

*21-20264; U.S.A. v. Ylli Didani*

*Hearing on Motion for Bill of Particulars*
*Wednesday/July 21, 2021*

*Page 11*

1    some reports, and that's it?

2         **MS. BARKOVIC:**  Yes, Your Honor.  They are not

3    organized by subject.  We do not have tabs indicating events

4    occurring in 2016, 2017, 2018 or 2019, and the telephone

5    records which were contained on a thumb drive, yes, they are

6    organized in the sense that the document or a file folder

7    specifically identifies them as having come from a cellular

8    device.  However, there are thousands of communications

9    contained within those records.

10        **THE COURT:**  Okay.  Thank you.  Do you wish to

11   respond?

12        **MR. BILKOVIC:**  Yes, Your Honor.

13        **THE COURT:**  Tell me this.  Begin by responding, tell

14   me, is Mr. Didani, is he the -- is he conspirator 1?

15        **MR. BILKOVIC:**  He is not conspirator 1.

16        **THE COURT:**  Okay.  He is defendant 1 though, right?

17        **MR. BILKOVIC:**  He is defendant 1.

18        **THE COURT:**  Okay.  All right.  Go ahead, please.

19        **MR. BILKOVIC:**  Your Honor, I want to start with the

20   discovery issue, first of all.  There have been

21   five productions that have been downloaded and sent to counsel

22   via USAFX.  With each one of those discovery productions, there

23   is also a document that has been included with those that is an

24   index that describes by Bates number what each one of those

25   reports is.  For example, in one of the discovery productions

*21-20264; U.S.A. v. Ylli Didani*

1   it's titled DEA-6, arrest of Ylli Didani at Charlotte-Douglas

2   International Airport in acquisition of Exhibits 67, 68 and 69

3   on March 31st, 2021.

4       Every document, there is an index that describes what it

5   is, and counsel has that.  Part of the problem is -- we have

6   provided five productions, and I have the dates of those

7   productions.  The productions consist of 1,669 pages of

8   discovery via USAFX, which includes reports, lab results and

9   search warrants.  We have also provided via hard drive several

10   iCloud productions as well as a phone extraction.

11       As of yesterday, one of the productions, which was

12   provided on June 8th, 2021, that consisted of 353 pages of

13   discovery, was not opened by one of the attorneys of record,

14   Mr. Kaplan, and was not opened and downloaded by Ms. Barkovic

15   until yesterday.  So I think that's part of the problem is I

16   don't believe that they have reviewed all of the discovery.

17       I have also had extensive conversations with them.  They

18   are aware of who coconspirator 1 is.  They are aware of who

19   coconspirator 2 is.

20           **THE COURT:**  What does that mean, they are aware?

21   Meaning --

22           **MR. BILKOVIC:**  They are aware from the discovery and

23   from conversations that I have had with them.  Because contrary

24   to what --

25           **THE COURT:**  Aware of what relative to that person?

1   Their name?

2          **MR. BILKOVIC:**  They are aware of their name.  They

3   have the reports with respect to the activity that they are

4   alleged to have engaged in.  They are aware and they have the

5   conversations that those individuals had with Mr. Didani.

6          **THE COURT:**  Okay.

7          **MR. BILKOVIC:**  When you're talking about a bill of

8   particulars, basically the Constitution requires that it has to

9   allege the elements of the charged offense and fairly inform

10  the defendant of a charge in which he must defend.  In this

11  case he's charged with a conspiracy to distribute controlled

12  substances.  The elements of that offense are an agreement to

13  knowingly violate the drug laws; number two, knowingly and

14  intentionally joining the conspiracy; and number three,

15  participating in the conspiracy.

16      The indictment alleges that Mr. Didani knowingly and

17  intentionally agreed with other individuals to distribute

18  controlled substances.  It alleges that Mr. Didani conspired --

19  or the conspiracy involves five kilograms or more of cocaine.

