UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

        Plaintiff,           CASE NO. 21-cr-20264

vs.                                 HON. DENISE PAGE HOOD

YLLI DIDANI,

        Defendant.

**GOVERNMENT'S REPLY TO DEFENSE REPONSE TO GOVERNMENT'S MOTION TO SCHEDULE A TRIAL DATE AND TO EXCLUDE PERIODS OF DELAY**

In its motion to schedule a trial date and to exclude periods of delay, the government requested that several periods be excluded pursuant to the Speedy Trial Act, 18 U.S.C § 3161. (ECF No. 26, PageID.74). Those periods are:

    a) May 7, 2021 through August 20, 2021, as a result of a motion for a bill of particulars filed by Didani. (ECF No. 14, PageID.25).

    b) November 10, 2021 through December 14, 2021, as a result of a motion to withdraw file by one of Didani's attorneys. (ECF No. 21, PageID.59).

    c) August 19, 2021 through the trial date set by the Court not to exceed one year, to allow the government time to obtain evidence in a foreign country and because the ends of justice served by granting a continuance of the trial date outweigh the best interest of the public

1

and the defendant in a speedy trial.

Didani through his Counsel concedes that the first two periods (May 7, 2021 – August 20, 2021 and November 10, 2021 – December 14, 2021, "can be properly categorized as excludable delay pursuant to 18 U.S.C § 3161(h)(1)(D)." (ECF No. 29, PageID.100). Therefore, after excluding those periods of delay, the only disputes concern the period of delay from August 21, 2021 – November 9, 2021, and the period of delay from December 15, 2021 to the trial date to be set by the Court.

Didani's Counsel acknowledges that the discovery is voluminous and that they will need time to review the discovery and prepare motions. One of Didani's primary objections seems to be granting the government an indefinite ends of justice continuance. (ECF No. 29, PageID.100, 101, 103, 104, 105). However, the government did not and is not seeking an indefinite continuance. Instead, in its motion, the Government requested that the Court schedule a trial date. Initially, the government requested that a trial date be scheduled in August 2022. (ECF No. 26, PageID.92). However, since the government filed its motion, several developments have occurred that change the government's position as to when a trial date should be scheduled. For the reasons described below, the government has no objection to the Court scheduling a trial date in 120 days.

1. **Foreign Evidence**

Pursuant to § 3161(h)(8) of the Speedy Trial Act, the government initially

2

requested that the Court not schedule a trial date until August 2022 – approximately one year after August 19, 2021, which is the date that the Office of International Affairs of the United States Department of Justice made an "official request" to the Government of France as defined under 18 U.S.C. § 3292(d) for legal assistance in obtaining evidence that is located in France.

Recently, the government was advised that its request to France has advanced and that the evidence may be available within a month. While the government cannot guarantee that France will provide the evidence in the next month, it does appear that the evidence will be provided much sooner than the government initially anticipated. As a result, the government has no objection to the Court scheduling a trial date in approximately 120 days. However, the government requests that it be allowed to renew its motion if it does not receive the evidence from France before the scheduled trial date.

Prior to a hearing on its motion, the government will also file a declaration in support of its request to exclude time under § 3161(h)(8). The declaration will address the concerns raised by Didani in his response to the government's motion.

2. **Ends of Justice Continuance**

In its motion, the government also detailed several reasons why the ends of justice would outweigh the best interest of the public and the defendant in a speedy trial pursuant to § 3161(h)(7)(A). Based on recent developments, one of those reasons no longer justifies an ends of justice continuance but the other

3

reasons still do.

As a result of events that occurred after the government filed its motion, the government no longer believes that its initial request for a continuance related to the time needed to bring additional charges against Didani is justified. Since the government filed its motion, two countries, Liberia and Malta, have "consented to or waived objection to the enforcement of United States Law by the United States" as required pursuant to 46 U.S.C.§ 70502(c)(1)(C). Therefore, the government no longer needs additional time to obtain consent from foreign countries before indicting Didani on any Title 46 charges.

However, the government still believes that this case qualifies as a "complex case" pursuant to § 3161(h)(7)(B)(ii). The government also still believes that the health risks and associated problems due to the Covid-19 pandemic make proceeding to trial immediately on a case of this magnitude unrealistic for both parties and severely impacts the government's ability to adequately prepare and proceed to trial. However, the government believes that it can safely and adequately work around these issues and would be prepared to proceed to trial in approximately 120 days.

3.  **Defense Considerations**

The government wants to be clear that its initial request that a trial date not be scheduled until August 2022 was to also allow defense counsel time needed to adequately prepare for trial while safely navigating the Covid-19 pandemic so as

not to jeopardize the health and safety of court staff, counsel, and the jury. As previously described, the discovery includes multiple cell phone forensic extractions, over 10 iCloud extractions consisting of over 100,000 pages, thousands of pages of text messages, multiple recorded phone calls, hundreds of pages of investigative reports and documentary evidence, hundreds of pages of search warrant affidavits, hundreds of photographs, multiple videos, and multiple laboratory reports. The amount of discovery will substantially grow once the government receives the SkyECC communications involving Didani and other co-conspirators from France. However, if defense counsel believes this is not a complex case; that they are ready to adequately defend Didani; and; and they are prepared to conduct a lengthy trial during a significant rise of Covid -19 cases due to the surging Omicron variant, then the government believes the Court should schedule a trial date in approximately 120 days.

DAWN N. ISON
United States Attorney


| *s/Timothy P. McDonald* | *s/Mark Bilkovic* |
|---|---|
| TIMOTHY P. MCDONALD | MARK BILKOVIC |
| Assistant United States Attorney | Assistant United States Attorney |
| 211 W. Fort St., Suite 2001 | 211 W. Fort St., Suite 2001 |
| Detroit, MI 48226 | Detroit, MI 48226 |
| Phone: (313) 226-0221 | Phone: (313) 226-9623 |
| timothy.mcdonald@usdoj.gov | mark.bilkovic@usdoj.gov |

Dated: January 18, 2022

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Wade G. Fink
Wade@wadefinklaw.com

*s/ Mark Bilkovic*
MARK BILKOVIC
Assistant United States Attorney
211 W. Fort St., Suite 2001
Detroit, MI 48226
Phone: (313) 226-9623
mark.bilkovic@usdoj.gov