UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

YLLI DIDANI,

    Defendant.

Case No. 21-20264

Hon. Denise Page Hood

---

| Mark Bilkovic | Wade G. Fink (P78751) |
|---|---|
| Assistant United States Attorney | WADE FINK LAW PC |
| 211 W. Fort Street, Suite 2001 | 500 W. Merrill St., Suite 100 |
| Detroit, Michigan 48226 | Birmingham, Michigan 48009 |
| (313) 226-9100 | (248) 712-1054 |
| Mark.bilkovic@usdoj.gov | wade@wadefinklaw.com |
| *Attorneys for the United States* | *Attorneys for Ylli Didani* |

---

**DEFENDANT'S REPLY TO GOVERNMENT'S
RESPONSE REGARDING BOND**

    Defendant Ylli Didani ("Didani"), by and through counsel, Wade Fink Law, P.C., and Brian Kaplan, P.C., submits the following reply to the Government's Response opposing bond pending trial.

## ARGUMENT

    Despite the excellent prose from the Government, "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited

1

exception." *United States v. Salerno*, 481 U.S. 739, 755, 107 S. Ct. 2095, 95 L. Ed. 2d 697 (1987).

The Government makes Didani and his family into caricatures. But the truth is Didani's family has a beautiful American story. Dr. Haredin Didani was a veterinarian in Albania. When his wife, Mira Didani, won a green card lottery, the pair moved to Chicago, Illinois. It was so important for the Didanis to come to America, that Dr. Didani, a learned animal doctor, and his wife, were willing to take factory jobs working on the line to produce airplane parts. They were in the early 50s when they took on this difficult labor to bring their family to America. They have lived in the same apartment building since 1996.

Dr. Didani and Mrs. Didani are now both United States citizens. So, too, is their oldest son, Defendant's brother, Mirgen Didani, who works in the restaurant industry in Chicago and is married with two children. The Didani family all live together in the same apartment building – grandparents, children, and grandchildren. If granted bond, the entire Didani family vouches and promises to the Court to be custodians. None have been in trouble and have shown nothing but love of country. Didani could reside with his own bedroom at the family home of 26 years. The address is available to Pre-Trial Services. Defendant has other family in the United States, as well. His uncle, Mira Didani's brother, lives in Metro Detroit. As does Defendant's cousin, Mira Didani's nephew.

The Didani parents could use the assistance of their younger son, as Mira Didani is enduring her second bout with breast cancer. She has finished chemotherapy, but takes a daily pill that limits the ability to enjoy life to the fullest. She is 77 years old. Dr. Didani is 79 years old.

The Government argues that there are no set of conditions to reasonably assure Didani's appearance in Court or that he is not a danger. Other than the alleged offense conduct, the Government has little to point to except for drunk driving offenses. Nevertheless, all of the Government's concerns have a silver bullet: a GPS tether monitored 24 hours a day. For starters, GPS tethers are extremely effective. Over the last twenty (20) years, the undersigned found only 55 published cases involving an individual cutting their GPS tether while on bond. For context, in just one year, 2017, approximately 67,000 criminal cases were opened by the DOJ. For further context, in 2015, 125,000 federal defendants were being monitored by GPS tether. Thus, even if you multiply the amount of GPS tethers being "cut" by 100x over the last 20 years to account for the cases counsel could not find, when compared with the number of federal defendants on GPS tethers, there is no other reasonable conclusion other than electronic GPS tethers are exceedingly effective tools.

On top of this, Didani would be willing to pay for 24-hour-a-day monitoring of his GPS tether and subject himself to house arrest. This proposal balances the

Government concerns with lengthy pretrial incarceration, as well as the need for Didani to have access to his counsel for a very complicated case.

Further, there, are and will continue to be Due Process concerns. While "the Constitution imposes no bright-line limit on the length of trial" *Briggs*, 697 F.3d at 103, the "length of pretrial detention raises a constitutional issue at some point." *United States v. Gonzales Claudio*, 806 F.2d 334, 339 (2d Cir. 1986); *Bell v. Wolfish*, 441 U.S. 520, 536, 99 S. Ct. 1861, 1872 (1979). Here, continued detention for an undetermined amount of time that, even when determined, will be lengthy because of the case's challenges, weigh in favor of release. *See e.g.*, *Zannino*, 798 F.2d at 549 (reversing a district court's order for temporary release of a defendant detained for sixteen months, but noting "[w]e are also influenced by the fact that we are approving only a short, discrete, and finite additional period of detention . . . Our result could be different if Zannino were now to be held on an open-ended basis"); *United States v. Ojeda Rios*, 846 F.2d 167 (2d Cir. 1988) (holding unconstitutional the continued detention of a defendant who had been in custody for 32 months and whose trial was not expected to start for another four months); *Gonzales Claudio*, 806 F.2d at 341 ("[d]etention that has lasted for fourteen months and, without speculation, is scheduled to last considerably longer, points strongly to a denial of due process").

4

Didani proposes the following release conditions, among any other conditions that the Court finds necessary: Didani will provide a financially responsible person for a bond; Didani's travel shall be restricted to home confinement with 24-hour live monitoring at Didani's own cost; Didani will surrender all travel documents and not apply for new ones; Didani will submit to regular and frequent pre-trial supervision. These conditions are similar to other cases where the Government alleged a unique ability to flee and high guidelines.[1]

Date: April 18, 2022

                                              Respectfully submitted,

                                              WADE FINK LAW, P.C.

                                              /s/ Wade G. Fink (P78751)
                                              *Attorneys for Didani*
                                              550 W. Merrill St., Suite 100
                                              Birmingham, MI 48009
                                              248-712-1054
                                              Wade@wadefinklaw.com

---

[1] *See, e.g. United States v. Bernard Ebbers,* 02-cr-01144 (S.D.N.Y. 2002).