UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

YLLI DIDANI,

    Defendant.
_____/

CASE NO. 21-20264

HON. DENISE PAGE HOOD

## ORDER GRANTING MOTION TO SCHEDULE A TRIAL DATE AND TO EXCLUDE PERIODS OF DELAY IN DETERMINING SPEEDY TRIAL DEADLINE AND SETTING DATES

**I.    BACKGROUND**

An Indictment was filed against Defendant Ylli Didani on April 21, 2021 alleging one count of Conspiracy to Distribute Controlled Substances of five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(6) and 846, and a Forfeiture Allegation. (ECF No. 1) Didani initially appeared before the Magistrate Judge on the same date and was temporarily detained pending a detention hearing. Didani was initially appointed counsel under the Criminal Justice Act (ECF No. 3), but retained counsel filed an appearance on his behalf on April 26, 2021. (ECF No. 7) On April 28, 2021, Didani was arraigned on the Indictment and consented to

detention pending trial.  (ECF Nos. 10, 11, 13) A Jury Trial was initially set for June 22, 2021.  (ECF No. 18)  Since that time, motions have been filed by the parties, including withdrawal by defense counsel, and discovery sought by the Government from foreign countries under 18 U.S.C. § 3292.

On December 17, 2021, the Government filed the instant Motion to Schedule a Trial Date and to Exclude Periods of Delay in Determining Speedy Trial Deadline. (ECF No. 26) A response and reply have been filed.

## II.    ANALYSIS

The Speedy Trial Act sets time limits on the prosecution for bringing a case to trial after arraignment or indictment. 18 U.S.C. § 3161, *et seq*. The purpose of the statute is "to quantify and make effective the Sixth Amendment right to a speedy trial." *Henderson v. United States*, 476 U.S. 321, 333 (1986) (White, J., dissenting); *United States v. Moran*, 998 F.2d 1368, 1369–70 (6th Cir. 1993).  The Speedy Trial Act provides that in any case in which a plea of not guilty is entered, "the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."  18 U.S.C. § 3161(c)(1); *Henderson*, 476 U.S. at 322.  If a defendant was

arrested prior to the indictment and had previously made an initial appearance before a magistrate, the seventy day pretrial period runs from the date of the indictment. *United States v. Mentz*, 840 F.2d 315, 325 (1988).

Certain pretrial delays enumerated in § 3161(h) are excludable from the 70 day period and have the effect of stopping the Speedy Trial clock. *Id*. One circumstance in which the seventy-day period is tolled is the duration of any "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion...." 18 U.S.C. § 3161(h)(1)(F). Another excludable time is a "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court." 18 U.S.C. § 3161(h)(1)(J) (italics added). "A motion is 'actually under advisement' when 'the court receives all the papers it reasonably expects....'" *Mentz*, 840 F.2d at 327 (quoting *Henderson*, 476 U.S. at 329). The thirty-day benchmark requires prompt disposition of the motion after the hearing is held and the district court has received all supplemental filings. *Mentz*, 840 F.2d at 326. If the trial does not begin within seventy days or an additional amount of time allowed under the exclusions provided by section 3161(h), the indictment or information must be dismissed on motion of the defendant, with or without prejudice. 18 U.S.C. § 3162(a)(2). The district court determines whether the indictment should be dismissed

with or without prejudice because it is in the best position to evaluate whether reprosecution would properly serve the ends of justice. Moran, 998 F.2d at 1370; *United States v. Richmond*, 735 F.2d 208, 217 (6th Cir.1984). In determining whether to dismiss a case with or without prejudice, the Court must consider, among other factors: 1) the seriousness of the offense; 2) the facts and circumstances of the case which led to the dismissal; and, 3) the impact of a reprosecution on the administration of this chapter and the administration of justice. 18 U.S.C. § 3162(a)(2); *United States v. Pierce*, 17 F.3d 146, 148 (6th Cir. 1994). Failure by the district court to set forth in writing its findings on the three factors is abuse of discretion and will be reversed. *Id*. at 148. "A district judge cannot wipe out violations of the Speedy Trial Act after they have occurred by making the findings that would have justified granting an excludable delay continuance before the delay occurred." *United States v. Crane*, 776 F.2d 600, 606 (6th Cir. 1985).

