UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

YLLI DIDANI,

    Defendant.
_____/

CASE NO. 21-20264

HON. DENISE PAGE HOOD

## ORDER DENYING MOTION FOR RELEASE PENDING TRIAL

**I.    BACKGROUND**

An Indictment was filed against Defendant Ylli Didani on April 21, 2021 alleging one count of Conspiracy to Distribute Controlled Substances of five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(6) and 846, and a Forfeiture Allegation.  (ECF No. 1) Didani initially appeared before the Magistrate Judge on the same date and was temporarily detained pending a detention hearing. Didani was initially appointed counsel under the Criminal Justice Act (ECF No. 3), but retained counsel filed an appearance on his behalf on April 26, 2021.  (ECF No. 7)  On April 28, 2021, Didani was arraigned on the Indictment and consented to detention pending trial.  (ECF Nos. 10, 11, 13)

On March 16, 2022, a Superseding Indictment was filed charging Didani with: Count One – Conspiracy to Distribute Controlled Substances, 21 U.S.C. §§ 841(a)(1) and 846; Count Two – Conspiracy to Possess with Intent to Distribute and Distribute a Controlled Substance on Board a Vessel Subject to the Jurisdiction of the United States, 46 U.S.C. §§ 70503(a) and 70506(b), 21 U.S.C. § 960(b)(1)(B); and Count Three – Conspiracy to Launder Monetary Instruments, 18 U.S.C. § 1956(h).  At the March 29, 2022 status conference before this Court, Didani was arraigned and made an oral motion for release pending trial, which the Court allowed and set a schedule for the Government's response and a hearing.

The Government responds that Didani is a substantial flight risk and is an extreme danger to the community.  The Government claims that from at least 2015 until his arrest in March 2021, Didani directed a massive transnational cocaine distribution conspiracy, to purchase thousands of kilograms of cocaine from South America.  The Government further claims that Didani and others, would arrange to have cocaine hidden in containerships so it could be transported from South America to Europe, using a wide array of anti-law enforcement detection methods to communicate with other conspirators, including encrypted cellular telephones and text messaging applications.  The Government asserts that Didani utilized international money laundering organizations to move millions of dollars around the world.  The

Government posted pictures on its brief from Didani's phone of the cash he received from a co-conspirator.

The Government also noted photos Didani took of his text messages, before the encrypted messages destructed, of plans building submersible containers which would hold the cocaine, operated by remote control, GPS and magnets. The plan, according to the Government was to attach these torpedoes or drones under a containership, and then detach these torpedoes or drones approximately 100 miles from its European destination, where a fishing boat would then retrieve the torpedoes.

The Government also claims that Didani purchased several armored vehicles from a company in North America and had them shipped to Ecuador and the Dominican Republic. The Government detailed the payment methods and cocaine purchases and how the payment and four seizures of cocaine shipment which were related to Didani and how Didani texted the news to others. The Government also claims that Didani sent text messages regarding purchasing bulletproof jackets.

Didani replies that there are conditions which would ensure his appearance at future proceedings. He would live with his family in Chicago, Illinois and would consent to 24-hour-a-day monitoring of his GPS tether, which he is willing to pay for, and subject himself to house arrest. His parents who live in Illinois, along with other family members, have lived in the same apartment building since 1996. His parents

3

are both United States citizens. Didani's brother works in the restaurant industry in Chicago. He claims his entire family would vouch and promise to the Court to be Didani's custodians. Didani claims he could reside, with his own bedroom, at the family home of 26 years. He also has family in Metro Detroit, an uncle and cousin. He would surrender all his travel documents and not apply for new ones.

