UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                    Plaintiff,                    NO. 21-cr-20264

v.

                                            HON. DENISE PAGE HOOD
                                            United States District Judge

D-1 YLLI DIDANI,

                    Defendant.

---

## STIPULATION FOR ENTRY OF A PROTECTIVE ORDER

---

The United States of America and defendant, Ylli Didani, by and through their respective counsel, hereby stipulate and agree to the following:

1.     During the investigation, the government obtained voluminous material, including electronically stored data of the defendant and others, financial records, records from foreign governments, and witness statements, hereinafter "Protected Discovery Material."

2.     The Protected Discovery Material may contain personal, sensitive, or proprietary information of the defendant and/or third parties, as well as large amounts of data that may prove to be irrelevant to this case.

3.      To ensure compliance with the United States' discovery obligations and expedite the exchange of discovery material between the parties, the United States seeks to disclose the Protected Discovery Material to Defense Counsel pursuant to a stipulated Protective Order.

4.      Rule 16(d)(1) of the Federal Rules of Criminal Procedure, entitled "Protective and Modifying Orders," authorizes this Court to "deny, restrict, or defer discovery or inspection, or grant other appropriate relief" upon a showing of good cause.

5.      Here, there is good cause for this Court to restrict the use, dissemination, and disposition of the Protected Discovery Material according to the terms set forth in the Protective Order because; 1) it will expedite the disclosure of discovery to defendant by eliminating the need for the United States to perform a document-by-document evaluation of the relevance and sensitivity of the information contained in the materials; 2) it will allow the United States to provide extensive discovery to defense counsel while protecting the personal information of third parties and potential witnesses in this case; and 3) an extensive amount of the Protected Discovery Material includes voluminous personal information belonging to third parties and/or potential witnesses in this case that cannot reasonably be redacted from discovery.

6.      Any materials designated by the government as "Protected Discovery Material" will be subject to the terms of this Order. The Protected Discovery Material will be divided into two categories: "Attorney Only Discovery" and "Defendant Protected Discovery." The government will prominently mark any discovery as such.

7.      If counsel for defendant believes that any material is not properly designated as Protected Discovery Material, counsel shall raise that issue with the government. If the parties are unable to agree on the status of a given item of discovery, the defendant may seek leave of the Court to de-designate the item. However, all items designated as Protected Discovery Material must be treated as such until de-designated by the government or the Court.

8.      The persons who may receive and review "Attorney Only Discovery" and will be referred to as "Covered Individuals" are:

   a.  Attorneys of record for the defendant;

   b.  Persons employed, or who have been contracted to work on this case, by defense counsel who are assisting with the preparation of defendant's defense;

   c.  Any expert(s) retained on behalf of defendant to assist in the defense of this matter;

   d.  Any investigator(s) retained on behalf of defendant to assist in the

defense of this matter.

9.     Attorney Only Discovery provided by the government shall not be disclosed by the defense to any person except Covered Individuals.

10.     Attorney Only Discovery shall not be disclosed to the defendant, unless later de-designated by the government or by Court order.

11.     Information contained in the Attorney Only discovery shall not be disseminated or provided to anyone other than Covered Persons in any form or by any means, including the defendant.

12.     Prior to any Covered Individual receiving access to the Attorney Only Discovery pursuant to this Order, the Covered Individual shall sign a copy of this order acknowledging that:

    a.  They have reviewed the Order and understand all its contents.

    b.  They agree that they will only access the Attorney Only Discovery for the purposes of preparing a defense for defendant.

    c.  They understand that failure to abide by this Order may result in sanctions by this Court and criminal charges for contempt.

13.     No person other than Covered Individuals may be allowed to examine Attorney Only Discovery, absent further court order. Attorney Only Discovery will be maintained in a secure environment which is reasonably certain to not expose the materials to individuals not listed above.

14.     Neither the Government nor the defense shall offer or file any

Attorney Only Discovery unless such Attorney Only Discovery (1) is offered or

filed under seal, (2) is offered or filed with the concurrence of the government,

(3) is offered or filed at the trial of this matter, or (4) is offered or filed pursuant

to further court order.

15.     Defendant may review "Defendant Protected Discovery" with

Covered Individuals under the following guidelines:

     a.  After the defendant has completed the discovery review session,

        defendant shall not be permitted to keep or take with him the

        Defendant Protected Discovery, or any copies of the Defendant

        protected discovery.

     b.  After the defendant has completed the discovery review session,

        defendant shall not be permitted to keep or take with him the

        Defendant Protected Discovery, or any copies of the Defendant

        protected discovery.

16.     Covered Individuals and the defendant shall not disclose, make copies

of, or reveal the contents of the Defendant Protected Discovery to any other persons

without prior written consent of the government or further order of the Court.

