```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MICHIGAN
                         SOUTHERN DIVISION
```

**UNITED STATES OF AMERICA,**

                Plaintiff,

                               **HONORABLE DENISE PAGE HOOD**

   v.

                               **No. 21-20264**

**YLLI DIDANI,**

                Defendant.

_____/

**HEARING ON MOTION TO SCHEDULE A TRIAL DATE AND TO EXCLUDE**
**PERIODS OF DELAY IN DETERMINING SPEEDY TRIAL DEADLINE**

**Friday, February 11, 2022**

Appearances:

On behalf of Plaintiff:    On behalf of Defendant:

                            Mark Bilkovic

Wade Fink                    Timothy P. McDonald
Wade Fink Law, P.C.         U.S. Attorney's Office
550 W. Merrill Street, #100  211 W. Fort Street, #2300
Birmingham, Michigan  48009  Detroit, Michigan  48226
(248) 712-1054            (313) 226-9100
wade@wadefinklaw.com        mark.bilkovic@usdoj.gov
                            timothy.mcdonald@usdoj.gov

                  -   -   -

*To obtain a certified transcript, contact:*
*Sheri K. Ward, Official Court Reporter*
*Theodore Levin United States Courthouse*
*231 West Lafayette Boulevard*
*Detroit, Michigan  48226*
*(313)234-2604 · sheri_ward@mied.uscourts.gov*

*Transcript produced using machine shorthand and CAT software.*

*Hrg on M/Sched Trial Date and Exclude Periods of Delay*
*Friday, February 11, 2022*

## I N D E X

Motion Hearing                                              Page

Argument by Mr. Bilkovic  ........................4

Argument by Mr. Fink  ...........................11

Argument by Mr. Bilkovic  .......................17

Argument by Mr. Fink  ...........................18

Argument by Mr. Bilkovic  .......................18

Argument by Mr. Fink  ...........................19

Certification of Reporter .......................25

-   -   -

## E X H I B I T S

| Number | Description | Id'd | Rcvd | Vol. |
|--------|-------------|------|------|------|

***None Marked, Offered or Received***

-   -   -

*21-20264; U.S.A. v. Ylli Didani*

*Hrg on M/Sched Trial Date and Exclude Periods of Delay*
*Friday, February 11, 2022*

*Page 3*

Detroit, Michigan

1

Friday, February 11, 2022

2

3:53 p.m.

3

-  -  -

4

5    (Call to order of the Court.)

6          **THE CLERK:**  The court calls Case Number 21-20264,

7    *United States of America v. Ylli Didani.*

8          Appearances, please.

9          **MR. BILKOVIC:**  Good afternoon, Your Honor.

10   Mark Bilkovic and Timothy McDonald on behalf of the

11   United States.

12          **THE COURT:**  Good afternoon.

13          **MR. FINK:**  Good afternoon, Judge.  Wade Fink on

14   behalf of Ylli Didani, who is present with me at the defense

15   table.

16          **THE COURT:**  Good afternoon to both of you as well.

17       We are here on the Government's Motion to Schedule a Trial

18   Date and to Exclude Periods of Delay in Determining Speedy

19   Trial Deadline, and I also have under advisement the motion

20   from before, which was a motion for a bill of particulars, and

21   I'll rule on that as soon as I can.  Okay?

22       Okay.  Government.

23          **MR. BILKOVIC:**  Thank you, Your Honor, and if I'm

24   talking too fast or not clear enough, please let me know.

25          **THE COURT:**  I'm sorry?

