UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

YLLI DIDANI,

    Defendant.

Case No. 21-CR-20264

Hon. Denise Page Hood

## MOTION FOR APPOINTMENT OF ADDITIONAL COUNSEL

Defendant Ylli Didani ("Didani"), by and through counsel, WADE FINK LAW, P.C., hereby requests an appointment of a second trial counsel because this matter is "an extremely difficult case" where the Court should "find it in the interest of justice to appoint an additional attorney." *See* Guide to Juidicary Policy, Vol. 7 Defender Services, Part A, Guidelines for Administering the CJA and Related Statuses, Chapter 2 at §230.53.20.

In support of this motion, undersigned counsel relies upon the law, facts, and arguments set forth fully in the attached brief. The government leaves it to the Court's discretion and will not be filing a response.

WHEREFORE, undersigned counsel respectfully requests that this Honorable Court grant this motion.

Date: July 29, 2024

Respectfully Submitted,

WADE FINK LAW P.C.

<u>/s/ Wade G. Fink</u>
Wade G. Fink (P78751)
*Attorneys for Defendant*
550 W. Merrill St., Suite 100
Birmingham, MI 48009
248-712-1054
wade@wadefinklaw.com

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

YLLI DIDANI,

    Defendant.

Case No. 21-CR-20264

Hon. Denise Page Hood

## BRIEF IN SUPPORT

### I.    RELEVANT FACTUAL BACKGROUND

Didani is charged by a superseding indictment alleging conspiracy to distribute controlled substance (21 U.S.C. § 841, 846), conspiracy to distribute controlled substances on board a vessel subject to the jurisdiction of the United States (46 U.S.C. § 70503(a)), and conspiracy to launder money (18 U.S.C. §1956(h)). *See* ECF No. 38. The Court is aware of the legal complexities of the case from prior motions, briefing, and hearings. And the Court is now aware of the factual complexities, designating the same a complex case within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii). *See* ECF No. 103.

The discovery in this matter consists of more than 2 Terabytes of information, including, but not limited to, numerous cell phone extractions, multiple iCloud extractions, recorded phone calls, and a decade worth of investigative reports and

documentary evidence. In all, there are well over 100,000 of pages of information, just in iCloud and cell phone data alone. This does not even include the thousands, if not tens of thousands, of pages of text messages, search warrant affidavits, photographs, laboratory reports, and other items. The government has witnesses in this case located in multiple countries, including on at least three continents. The government is anticipating a 6-week trial.

The Court is also aware that undersigned counsel was originally hired in this matter to assist trial counsel in motion and brief writing. Due to a breakdown with Defendant and his trial counsel, and, to be sure, a breakdown between trial counsel and undersigned as well, the Court permitted the withdrawal of previous trial counsel and appointed the undersigned as lead counsel on May 24, 2024. Since, undersigned has been working diligently to get his arms around the matter, including awaiting the Court's Order related to complexity to then budget the case.

In consultation with Dennis Alerding and the Federal Defender Office, given the circumstances of the case, Didani and his counsel request appointment of a second lawyer to prepare and try this case.

## II.  ARGUMENT

This Court is empowered to appoint co-counsel in "an extremely difficult case" where it "finds it in the interest of justice to appoint an additional attorney."

2

*See* Guide to Juidicary Policy, Vol. 7 Defender Services, Part A, Guidelines for Administering the CJA and Related Statuses, Chapter 2 at §230.53.20.

The breadth of discovery, the imminency of trial, and the nuance to the novel issues of law (not the least of which, the first use of Title 46 in our district ever) are circumstances to identify this as an "extremely difficult case." And it is in the interest of justice to appoint co-counsel to ensure that Didani is effectively represented and that he receives a fair trial. Not only is that important for Didani for reasons obvious, but also the government and the public, investing, already, huge resources into this case and trial. It is important it be a fair one.

### III. CONCLUSION

Undersigned counsel asks this Court to enter an Order appointing additional CJA counsel to assist undersigned counsel. If and when that order is entered, the FDO will appoint a CJA attorney and counsel will work together with Dennis Alerding to budget the matter and provide excellent counsel.

Date: July 29, 2024                    Respectfully Submitted,

                                       WADE FINK LAW P.C.

                                       /s/ Wade G. Fink
                                       Wade G. Fink (P78751)
                                       *Attorneys for Defendant*
                                       550 W. Merrill St., Suite 100
                                       Birmingham, MI 48009
                                       248-712-1054
                                       wade@wadefinklaw.com

3

```
```

**PROOF OF SERVICE**

I hereby certify that on July 29, 2024, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to counsel of record.

/s/ Wade G. Fink
Wade G. Fink (P78751)
550 W. Merrill St., Suite 100
Birmingham, MI 48009
248-712-1054
wade@wadefinklaw.com