UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

YLLI DIDANI,

    Defendant.

Case No. 21-CR-20264

Hon. Denise Page Hood

## MOTION TO WITHDRAW AS COUNSEL

Attorney Wade G. Fink of WADE FINK LAW P.C. hereby moves this Honorable Court for an order permitting his withdrawal. The government has indicated it does not oppose the motion.

In support of this motion, undersigned counsel relies upon the law, facts, and arguments set forth fully in the attached brief.

WHEREFORE, undersigned counsel respectfully requests that this Honorable Court grant this motion.

Date: July 31, 2024                        Respectfully Submitted,

                                                  WADE FINK LAW P.C.

                                                  <u>/s/ Wade G. Fink</u>
                                                  Wade G. Fink (P78751)
                                                  *Attorneys for Defendant*
                                                  550 W. Merrill St., Suite 100
                                                  Birmingham, MI 48009
                                                  248-712-1054
                                                  wade@wadefinklaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

YLLI DIDANI,

    Defendant.

Case No. 21-CR-20264

Hon. Denise Page Hood

**BRIEF IN SUPPORT OF MOTION TO WITHDRAW**

**I.    RELEVANT FACTUAL BACKGROUND**

Didani is charged by a superseding indictment alleging conspiracy to distribute controlled substance (21 U.S.C. § 841, 846), conspiracy to distribute controlled substances on board a vessel subject to the jurisdiction of the United States (46 U.S.C. § 70503(a)), and conspiracy to launder money (18 U.S.C. §1956(h)). *See* ECF No. 38. The Court is aware of the legal complexities of the case from prior motions, briefing, and hearings. And the Court is aware of the factual complexities, designating the same a complex case within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii). *See* ECF No. 103.

Undersigned counsel entered this matter in November of 2021. He was originally hired to assist trial attorneys from New York as local counsel doing motion work. Undersigned counsel has expended many, many hours on this matter,

the bulk of which were spent on complicated, involved pre-trial motions. For this reason, after a breakdown between Defendant and his original trial counsel, the Court, with Defendant's consent, permitted the withdrawal of previous trial counsel and appointed the undersigned as lead counsel on May 24, 2024 due to Defendant's lack of financial means.

Since, undersigned has been working diligently to get his arms around the matter beyond which he had previously. The discovery in this matter consists of more than 2 Terabytes of information, including, but not limited to, numerous cell phone extractions, multiple iCloud extractions, recorded phone calls, and a decade worth of investigative reports and documentary evidence. In all, there are well over 100,000 of pages of information, just in iCloud and cell phone data alone. This does not even include the thousands, if not tens of thousands, of pages of text messages, search warrant affidavits, photographs, laboratory reports, and other items. The government has witnesses in this case located in multiple countries, including on at least three continents. The government is anticipating a 6-week trial.

Defendant has developed distrust for undersigned counsel. And that distrust is creating an untenable situation in the attorney-client relationship. There has been a complete breakdown in the attorney-client such that Defendant wishes for undersigned counsel to be removed from the case. It is unclear if he will request to represent himself, ask for new appointed counsel, or try to retain one.

## II. ARGUMENT

An attorney may withdraw by written motion served upon a defendant. The Court should only deny the motion if the withdrawal of the attorney would unduly delay the case, be unfairly prejudicial, or is otherwise not in the interest of justice. L.R. 57.1. A break-down in communication is one example of good cause warranting the withdrawal of counsel. *Wilson v Mintzes,* 761 F.2d 275 (6th Cir. 1985).

Defendant has asked defense counsel to be removed from the case. The environment in this relationship has not been pleasant as of late. To be sure, the case may result in substantial delay and prejudice. But Defendant does not wish for undersigned counsel to represent him. And counsel must inform the Court of the circumstances.

## III. CONCLUSION

Undersigned counsel asks this Court to permit his withdrawal.

Date: July 31, 2024                                  Respectfully Submitted,

                                                     WADE FINK LAW P.C.

                                                     /s/ Wade G. Fink
                                                     Wade G. Fink (P78751)
                                                     *Attorneys for Defendant*
                                                     550 W. Merrill St., Suite 100
                                                     Birmingham, MI 48009
                                                     248-712-1054
                                                     wade@wadefinklaw.com

3

**PROOF OF SERVICE**

I hereby certify that on July 31, 2024, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to counsel of record. In addition, I mailed a copy of this motion to Defendant Ylli Didani at the FCI Milan Detention Center on the same date.

/s/ Wade G. Fink
Wade G. Fink (P78751)
550 W. Merrill St., Suite 100
Birmingham, MI 48009
248-712-1054
wade@wadefinklaw.com