20  That takes care of element 1 and 2.

21      Contrary to what counsel indicated, that that's all the

22  indictment alleges, that's not true.  The indictment also has a

23  manner and means section, and it has an overt acts section.

24      The indictment alleges that Didani and others would plan

25  and finance the conspiracy.  The indictment alleges that Didani

*Hearing on Motion for Bill of Particulars*
*Wednesday/July 21, 2021*

*Page 14*

1   and others would and did use United States Currency to finance

2   their accumulation and distribution of controlled substances.

3   The indictment alleges that Didani and others would use

4   telecommunication devices, including cell phones, to facilitate

5   the distribution of controlled substances.

6       The indictment alleges specific acts:  That on June 16th,

7   2016, Didani received $100,000 from a coconspirator for the

8   purchase of bulk cocaine.

9       The indictment alleges that on December 21st Didani

10  received $450,000 from a coconspirator for the purchase of

11  cocaine.  The discovery that it has provided to them details

12  the reports of that transaction, details basically how that

13  money was provided to the coconspirator, details who provided

14  it to the coconspirator, details how the conspirator got it to

15  Mr. Didani, and it identifies the coconspirator by name.

16      There is also a 27-page complaint that was filed in this

17  case that lays out additional details, and, based on all of

18  that information, including the discovery that has been

19  provided, Mr. Didani should be on notice of what it is that

20  he's charged with.

21      There are very -- I mean the request is very, very broad,

22  and the case law is very clear that a bill of particulars

23  should not be used as a discovery tool.  It should not be

24  utilized to obtain the name of all other coconspirators, the

25  specific dates of the conspiracy, the precise role of the

*21-20264; U.S.A. v. Ylli Didani*

*Hearing on Motion for Bill of Particulars*
*Wednesday/July 21, 2021*

Page 15

1  defendant and coconspirators that they played in forming a

2  conspiracy, the facts regarding the formation of the

3  conspiracy, and all overt acts in furtherance of the

4  conspiracy.

5      The case law also -- and I have cited the cases in my

6  brief, that it is not available -- a bill of particulars is not

7  available and should not substitute information that is also

8  available through other sources, including discovery.

9      And here, as I have indicated to the Court, we have

10  provided 1,669 pages of discovery, we have also provided phone

11  downloads, and in that discovery the defense is on notice of

12  the names of other coconspirators, the dates and descriptions

13  of overt acts in furtherance of the conspiracy.  It contains

14  the location where these overt acts occurred.  It contains

15  names of the coconspirators who engaged in those overt acts,

16  and it contains conversations between the defendants and other

17  coconspirators relating to the conspiracy.

18      As I have indicated, I have had several lengthy

19  conversations with counsel.  I had one with Ms. Barkovic and

20  Mr. Kaplin yesterday, and I had one with Mr. Kaplan for

21  approximately two and-a-half hours a couple of weeks ago where

22  I went through a time line and identified the pertinent, key

23  areas that he should focus on in the discovery.

24      I also offered that if he wanted I would identify by phone

25  number in the dumps the specific areas where he should look and

*21-20264; U.S.A. v. Ylli Didani*

*Hearing on Motion for Bill of Particulars*
*Wednesday/July 21, 2021*

Page 16

1  pull and read the entire transcripts of messages between

2  Mr. Didani and other coconspirators.  As of today, he has not

3  taken me up on that offer.

4      So at the very least I think that this is premature.

5  Until the defense has a full opportunity to review the

6  discovery and see what is in there, I think it's premature for

7  this Court to order things that are clearly prohibited by case

8  law and other things that are contained in the discovery that

9  are easily identifiable.

10      The reason that the coconspirators are not identified in

11  the indictment is it's improper basically to identify by name

12  coconspirators that are uncharged so that's why that was not

13  done, but there is no doubt that counsel is aware, at the very

14  least, who coconspirator one is, who coconspirator two is, and

15  what their roles in the conspiracy were, and, as a result, I

16  believe that it is improper at this point for the Court to

17  order the Government to provide a bill of particulars.