In its motion, the Government seeks a finding that certain time periods be excluded under the Speedy Trial Act, such as motions filed by the defense and the time this Court has taken the motion under advisement, not to exceed 30 days.

The Government also seeks to exclude time where it made an official request under 18 U.S.C. § 3292 for evidence in a foreign country because based on its investigation, the Government claims there is substantial evidence that may be located

4

in France. The Government asserts that its investigation of the drug trafficking conspiracy has revealed that Didani and co-conspirators regularly utilized cellular devices that were end-to-end encrypted with software provided by Sky Global, a company based in Canada. The Government has obtained numerous electronic communications between Didani and other co-conspirators discussing drug trafficking and money laundering, including evidence of coordination of large cocaine shipments and the return of narcotics proceeds from various seaports in Central America to Europe. The Office of International Affairs of the United States Department of Justice, pursuant to the 2004 United States-France Mutual Legal Assistance Treaty, made the official request to France on August 19, 2021. The Government has yet to receive the evidence, but was recently notified the evidence was forthcoming. Although the Government initially sought one year from August 19, 2021 in order to obtain this discovery, the Government now asserts the trial can be held within the year.

      The Government believes that this case is a complex case. The investigation took several years and the discovery includes multiple cell phone forensic extractions, over 10 iCloud extractions consisting of over 100,000 pages, thousands of pages of text messages, multiple recorded phone calls, hundreds of pages of investigative reports and documentary evidence, hundreds of pages of search warrant affidavits,

hundreds of photographs, multiple videos, and multiple laboratory reports. The Government's anticipated trial witnesses are located not just within this district, but in several states, Europe, and South America.

The Government also claims it is planning to file a superseding indictment, which it did on March 16, 2022, with additional charges against Didani involving controlled substances on board a vessel subject to the jurisdiction of the United States under 46 U.S.C. § 70503.  The Government states that on September 8, 2021, it made an official request to the Government of Portugal regarding a containership "JENNY" that was seized with 1100 kilograms of cocaine in Bilbao, Spain on April 21, 2020. The Government claims it also made requests, which are pending, to four other countries: Germany, Liberia, Malta and Singapore.

In addition, the Government cites to ongoing COVID-19 pandemic which has resulted in widespread societal disruption and has made a jury trial difficult to hold.

Didani responds that he unequivocally invokes his right to a speedy trial both under the Speedy Trial Act and the Sixth Amendment to the United States Constitution.  He asserts that nothing in his response should lead the Government and the Court to believe that Didani waives any of his rights.  Because the Government focuses solely on the Speedy Trial Act in its motion, Didani only addresses those arguments.

Didani recognizes the practicality of narrowing the issues before the Court and so agrees that the 105 days for the period between May 7, 2021 and August 20, 2021 are excludable because of the motion filed by Didani's previous attorney. Didani also agrees that the 34 days between November 10, 2021 and December 14, 2021 are excludable because of another motion filed by Didani's previous attorney. However, Didani asserts that the one year delay to obtain evidence from France should not be excludable. It is unclear to Didani why the Government waited until August 21, 2021 to send an official request, four months after Didani's indictment on April 2021. As to the Government's argument that the case is a "complex" case, Didani argues that the Government has not shown that this case is complex, other than the voluminous discovery involved. Didani agrees that he and his counsel are likely going to need time to review the evidence and any potential motion work. At a status conference held on this matter, defense counsel indicated he required additional time to review the discovery produced by the Government, but Didani expressed on the record that he wanted to proceed to trial soon.

As to the COVID-19 pandemic as justification for an "ends of justice" continuance, defense counsel has the confidence that the Court will make decisions on the safety of litigants inside the courthouse. Didani and his counsel are conscious of the dangers of COVID-19.