## II.   ANALYSIS

Because the Magistrate Judge initially detained Didani upon his consent, the Court may review the Magistrate Judge's order detaining a defendant. 18 U.S.C. § 3145(b). A review of a Magistrate Judge's detention order is a *de novo* hearing. *United States v. Koubritti,* 2001 WL 1525270 at *5 (E.D. Mich. Oct. 16, 2001); *United States v. Jones*, 804 F.Supp. 1081 (S.D. Ind. 1992); *United States v. Delker*, 757 F.2d 1390, 1394 (3d Cir. 1985). The district court must order detention if, after a hearing, it concludes "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community . . . ." 18 U.S.C. § 3142(e). The Government has the ultimate burden of proof by clear and convincing evidence that the defendant presents a danger to the community and that no condition or combination of conditions could reasonably assure the safety of the defendant or of other persons and the community. *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985).

This matter is a rebuttable presumption of detention case under § 3142(e)(3)(A) where the offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, 21 U.S.C. § 801 *et seq*. The presumption in favor of detention imposes a burden of production of "some evidence" on the defendant that he does not pose a danger to the community or a risk of flight. *United States v. Stone,* 608 F.3d 939, 945 (6th Cir. 2010).

The district court must make findings based on the following factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger posed by the person's release. 18 U.S.C. § 3142(g).

Based on the proffered evidence:

(1) As to the nature and circumstances of the offenses charged, the Superseding Indictment alleges in Count One – Conspiracy to Distribute Controlled Substances, 21 U.S.C. §§ 841(a)(1) and 846; Count Two – Conspiracy to Possess with Intent to Distribute and Distribute a Controlled Substance on Board a Vessel Subject to the Jurisdiction of the United States, 46 U.S.C. §§ 70503(a) and 70506(b), 21 U.S.C. § 960(b)(1)(B); and Count Three – Conspiracy to Launder Monetary Instruments, 18 U.S.C. § 1956(h). Counts One and Two carry minimums of 10 years and up to life

imprisonment, and Count Three carries up to 20 years imprisonment. The charges are serious.

(2) The weight of the evidence against the person–the Indictment establishes probable cause for the offenses charged. *Hazime,* 762 F.2d at 37. At this juncture, there is sufficient evidence at this time based on the Indictment.

(3) The history and characteristics of the person–according to the pretrial services report, with the April 28, 2021 Addendum, is that Didani is 44 years old, is single, with an address in Chicago, Illinois. Didani was initially arrested and appeared in the Western District of North Carolina. Didani possesses an Albanian passport, is an Albanian citizen, has a Permanent Resident status in the United States since 1996, and has lived in the Chicago area with his parents and in the Metropolitan Detroit area for approximately ten years. A Michigan Department of Corrections Report from 2009 states that he has lived in the Detroit area since 1999 for business purposes and his employment history included working for various restaurants, and owning certain restaurants and a transportation company. He has a criminal history record from Illinois and Michigan, with outstanding warrants and failure to appear for show cause hearing.

(4) The nature and seriousness of the danger posed by the person's release–Didani has several charges in his criminal history including assault and

weapon charges. The allegations in the Superseding Indictment are serious involving massive amounts of cocaine and an enterprise involving several countries. Didani poses a serious danger to the community based on these allegations.

(5) As to risk of flight–based on unverifiable employment record, Didani's unverifiable place of residence in this District or the United States, other than his parents' residence in Illinois, his possession of an Albanian passport, his access to cash, ties to various foreign countries, and the minimum and maximum sentences in the charges he is facing, Didani is a serious flight risk. Didani's claim that he would abide by any GPS monitoring cannot overcome the serious risk of flight.

5) Summary: Based on the Government's argument and offered proof, Didani is a serious risk of flight and a danger to the community. Didani's offer of proof that he will not be a risk of flight is insufficient to rebut the presumption of detention. The Court denies Didani's oral motion for bond pending trial.

### III. CONCLUSION/ORDER

For the reasons set forth above,

IT IS ORDERED that Defendant Ylli Didani's oral motion for release pending trial (March 29, 2022) is DENIED.

S/DENISE PAGE HOOD<br>DENISE PAGE HOOD<br>United States District Judge

DATED: July 15, 2022