17.     This Order is binding on successor counsel, if any, including appellate

counsel, and a copy of this order will be transmitted to such successor counsel with

the materials protected by this Order, all without prejudice to successor counsel's

right to move the Court for an order modifying or vacating this Order. Before

Attorney Only Discovery can be turned over to successor counsel, successor

counsel must sign a copy of this Order.

SO STIPULATED:

*s/ Timothy P. McDonald*
Timothy P. McDonald
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-0221
timothy.mcdonald@usdoj.gov

*s/ Mark Bilkovic*
Mark Bilkovic
Assistant United States Attorney
211 W. Fort St., Suite 2001
Detroit, MI 48226
Phone: (313) 226-9623
mark.bilkovic@usdoj.gov

*s/Wade G. Fink (w/consent)*
Wade G. Fink
Attorney for Ylli Didani
550 W. Merrill St., Suite 100
Birmingham, MI 48009
(248) 712-1054
wade@wadefinklaw.com

*s/Brian Kaplan (w/consent)*
Brian Kaplan, PC
Attorney for Ylli Didani
11 Park Place, Suite 1005
New York, New York 10007
(212) 269-2363
brian@bkaplanlaw.com

Dated: July 21, 2022

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,                    NO. 21-cr-20264

v.

                                  HON. DENISE PAGE HOOD
                                  United States District Judge

D-1 YLLI DIDANI,

          Defendant.

---

## PROTECTIVE ORDER

---

This matter having come before the Court on the stipulation of the

government and defendant Ylli Didani, for the reasons contained in the stipulation

and pursuant to Federal Rule of Criminal Procedure 16(d), the Court finds that good

cause has been established to enter a Protective Order concerning the use,

dissemination and disposition of certain information that may be disclosed by the

government in this case and ORDERS the following:

      1.     Any materials designated by the government as "Protected

Discovery Material" are subject to the terms of this Order. The Protected

Discovery Material will be divided into two categories: "Attorney Only

Discovery" and "Defendant Protected Discovery." The government will

prominently mark any discovery as such.

2.       If counsel for defendant believes that any material is not properly designated as Protected Discovery Material, counsel shall raise that issue with the government. If the parties are unable to agree on the status of a given item of discovery, the defendant may seek leave of the Court to de-designate the item. However, all items designated as Protected Discovery Material must be treated as such until de-designated by the government or the Court.

3.       The persons who may receive and review "Attorney Only Discovery," and will be referred to as "Covered Individuals," are:

    a. Attorneys of record for the defendant.

    b. Persons employed, or who have been contracted to work on this case, by defense counsel who are assisting with the preparation of defendant's defense.

    c. Any expert(s) retained on behalf of defendant to assist in the defense of this matter.

    d. Any investigator(s) retained on behalf of defendant to assist in the defense of this matter.

4.       Attorney Only Discovery provided by the government shall not be disclosed by the defense to any person except Covered Individuals.

5.       Attorney Only Discovery shall not be disclosed to the defendant,

unless later de-designated by the government or by Court order.

6.      Information contained in the Attorney Only discovery shall not be disseminated or provided to anyone other than Covered Persons in any form or by any means, including the defendant.

7.      Prior to any Covered Individual receiving access to the Attorney Only Discovery pursuant to this Order, the Covered Individual shall sign a copy of this order acknowledging that:

     a.  They have reviewed the Order and understand all its contents.

     b.  They agree that they will only access the Attorney Only Discovery for the purposes of preparing a defense for defendant.

     c.  They understand that failure to abide by this Order may result in sanctions by this Court and criminal charges for contempt.

8.      No person other than Covered Individuals may be allowed to examine Attorney Only Discovery, absent further court order. Attorney Only Discovery will be maintained in a secure environment which is reasonably certain to not expose the materials to individuals not listed above.

9.      Neither the Government nor the defense shall offer or file any Attorney Only Discovery unless such Attorney Only Discovery (1) is offered or filed under seal, (2) is offered or filed with the concurrence of the government, (3) is offered or filed at the trial of this matter, or (4) is offered or filed pursuant

to further court order.

10.     Defendant may review "Defendant Protected Discovery" with

Covered Individuals under the following guidelines:

    a.  After the defendant has completed the discovery review session,

       defendant shall not be permitted to keep or take with him the

       Defendant Protected Discovery, or any copies of the Defendant

       protected discovery.

    b.  Covered Individuals and the defendant shall not disclose, make

       copies of, or reveal the contents of the Defendant Protected

       Discovery to any other persons without prior written consent of

       the government or further order of the Court.

11.     This Order is binding on successor counsel, if any, including appellate

counsel, and a copy of this order will be transmitted to such successor counsel with

the materials protected by this Order, all without prejudice to successor counsel's

right to move the Court for an order modifying or vacating this Order. Before

Attorney Only Discovery can be turned over to successor counsel, successor

counsel must sign a copy of this Order.

    SO ORDERED.

                      s/Denise Page Hood
                      DENISE PAGE HOOD
                      United States District Judge

Dated:  July 22, 2022