*21-20264; U.S.A. v. Ylli Didani*

**1**    **MR. BILKOVIC:**  I'm sorry, I was letting the -- if I'm

**2**  talking too fast, just please let me know.

**3**    **THE COURT:**  Well, Ms. Ward will tell you if you're

**4**  going too fast, but we just need you to speak very loudly,

**5**  okay?

**6**    **MR. BILKOVIC:**  Your Honor, the government filed this

**7**  motion requesting that the Court set a trial date and enter an

**8**  order finding certain periods delay under the Speedy Trial Act.

**9**  For the reasons that I have outlined in the motion and that I

**10**  will be getting into today, the government is requesting that

**11**  the Court set a trial date in November of 2022.

**12**    Just by the way of a brief timeline, Mr. Didani was

**13**  arraigned on the indictment on April 28, 2021.  On May 7, 2021,

**14**  his counsel filed the motion for a bill of particulars, which

**15**  is pending.  The defense, I believe, and Mr. Fink will correct

**16**  me if I'm wrong, but I believe that the defense agrees with the

**17**  government that as a result of that motion the period of time

**18**  from May 7, 2021, to August 20 of 2021 should be excluded in

**19**  calculating the time that the government must bring the

**20**  defendant to trial.

**21**    Similarly, on November 10, 2021, one of Mr. Didani's

**22**  attorneys filed a motion to withdraw as counsel, and as a

**23**  result of that, I believe that Mr. Fink will agree that the

**24**  period of time from November 10, 2021, to December 14, 2021,

**25**  should also be excluded, which leaves us with basically

1    three contested periods of delay:

2         The period from April 28, 2021, when Mr. Didani was

3    indicted, up until May 7, 2021, the day that the first motion

4    was filed; the second period of delay is from August 21, 2021,

5    up until November 10, 2021, when the motion to withdraw was

6    filed; and then the third period of delay is from December 15,

7    2021, up until when the Court schedules a trial date.

8         There are several reasons that I outlined in my motion and

9    one additional reason that I'm going to touch on that I

10   believe -- the government believes would require the Court to

11   enter an order excluding periods of delay.  Two of them are not

12   ends of justice findings.

13        The first that does not require an ends of justice finding

14   is a provision in the Speedy Trial Act, specifically

15   18 United States Code 3161(h)(8) and 18 United States Code

16   Section 3292.  Those provisions in tandem allow the

17   government -- allow a period of excludable delay for up to

18   one year when the government makes an official request to

19   receive evidence that is being held in a foreign country.

20        In this case, and I outlined it in my brief, there was

21   evidence that the French government seized that we found out

22   about in May of 2021 that involved Sky -- an encrypted

23   application called Sky ECC that Mr. Didani and other

24   coconspirators were utilizing to carry on a drug-trafficking

25   conspiracy.

1    Ultimately the government made an official request for

2  that information in August of 2021.  So it is the government's

3  belief -- specifically August 19, 2021.  It is the government's

4  belief that the government is entitled to a one-year period of

5  excludable delay from the time that official request was made

6  on August 19, 2021.

7    I was not sure if we were going to have a hearing that

8  involved testimony, and so in my supplemental response that I

9  filed I did indicate that the government will file a

10  declaration in support of its request to exclude that time.  I

11  would ask, if the Court is going to take this motion under

12  advisement, I would ask for a seven-day period to be able to

13  submit that declaration to the Court so the Court can see the

14  timeline as to what the government did when it found out about

15  that information up until submitting -- having basically

16  Washington, D.C., submit that request to the French government.

17    I will indicate to the Court, and it goes into part of the

18  reason that I believe that this case should not be set for

19  trial until November, we did in the last couple of weeks

20  receive some of that information from the French government.

21  It was transmitted to the DEA, Drug Enforcement Agency, on

22  February 1, 2022.  It was then transmitted to our office on

23  February 10, 2022, and we are in the process of going through

24  that information and will be turning that information over to

25  Mr. Fink in the next two weeks.

*21-20264; U.S.A. v. Ylli Didani*

1   We have advised him, as this has been going on, that we

2   anticipate that's going to happen, but I can let the Court know

3   that just that material alone -- and there still is outstanding

4   material.  Basically, the Sky EEC, they divide it up based on a

5   PIN, a personal identification number, that a person uses to

6   set up an account.  We identified over 20 PINs that were

7   associated to Mr. Didani.  We have received information back on

8   two of those PINs and four additional PINs that relate to

9   coconspirators.