18          **THE COURT:**  Okay.  Counsel, do you have the discovery

19  that he indicated?

20          **MS. BARKOVIC:**  Yes, Judge, I do have the discovery he

21  indicated.

22          **THE COURT:**  Have you reviewed the indexes?

23          **MS. BARKOVIC:**  Yes, Judge.  They are basic indexes,

24  but what the Court had asked me earlier --

25          **THE COURT:**  I'm not sure I know what a "basic index"

*21-20264; U.S.A. v. Ylli Didani*

*Hearing on Motion for Bill of Particulars*
*Wednesday/July 21, 2021*

*Page 17*

1    is.  How is it basic as compared to something that's not basic?

2              **MS. BARKOVIC:**  So, generally speaking, they will just

3    say, and I don't have it up right now, but DEA report.

4    Sometimes there's additional information, like DEA report dated

5    January 1st, 2016.

6              That's all good and well, and the Government is contending

7    that we have had discussions, and we have, but in our

8    discussions most recently yesterday I asked him for further

9    information and to identify all potential coconspirators

10   because the indictment doesn't just allege coconspirator one,

11   coconspirator two.  It specifically indicates that Mr. Didani

12   conspired with known or unknown individuals, and I was looking

13   to obtain clarification on that to hopefully eliminate some

14   issues, but there may be other coconspirators based on my

15   discussions with the Government in this case.

16             And the indictment is what controls the instant

17   prosecution, and if we're going into this blind, I mean the

18   government could simply proceed at trial and claim that other

19   individuals were involved, then I would not have had

20   essentially notice of that in advance and I could not have

21   attacked the admissibility of, let's say, statements of these

22   individuals by way of a pretrial motion to exclude their

23   statements.  If they are not coconspirators, then a hearsay

24   exception doesn't apply.

25             Plus, it's essential that the Government confine exactly

*21-20264; U.S.A. v. Ylli Didani*

*Hearing on Motion for Bill of Particulars*
*Wednesday/July 21, 2021*

Page 18

1   what we're looking at.  There are allegations in the discovery

2   relating to other alleged criminal offenses, including money

3   laundering, and, if the prosecution is not guided or limited in

4   this case, this will turn into a free-for-all, and that is my

5   concern.  That is the basis for me filing the instant motion,

6   and if the government is able, like it has indicated to this

7   Court, to specifically provide information underlying the basis

8   for the charge, then I don't know why they have an objection to

9   filing a bill of particulars.

10           **THE COURT:**  Okay.  How do you respond to his argument

11  that the bill of particulars is not to be used as a discovery

12  device?

13           **MS. BARKOVIC:**  Your Honor, I'm not looking to utilize

14  it as a discovery device.  I'm looking to utilize it to confine

15  the prosecution of this case to specific acts and one specific

16  conspiracy.

17      I'm asking for a bill of particulars to serve alternate

18  purposes, meaning to prevent the possibility of double

19  jeopardy, to put the defendant on notice as to what forms the

20  basis for the charges.  There needs to be some constraints on

21  the prosecution in this matter because right now, given the

22  voluminous nature of the discovery and the multitude of

23  allegations as it relates to Mr. Didani and other individuals,

24  it's impossible to defend against this case effectively.

25           **THE COURT:**  Do you know who conspirator one and two

*21-20264; U.S.A. v. Ylli Didani*

1  are?

2       **MS. BARKOVIC:**  Yes, I would assume that I do based on

3  my discussions with the prosecution.

4       **THE COURT:**  Okay.  And did the prosecution offer, as

5  they have indicated to the Court, to sit down and provide some

6  further information relative to the discovery?

7       **MS. BARKOVIC:**  Yes, and, Your Honor, that's --

8       **THE COURT:**  Are you taking them up on that offer?

9       **MS. BARKOVIC:**  Yes, Your Honor.  I had a phone

10  conference with Mr. Bilkovic yesterday, which lasted

11  approximately an hour and a half.  We went through certain

12  discovery materials in this case.  He provided me with his

13  timeline as it relates to certain allegations.  However, there

14  was certain information that he would not provide.