Regarding the additional charge in the Superseding Indictment, Didani asserts that the Government could have investigated any new charge prior to the arrest of Didani.  Despite this objection, Didani notes that the case will benefit from a status conference and he and his counsel are willing to be reasonable with regard to scheduling.  Didani, however, objects to an indefinite period sought by the Government.

In its reply, the Government claims it may receive the evidence from France sooner than originally thought and that if the defense does not require much time to review the evidence, a trial can be held by August 2022.

A review of the docket shows that the 70-days under the Speedy Trial Act has passed.  Didani made his initial appearance on April 21, 2021.  The 70-day Speedy Trial clock began to run on April 22, 2021, which was stopped on May 7, 2021 when Didani filed a Motion for Bill of Particulars.  (ECF No. 14)  Between April 22 to May 7, 2021, 14 days had passed.  The motion was heard on July 21, 2021.  The Court had 30 days under the Speedy Trial Act, 18 U.S.C. § 3161(h)(1)(J), to take the motion under advisement and to rule on the motion before the clock began to run again–here on August 21, 2021 since no ruling was made on the motion within the 30 days.  The Speedy Trial clock again stopped on November 10, 2021 when Didani's counsel filed a Motion for Withdrawal.  (ECF No. 21)  Between August 21 to November 10, 2021,

82 days had passed, which is "technically" beyond the 70-days allowed under the Speedy Trial Act. However, there is no dispute that the Government sought discovery from other countries and that certain procedures had to be taken in order to obtain this discovery, which took time to complete. It appears that based on the Government's representations at the status conference, it has now recently obtained most, if not all, the discovery it sought from the other countries and has produced such to the defense.

In this instance, Didani has not filed a motion to dismiss the indictment based on the Speedy Trial Act. The Court notes that it entered Administrative Order 20-AO-039 Extending the Excludable Time under the Speedy Act, 28 U.S.C. § 3161(h)(7) because COVID-19 pandemic, which continues to this date. Under this blanket order, the Speedy Trial clock has yet to begin to run in this case. As the parties note, the COVID-19 pandemic continues and the cases, deaths and hospitalization rates in Michigan surged during the winter months. Currently, the number of cases are substantially down from the numbers during the winter months, but are now again trending up.

Based on the parties' submissions and representations at the recent status conference, it appears that discovery has been produced to the defense by the Government. Because of the ongoing COVID-19 pandemic, the discovery sought from other countries, the recent production of more discovery by the Government to

9

the defense, defense counsel's assertion he required time to review the discovery, and the recent filing of the Superseding Indictment in this case, the Court adopts its Administrative Order in this instance and finds that under 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by any additional delay in this case outweigh the best interest of the public and Didani's right to a speedy trial in this instance.

### III. CONCLUSION/ORDER

For the reasons set forth above,

IT IS ORDERED that the Government's Motion to Schedule a Trial Date and to Exclude Periods of Delay in Determining Speedy Trial Deadline (ECF No. 26) is GRANTED.

IT IS FURTHER ORDERED that the following dates govern this matter:

| | |
|---|---|
| Motions must be filed by: | August 1, 2022 |
| The Plea Cut-Off and Final Pretrial Conference is set for: | September 19, 2022, 2:00 p.m. |
| The Jury Trial is set for: | October 18, 2022, 9:00 a.m. |

IT IS FURTHER ORDERED that the dates in this Order constitute excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(1)(D), (h)(7) and (h)(8) from the last Jury Trial date set on June 22, 2021 to the trial date now set for October 18, 2022. The Court finds that the ends of justice served by the delay outweigh the best interest of the public and the Defendant in a speedy trial based upon the COVID-19 pandemic, the document requests by the Government under 18 U.S.C. § 3292, the

recent discovery produced by the Government to the defense, defense counsel's assertion that he required time to review the discovery and other matters to effectively represent Defendant and the recent filing of the Superseding Indictment.

s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge

DATED: April 20, 2022