10   Just going through one of those PINs, we have discovered

11   over 90,000 messages and hundreds and hundreds, if not

12   thousands, of photographs, and we expect that the additional

13   material that we are going to receive is going to contain a

14   similar volume of material.  So the material that we have

15   received and will be receiving is extremely voluminous, and it

16   is going to take a lot of time for the government as well as

17   defense counsel to go through that.

18   So under that provision in the statute, under 18 U.S.C.

19   Section 3161(h)(8), the government does believe that it is

20   justified in asking for this delay until November to receive

21   that material that still remains outstanding.

22   The second portion of time, it doesn't cover as big of a

23   period of time, but it's not just motions that a defendant

24   files where the time is excluded.  It also pertains to motions

25   filed by the government.  The government filed this instant

1   motion on December 17, 2021, so the government believes it is

2   also entitled to a period of excludable delay from the date

3   that this motion was filed in December up until today, or, if

4   the Court takes this matter under advisement, an additional

5   30 days from today, and the provision of the statute that

6   authorizes that is 18 United States Code 3161(h)(1)(D) and

7   (h)(1)(H).

8        There are also several reasons that the government's

9   request to exclude the outstanding periods of delay -- they

10  should be excluded under the Speedy Trial Act because the ends

11  of justice outweigh the best interests of the public and the

12  defendant in a speedy trial are as follows:

13       The first one being the most obvious is the Court's

14  previous orders, including the July 2, 2020, Administrative

15  Order 20-039 suspending jury trials as a result of the COVID-19

16  pandemic where the Court made a finding that the ends of

17  justice outweighed the best interests in the public and the

18  defendants in speedy trials during that period of time from

19  July 2, 2020, until further order of the court.

20       The second reason, and the government addressed this in

21  its motion, is the government believes and is asking this Court

22  to designate this a complex case under 18 United States Code

23  3161(h)(7)(B)(ii), which allows designation of a case as

24  complex when it is so unusual or complex due to the nature of

25  the prosecution or the number of the defendants.

*Hrg on M/Sched Trial Date and Exclude Periods of Delay*
*Friday, February 11, 2022*

Page 9

1    While we do anticipate adding additional defendants to

2    this case, we don't think that the number will be so voluminous

3    as to have this case deemed complex under there, but there is

4    the nature of the prosecution in this case as well as the

5    voluminous discovery material.

6    Mr. Fink in his response argued that voluminous discovery

7    standing alone cannot be enough to declare a case complex.

8    While I may disagree with that, I certainly will indicate to

9    the Court that it's not just the amount of discovery alone in

10    this case.  I would cite to the Court the *United States v.*

11    *Lewis*, 611 F.3d 1171, a Ninth Circuit case from 2013, where the

12    Court indicated that a case can be designated as a complex case

13    in part on the calculus of the amount of discovery material

14    that needs to be reviewed.

15    In this case, as we indicated in our motion, as we have

16    advised Mr. Fink throughout this, the government is going to be

17    proceeding and seeking an indictment charging the defendant

18    with a Title 46 violation which involves drug trafficking, a

19    conspiracy to traffic drugs in international waters.  We were

20    waiting on consent from five countries to proceed with that

21    prosecution.  We have now obtained consent from three of those,

22    and we expect an indictment charging Mr. Didani with an

23    additional offense within the next 30 days.

24    That is a case that at least my research tells me,

25    although it is regularly charged in border or port districts,

*21-20264; U.S.A. v. Ylli Didani*

*Hrg on M/Sched Trial Date and Exclude Periods of Delay*
*Friday, February 11, 2022*

Page 10

1  border oceans, such as the Eleventh District -- or

2  Eleventh Circuit in Florida, the Ninth Circuit, it has not been

3  something that has been litigated in this district.  So I

4  believe that the nature of the prosecution as well as the

5  amount of discovery entitles -- or it makes this case

6  appropriate for a complex case designation.