15       **THE COURT:**  Okay.  Like what?

16       **MS. BARKOVIC:**  Like the identities of all potential

17  coconspirators and the exact locations of certain events, where

18  they are located.

19     Your Honor, look, working with Mr. Bilkovic is a pleasure

20  and he has been extremely helpful, and I appreciate him taking

21  the time to sit down with defense counsel and highlight certain

22  things for us, especially in light of the voluminous nature of

23  the discovery, but I am looking for formal advancement of a

24  position by the Government as to the basis of the charge

25  because, if we do not have that in this case, there are going

*Hearing on Motion for Bill of Particulars*
*Wednesday/July 21, 2021*

*Page 20*

1    to be serious problems come the time of trial.

2            **THE COURT:**  Okay.  Anything else anyone wants to add?

3            **MR. BILKOVIC:**  Can I just respond briefly,

4    Your Honor?

5            **THE COURT:**  You may.

6            **MR. BILKOVIC:**  With respect to the discovery index,

7    there is a detailed index.  For example, one of the -- they

8    talked about a report, Activation of Cellular GPS Ping, phone

9    number (917)741-4296 utilized by Alex Meskouris.

10   Alex Meskouris was somebody that is alleged to or that we

11   believe was involved in a money laundering scheme with

12   Mr. Didani.  I have identified that person to counsel.  They

13   have his number.

14        To know what it is that he has done, all they have to do

15   is run that number in the production from the iCloud and they

16   will obtain the full conversation between Mr. Meskouris and

17   Mr. Didani.  I shouldn't have to put that in a bill of

18   particulars when they already have it.

19        The reason why I have not identified every conspirator is

20   because some of them are unknown, and that is okay.  These are

21   people that Mr. Didani was communicating with throughout the

22   world.  We have numbers for them.  We have monikers for them.

23   They are identified by those numbers and the monikers in the

24   reports that have been provided to counsel.

25        Everything that she is concerned about that she needs to

*21-20264; U.S.A. v. Ylli Didani*

*Hearing on Motion for Bill of Particulars*
*Wednesday/July 21, 2021*

*Page 21*

1 know is in the discovery, and she was not privy to the

2 conversation that I had with Mr. Kaplan several weeks ago

3 where, even though it is in the discovery, there are reports

4 about these various numbers.  I have offered to basically

5 provide him the numbers of the conversations that he should be

6 looking at involving conspirators, both known and unknown, so

7 he has an opportunity to fully review the conversations between

8 Mr. Didani and those individuals, and, as of now, he has not

9 taken me up on that.

10       **THE COURT:**  Okay.  You can send that information to

11 Ms. Barkovic, I think; right?

12       **MR. BILKOVIC:**  Yep.

13       **THE COURT:**  Okay.  Anything else?

14       **MR. BILKOVIC:**  Nothing from the Government,

15 Your Honor.

16       **THE COURT:**  How many of these indexes are there?

17       **MS. BARKOVIC:**  It would be one associated with each

18 production.  So on USAFX we received five productions so five.

19       **THE COURT:**  Do you have any problem if I look at

20 them?

21       **MR. BILKOVIC:**  No, Your Honor.  Would you like me to

22 provide them to the Court?

23       **THE COURT:**  Well, let me ask the defense.  Do you

24 have any problem if I look at them, the indices?

25       **MS. BARKOVIC:**  No problem with the indexes only.

*21-20264; U.S.A. v. Ylli Didani*

*Hearing on Motion for Bill of Particulars*
*Wednesday/July 21, 2021*

*Page 22*

1    **THE COURT:**  You're hesitating.  If you have a

2  problem, this is the time to say so.

3    **MS. BARKOVIC:**  No, no problem.

4    **THE COURT:**  Very good.  Can you get them to me within

5  a couple of days?