7       Even if the Court disagrees and views that this is not a

8  complex case, the Speedy Trial Act, specifically

9  18 United States Code 3161(h)(7)(B)(iv), allows a period of

10 adjournment if a case is not deemed to be complex when the

11 failure to grant a continuance would deny the government and

12 the defendant a reasonable time for effective preparation.

13      In this case, and I outlined it in some of the pleadings

14 that we filed, but in this case we anticipate at a minimum this

15 case will take six to eight weeks to try if we go all day

16 five days a week, and I believe that that may be an estimate

17 that is way shorter than the ultimate time necessary because of

18 the volume of evidence in this case.

19      I say this to the Court because it's not just us that

20 we're looking to protect.  We have had this case and have been

21 investigating it for years.  Mr. Fink is fairly new to this

22 case, although we're not sure and I don't know, and he can

23 speak on this, whether he would be trial counsel or counsel in

24 New York will end up being the trial counsel.

25      We also have to guard against ineffective assistance of

*21-20264; U.S.A. v. Ylli Didani*

1    counsel, and I don't say that I believe Mr. Fink is going to be

2    ineffective because I believe that he's an excellent lawyer,

3    but there is no attorney out there that can get ready to try

4    this case in a short period of time.  I have never had a case

5    in the six years that I have been in the office, and part of

6    that was a RICO prosecution of the Seven Mile bloods that there

7    was close to a million pages of discovery, I have never had a

8    case that has had this much discovery in a prosecution.

9         So I think realistically, I'm not even sure that they

10   would be ready to go by November, but I think that that's an

11   appropriate place as a starting point for the Court to set a

12   trial date.  I believe all of the reasons that I have laid out

13   in my brief, in our supplemental reply, as well as what I have

14   placed on the record today, I believe that our requests are

15   appropriate.  The times that we have requested should be

16   excluded under the Speedy Trial Act, and we are asking the

17   Court to schedule the matter no earlier than November of 2022

18   for trial.

19        **THE COURT:**  Okay.  Thank you.

20        Do you wish to respond?

21        **MR. FINK:**  Very briefly, Your Honor.  Unless you have

22   questions, I'm just going to highlight a few portions.

23        To make this easy, we agree with regard to the motions

24   that were filed by us that a total of 138 excludable days are

25   proper under the statute.  That would include what we think is

1  May 7 when the motion -- of 2021 when the motion for a bill of

2  particulars was filed until August 19, 2021.  That's 104 days

3  of excludable delay.

4      And then there was a motion for the withdrawal of a prior

5  defense counsel, which was from November 10, 2021, to

6  December 4 -- not 14 -- 4, 2021, which would be 34 days.

7  That's 138 days of excludable delay.  That leaves us with a

8  total of, up to today, 158 days of yet-to-be excluded days, for

9  lack of a better term, non-excludable days.  The -- which, of

10  course, this Court knows, with the 70-day clock, is 88 days

11  over the Speedy Trial Act requirement.

12      As to the points made by the government, the one-year rule

13  I think is an interesting one, and it may be moot because I

14  think there are other issues this Court can decide and not have

15  to reach it, but --

16      I don't know if I'm doing that, Judge.  Sorry for the

17  echoing that's being made.

18      3161(h)(8), which provides for up to one year for the

19  securing of foreign evidence, the rule is discretionary.  It's

20  not an automatic one.  It's not to exceed one year.

21      It is unclear to us why the government did not make use of

22  Section 3292, which allows them to pursue this evidence

23  pre-indictment.  It is likewise unclear to us why the

24  government did not pursue this evidence immediately upon

25  indictment but instead waited another four months to request

1  it.

2      So, while I don't know that this issue will be

3  dispositive, I do have concerns of a request for a blanket

4  one-year excludable delay given that the burden is on the

5  government to make this Court comfortable with, number one,

6  that they actually made the request, and I take Mr. Bilkovic at

7  his word that it's been done.  However, we still -- it hasn't

8  been filed yet, and I have no objection to the seven days to so

9  file that.