6    **MR. BILKOVIC:**  I could have them to you by the end of

7  the week.  I've got to meet with my parallel and have her do

8  that.  I'm kind of handicapped --

9    **THE COURT:**  Let me look at them, and then I'll give

10  you a decision by the beginning of next week.

11    **MS. BARKOVIC:**  Thank you, Judge.

12    **MR. BILKOVIC:**  Your Honor, would you like me to

13  provide them to you on ECF as a supplemental exhibit or would

14  you --

15    **THE COURT:**  Yes, that would be good.

16    **MR. BILKOVIC:**  Would Your Honor --

17    **THE COURT:**  And that way there will be a record of it

18  since counsel agrees I can review it.  Okay?

19    **MR. BILKOVIC:**  Can I ask one further question?

20  Because some of the individuals are still being investigated.

21  I would prefer that their names not be on the record, and some

22  of them are identified in the index.  Could I provide the index

23  under seal?

24    **THE COURT:**  Can you redact the names?

25    **MR. BILKOVIC:**  I can redact -- if the Court is okay

*21-20264; U.S.A. v. Ylli Didani*

*Hearing on Motion for Bill of Particulars*
*Wednesday/July 21, 2021*

*Page 23*

1  with that and counsel is okay with that, I could redact the

2  names.  That would be fine.  I have no objection to that.

3         **THE COURT:**  Counsel, what would you like?  Do you

4  want it redacted or do you want it under seal?

5         **MS. BARKOVIC:**  Under seal, Judge.

6         **THE COURT:**  Okay.  You can provide it under seal.  If

7  you are providing it under seal, can you get me a hard copy

8  under seal to the office?

9         **MR. BILKOVIC:**  Yes.

10        **THE COURT:**  I think they will let you come in and

11  drop it off, or you can call my office and someone will arrange

12  to meet you to get it.  Okay?

13        **MR. BILKOVIC:**  Yes.  I can do that, Your Honor, yes.

14        **THE COURT:**  And you can arrange that with Mr. Brown.

15  It will not be Mr. Brown who will meet you, but someone will

16  meet you on one of the days that they are there.  They are only

17  there on Monday, Tuesday, Thursday and Friday, counsel.  Okay?

18        **MR. BILKOVIC:**  Okay.  You said there is somebody

19  there on Friday?

20        **THE COURT:**  Yes.  Somebody is there on Monday,

21  Tuesday, Thursday and Friday.  Okay?

22        **MR. BILKOVIC:**  Mr. Brown, can I get your number so I

23  can call you to make those arrangements?

24        **THE CLERK:**  I'll send it to you in chat.

25        **MR. BILKOVIC:**  That's fine.  Thank you.

*21-20264; U.S.A. v. Ylli Didani*

*Hearing on Motion for Bill of Particulars*
*Wednesday/July 21, 2021*

*Page 24*

1      **THE COURT:**  Anything else we need to take up?

2          **MR. BILKOVIC:**  No, Your Honor.

3          **MS. BARKOVIC:**  Nothing further at this time, Judge.

4          **THE COURT:**  Mr. Didani, do you understand what is

5   happening during this proceeding?

6          **THE DEFENDANT:**  Yes, Your Honor.  Yes.

7          **THE COURT:**  All right.  Very good.  Thank you for

8   being present.

9          **THE DEFENDANT:**  Thank you, Your Honor.  Thank you.

10          **THE COURT:**  I'll wait to receive that, and I'll give

11  you a written order early next week.  Okay?

12          **MR. BILKOVIC:**  Thank you, Your Honor.

13          **THE DEFENDANT:**  Thank you.  Thank you, Your Honor.

14      (Proceedings concluded at 9:46 a.m.)

15                          -   -   -

16              **C E R T I F I C A T I O N**

17      I certify that the foregoing is a correct transcription of

18  the record of proceedings in the above-entitled matter.

19

20  s/ Sheri K. Ward_____                1/12/2022
    Sheri K. Ward                          Date
21  Official Court Reporter

22                          -   -   -

23

24

25

*21-20264; U.S.A. v. Ylli Didani*