10      But, in addition, there's an element of discretion for you

11  to decide how much time is appropriate, and I don't see

12  anything in the pleadings that has indicated why the full year

13  is necessary.  In fact, it appears we're getting the evidence

14  now.  So that is just a minor point, Judge, that, again, I'm

15  not sure would be dispositive, but I wanted to protect the

16  record.

17      The second thing, Judge, is on the complexity of the case.

18  I think it's premature to designate it a complex case in the

19  sense that once there's a ruling on the bill of particulars and

20  we know precisely what we're defending against and what is

21  connected to what, then we know how much evidence may or may

22  not be necessarily relevant or may be the subject of

23  dispositive motions.  I'm not sure yet, but I think that a

24  ruling on that will shed some light on just how complex the

25  case is and how much of the evidence is either extraneous or

1   not because there are some dispositive issues that the defense

2   sees at this point in time that it intends to bring to the

3   Court's attention, which in itself leads to another concern

4   that we have to acknowledge and concede.  Because we feel that

5   there are dispositive issues in the case, that will

6   necessitate, provided my client wishes to file those motions,

7   that will necessitate complex motions before this Court which

8   will indeed take time.

9         As for Title 46 and the need for the government to have

10  time to properly pursue that and their intent to do that, once

11  again, this is nothing to impugn the word of the government

12  because so far everything has been very straightforward in what

13  they have shared with me.  However, it still hasn't been

14  brought, and there are issues that we have with that.

15        So there's a balancing act here, Judge.  There is a lot of

16  discovery.  Everything Mr. Bilkovic said with regard to that

17  has been represented to me.  There is voluminous discovery.

18  That will take time.  However, as is my client's right, he is

19  invoking his right to a speedy trial, and we believe that the

20  grounds have not been laid to exclude any additional time and

21  certainly not on the basis of the briefs as constituted.

22        Thank you, Judge.

23              **THE COURT:**  Okay.

24        **MR. BILKOVIC:**  Your Honor, can I just respond to

25  one point that Mr. Fink made?

*Hrg on M/Sched Trial Date and Exclude Periods of Delay*
*Friday, February 11, 2022*

*Page 15*

1    **THE COURT:**  You may respond, yes.

2    **MR. BILKOVIC:**  Thank you.

3    **THE COURT:**  But before you do I want to ask him a

4    question.  Well, maybe I want to ask you first.  When will

5    Mr. Fink have all of the discovery?

6    **MR. BILKOVIC:**  We anticipate, excluding *Jencks*, we

7    anticipate having all of the Sky material that we received

8    turned over to Mr. Fink in the next two days, and I will also

9    say that we have already provided a voluminous amount of

10   discovery, the previous iCloud dumps, electronic evidence,

11   search warrants and things of that nature.  The problem was

12   that when we provided it, we provided it to previous counsel,

13   who did not back it up I guess in the manner that they needed

14   to, so we had to re-provide it to Mr. Fink, and we have done

15   that.

16   **MR. FINK:**  That's accurate, Judge.

17   **THE COURT:**  Okay.  So you think you are going to have

18   it to him by the beginning of March?

19   **MR. BILKOVIC:**  Yes.

20   **THE COURT:**  Okay.  So like March 3rd?  I think that's

21   the day following -- the Monday following the 28th; right?

22   (Discussion held off the record.)

23   **MR. BILKOVIC:**  We can have it two weeks from today.

24   **THE COURT:**  Two weeks from today would be?

25   **MR. BILKOVIC:**  February 25th.

*21-20264; U.S.A. v. Ylli Didani*

1      **THE COURT:**  February 25th, okay.  February 25th to

2   provide the rest of discovery, and you think you need how long

3   after that?

4      **MR. FINK:**  Particularly as to what, Judge?  As to

5   motions or how long with what?

6      **THE COURT:**  To prepare for trial.

7      **MR. FINK:**  Judge, that's a very difficult question

8   for me to answer, and I apologize that --

9      **THE COURT:**  How about to review the discovery?

10      **MR. FINK:**  It will take a substantial amount of time

11   if it is, as represented by the government, as voluminous as it

12   is.  Please be mindful, Judge, and I apologize that I can't be

13   the person to necessarily say with certainty, that there are

14   two lawyers in New York who are lead trial counsel on this.

15   However, I don't disagree -- I simply can't -- that there isn't

16   a substantial amount of documents that's been represented to

17   me.

18      My client's wishes, it's understandable.  He is

19   incarcerated, and when you feel that you are incarcerated

20   wrongfully, you obviously have views of how fast you would like

21   to be heard.  So I hear that and I'm sympathetic to it, and

22   that's why I'm invoking these rights unequivocally, but I also

23   have to balance that with being an ethical and effective

24   counselor.  And if it's true that there is this much in terms

25   of discovery, I don't see how any lawyer could provide

1  effective assistance without adequate time, but that has to be

2  balanced against my client's right not to be held for a crime

3  that he says he didn't commit.

4          **THE COURT:**  Okay.  Now you may reply.

5          **MR. BILKOVIC:**  Thank you, Your Honor.  And just

6  briefly I want to indicate to the Court, as I have indicated to

7  the Court and I indicated in the motion, the discovery that

8  we're going to be turning over with respect to the Sky is what

9  we have right now.  We do anticipate receiving additional

10  discovery from additional PINs hopefully within the next

11  60 days.  Once we do receive that, we will also, likewise, turn

12  that around and get copies of that to Mr. Fink within a couple

13  weeks of receiving that information.

14      I just want to make it clear to the Court that we don't

15  have everything right now, which is part of the reason why I

16  believe that under the statute for evidence from a foreign

17  country we are entitled to a period of excludable delay.

18      And just briefly touching on Mr. Fink's point, and it will

19  be addressed further in the declaration that we file, but there

20  is a provision that allows us to seek this pre-indictment.

21  However, Mr. Didani was indicted on April 28, 2021.  Law

22  enforcement did not become aware that there was the Sky ECC

23  information potentially available in this case pertaining to

24  Mr. Didani until May 20, 2021.  So it would not have been

25  possible for us to do that because we did not know that the

1  information was available with the French government.

2  　　　　And keep in mind, Your Honor, this is -- and I'll lay it

3  out a little bit more in the declaration when we file it, but

4  it's not simply our office sends a request to the French

5  government.  There are channels we have to go through, going

6  through the State Department, and that process takes a while,

7  and we did it as fast as we could.  And then we waited on the

8  State Department to do what they did, but we didn't find out

9  conclusively until May 20 of 2021 that there was potential

10 information pertaining to Mr. Didani's communications in the

11 Sky material that was seized.

12 　　　　　　THE COURT:  Okay.

13 　　　　　　MR. FINK:  Your Honor, my client is asking me that I

14 clarify one point on the record.  I think Mr. Bilkovic's last

15 word is important, conclusively, because the discovery that we

16 have received does indicate knowledge of the existence of Sky

17 ECC long before the indictment.  I think what Mr. Bilkovic is

18 saying is whether that could be recovered or not was the

19 discovery, but my client wants the Court to be aware that that

20 was mentioned at least as early as 2018 in the discovery.

21 　　　　　　THE COURT:  Okay.  2018?

22 　　　　　　MR. BILKOVIC:  We had evidence in 2018 that

23 Mr. Didani was utilizing Sky ECC to communicate.  However, we

24 were not aware until May of 2021 that the French government,

25 the information that they seized contained communications of

*Hrg on M/Sched Trial Date and Exclude Periods of Delay*
*Friday, February 11, 2022*

*Page 19*

1  Mr. Didani's.

2      The Sky ECC, it's a gigantic network that is basically

3  tied to PINs and not names so it took a long time from the time

4  that the French government seized that information for them to

5  even make it public and then for our law enforcement to be able

6  to work with French law enforcement to determine whether or not

7  they even had information pertaining to the PINs that we had

8  associated -- the identifications that we had associated with

9  Mr. Didani.

10      **MR. FINK:**  Kind of the problem with this argument,

11  Chief, is -- Chief Judge Hood, is that I think that's why the

12  statute suggests there can be a record made about these efforts

13  because Belgium was the original country that even seized Sky

14  ECC.  So a lot of this is unclear, and that's not to say that I

15  don't trust Mr. Bilkovic's word, but in terms of providing to

16  this Court comfort that one year is necessary or that the

17  channels were properly followed, I think you would need a

18  hearing or a declaration, which I understand is forthcoming,

19  but this doesn't exactly square, and I can't rebut it unless I

20  have a record to rebut.

21      **THE COURT:**  Okay.  All right.  That's fine.  Let's

22  start by having you file that declaration.  You said you could

23  file it in a week, February 18?

24      **MR. BILKOVIC:**  Yes.

25      **THE COURT:**  Okay.  And then I would also say that you

*21-20264; U.S.A. v. Ylli Didani*

1    are going to provide the discovery within two weeks.  That

2    would be March 7th, wouldn't it?

3            **MR. FINK:**  I think that would be three.

4            **MR. BILKOVIC:**  April 25th.

5            **THE COURT:**  I'm sorry?

6            **MR. FINK:**  February 25th.

7            **MR. BILKOVIC:**  April 25th.

8            **MR. FINK:**  February 25th.

9            **MR. BILKOVIC:**  February.  Why do I keep saying April?

10   February 25th.

11           **THE COURT:**  February 25th for that discovery?

12           **MR. BILKOVIC:**  Yes.

13           **THE COURT:**  Okay.  February 25th.  And you will look

14   at it, and when will you be able to tell me about how much you

15   think it is, Mr. Fink?

16           **MR. FINK:**  In a supplement, Judge, about how much it

17   contains or our agreement as to how much it contains?  I can do

18   that relatively quickly by, excuse me, by observing simply how

19   much data there is.  So I suppose we could jointly file an

20   agreement as to how much it is, if I am understanding the Court

21   correctly.

22           **THE COURT:**  I want to be able to talk to you about

23   how much time you need to look at that so do you want to do

24   that -- do you need a week or do you need two weeks?

25           **MR. FINK:**  In a status conference, Judge?

*Hrg on M/Sched Trial Date and Exclude Periods of Delay*
*Friday, February 11, 2022*

Page 21

1      THE COURT:  Yes.

2      MR. FINK:  I'll always take more time, to be safe, if

3  we do two weeks, to make sure that I have and understand and

4  uploaded it correctly.

5      THE COURT:  And then the two weeks, would that be

6  March what?

7      THE CLERK:  It would be March 11th.

8      THE COURT:  Okay.  March 11th.  Can you come back

9  here then?

10      MR. FINK:  Anything for you, Judge.

11      MR. BILKOVIC:  Yes, Your Honor.

12      THE COURT:  Can they come back, Ms. Saulsberry, on

13  March 11th?

14      No.  Is that a Friday?

15      THE CLERK:  That's a Friday.

16      THE COURT:  No, they can't come on that date.  Do you

17  want to come sometime after that next Tuesday?

18      THE CLERK:  They can come in March the --

19      THE COURT:  I didn't hear what day.

20      THE CLERK:  I'm looking.  March the 16th they can

21  come in.

22      THE COURT:  Does that sound good to you?

23      MR. FINK:  Unfortunately, Judge, I'm scheduled to be

24  out of town with my wife for those few days.  I don't think

25  she'll be happy.

*21-20264; U.S.A. v. Ylli Didani*

*Hrg on M/Sched Trial Date and Exclude Periods of Delay*
*Friday, February 11, 2022*

*Page 22*

1  If there's something before or after that.  I'll be gone

2  until it looks like the 16th to the 20th.  I apologize.

3  **THE COURT:**  Of March?

4  **MR. FINK:**  Of March, correct.

5  **THE CLERK:**  We can do March the 14th.  That's a

6  Monday.

7  **MR. FINK:**  I can do that.

8  **THE COURT:**  Do you want to do that?  March -- in the

9  afternoon.

10  **MR. FINK:**  3/14 in the afternoon.

11  **THE CLERK:**  3 o'clock.

12  **THE COURT:**  No, later.

13  **THE CLERK:**  4 o'clock.

14  **THE COURT:**  Yeah, 4:00 p.m.  Okay?

15  Does that work for the Government, too?

16  **MR. BILKOVIC:**  Yes, Your Honor.

17  **THE COURT:**  Okay.  That will be your status

18  conference on that, okay?

19  **MR. FINK:**  Thank you for accommodating that, Judge.

20  **THE COURT:**  Anything else we need to take up today?

21  I'll wait for your declaration then.  I'll give you an

22  order on the speedy trial issue.  Is that all right?

23  **MR. BILKOVIC:**  Thank you, Your Honor.  Yes.

24  **THE COURT:**  Do you want time to respond to that?

25  **MR. FINK:**  To the declaration?  If I could have an

*21-20264; U.S.A. v. Ylli Didani*

1 │ optional response.

2 │    **THE COURT:**  Why don't you do this.  When you get it,

3 │ if you need time to respond -- March 7 is what day of the week?

4 │    **THE CLERK:**  March 7 is a Monday.

5 │    **THE COURT:**  Yeah.  Can you let us know by Wednesday?

6 │    **MR. FINK:**  I sure can, Judge.

7 │    **THE COURT:**  Just notify the government and

8 │ Ms. Saulsberry that you want to respond, and then we'll work

9 │ out a date for you.  Is that agreeable to the government?

10 │    **MR. BILKOVIC:**  Yes, Your Honor.

11 │    **THE COURT:**  Okay.

12 │    **MR. FINK:**  Thank you very much.

13 │    **THE COURT:**  Your client is trying to raise his hand,

14 │ but maybe he wants to speak to you first.

15 │    **MR. FINK:**  No, Judge.

16 │    **THE COURT:**  You didn't want to say something?

17 │    **THE DEFENDANT:**  No, no, Your Honor, no.  I thought

18 │ you wanted me to get up.  No.

19 │    **THE COURT:**  Oh, no, no, no, no, no.  I will tell you

20 │ if I want you to get up.  I'm letting everyone stay at the

21 │ tables if you feel more comfortable while we still have these

22 │ COVID numbers that, even though they are coming down, they're

23 │ still high.  I want everyone to be safe, okay?

24 │    **THE DEFENDANT:**  Thank you, Your Honor.

25 │    **THE COURT:**  All right.  Anything else we need to take

*21-20264; U.S.A. v. Ylli Didani*

*Hrg on M/Sched Trial Date and Exclude Periods of Delay*
*Friday, February 11, 2022*

*Page 24*

1    up today?

2            **MR. BILKOVIC:**  No, Your Honor.

3            **THE COURT:**  Okay.  Then thank you for your arguments,

4    and I'll see you in March, okay?

5            **MR. FINK:**  Thank you very much, Your Honor.

6            **MR. BILKOVIC:**  Everyone have a nice weekend.

7            **THE COURT:**  All right.  Thank you.  Court is in

8    recess.

9        (Proceedings concluded at 4:23 p.m.)

10                    -    -    -

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

*Hrg on M/Sched Trial Date and Exclude Periods of Delay*
*Friday, February 11, 2022*

Page 25

1

2

3                    **C E R T I F I C A T I O N**

4        I certify that the foregoing is a correct transcription of

5    the record of proceedings in the above-entitled matter.

6

7    *Sheri Ward*                              5/8/2024
     Sheri K. Ward                             Date
8    Official Court Reporter

9                            -    -    -

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

*21-20264; U.S.A. v. Ylli Didani*