UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

YLLI DIDANI,

    Defendant.

Case No. 21-CR-20264

Hon. Denise Page Hood

---

**STANDBY COUNSEL'S OMNIBUS MOTION TO ADJOURN TRIAL AND RESPONSE TO GOVERNMENT'S MOTION TO ADJOURN TRIAL**

    Standby Counsel, Wade G. Fink of WADE FINK LAW, P.C., hereby requests that the trial date be adjourned for approximately 120 days for some of the reasons stated in the Government's Motion to Adjourn Trial and for the reasons stated herein. This pleading shall serve as a motion by Standby Counsel and response to the Government's Motion from Standby Counsel.

    Standby Counsel speaks only for himself and not for Defendant Ylli Didani ("Didani"), who is representing himself. In fact, Didani objects to the Government's Motion and Standby Counsel's Motion and requests that the trial continue as scheduled on November 5, 2024.

    WHEREFORE, undersigned counsel respectfully requests that this Honorable Court grant this motion.

Date: October 8, 2024	Respectfully Submitted,

WADE FINK LAW P.C.

/s/ Wade G. Fink
Wade G. Fink (P78751)
*Attorneys for Defendant*
550 W. Merrill St., Suite 100
Birmingham, MI 48009
248-712-1054
wade@wadefinklaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

YLLI DIDANI,

    Defendant.

Case No. 21-CR-20264

Hon. Denise Page Hood

## BRIEF IN SUPPORT

### I. RELEVANT FACTUAL BACKGROUND

Didani is charged by a superseding indictment alleging conspiracy to distribute controlled substance (21 U.S.C. § 841, 846), conspiracy to distribute controlled substances on board a vessel subject to the jurisdiction of the United States (46 U.S.C. § 70503(a)), and conspiracy to launder money (18 U.S.C. §1956(h)). *See* ECF No. 38. The Court is aware of the legal complexities of the case from prior motions, briefing, and hearings. And the Court is aware of the factual complexities, designating the same a complex case within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii). *See* ECF No. 103.

The discovery in this matter consists of more than 2 Terabytes of information, including, but not limited to, numerous cell phone extractions, multiple iCloud extractions, recorded phone calls, and a decade worth of investigative reports and

documentary evidence. In all, there are well over 100,000 of pages of information, just in iCloud and cell phone data alone. This does not even include the thousands, if not tens of thousands, of pages of text messages, search warrant affidavits, photographs, laboratory reports, and other items. The government has witnesses in this case located in multiple countries, including on at least three continents.

The government initially anticipated a 6-week trial. Now, given Didani's self-representation and indications that he will not stipulate to any evidence, no matter how innocuous or inevitable those things may be, the Government anticipates up to a 10-week trial.

The Court is also aware that undersigned counsel was originally hired in this matter to assist trial counsel in motion and brief writing. Due to a breakdown with Defendant and his initial local counsel, and then again with his original trial counsel, the Court permitted the withdrawal of previous trial counsel and appointed the undersigned as lead counsel on May 24, 2024. Undersigned began working diligently to get his arms around the full matter, including awaiting the Court's Order related to complexity to then budget the case.

However, only a few weeks later, Didani asked to terminate undersigned counsel. Undersigned counsel filed a motion to withdraw on July 30, 2024 (ECF No. 106). This motion was granted on September 4, 2024. ECF No. 107. In the weeks that followed, undersigned counsel facilitated discovery being given to Didani and

2

worked with the Federal Defender Office to find standby counsel. The Federal Defender Office struggled to find willing and available standby counsel. A few weeks later, undersigned counsel was asked about his willingness to serve as standby counsel. After consulting with Didani, and in deference and respect to the Federal Defender Office and this Court, undersigned counsel agreed he could put aside the differences with Didani and Didani, as stated at the withdrawal hearing, and again recently, he could do the same.

However, given the complexities of the case, given the time from July 30, 2024 through being re-appointed to the case on September 20, 2024, defense counsel does not have adequate time to prepare for a trial on November 5, 2024. There are three primary reasons: (1) standby counsel is expected to be able to take over an eight-to-ten week trial at any time, and preparation as though he will be lead counsel is required; (2) in the intervening time since withdrawing and agreeing to be standby counsel, undersigned counsel has another trial scheduled in Livingston County, *People v. Jeffrey Adams,* in front of the Honorable Judge Suzanne Geddis; (3) the length of this trial requires careful and thoughtful planning that respects other clients and their cases – the holidays and short time frame before trial do not allow standby counsel to do this, which is unfair to other clients.

Standby Counsel understands Didani is his own lawyer and wishes to proceed to trial on November 5, 2024. But the duties of Standby Counsel, the needs of the

3

case, and other considerations as laid out in the Government's brief, clearly call for an adjournment in Standby Counsel's view.

## II. ARGUMENT

This Court has the power to appoint standby counsel over a criminal defendant's objection. *See Faretta v California,* 422 U.S. 806, 834 (1975). There are several reasons for this – the defendant benefits from consultation with standby counsel, the defendant may become overwhelmed, or a defendant may deliberately engage in serious and obstructionist misconduct requiring the Court to terminate self-representation. *See id.*

The justifications for standby counsel here are met in undersigned counsel's view and the Court would be justified in appointing the same – with or without Defendant's consent. To the extent the Court finds standby counsel continues to be appropriate, it likewise has the authority to delay a trial so stand-by counsel has sufficient to review the case. *See, e.g., United States v Buie,* 2006 U.S. Dist. LEXIS 64888 (S.D.N.Y. 2006) (adjourning a trial with standby counsel); *see also United SDtates v Jerdine,* 511 Fed. Appx. 391, 392 (6th Cir. 2013) (stating that there was no speedy trial violation, in part, because standby counsel agreed to an adjournment); *Webb v. Kanode,* 2022 U.S. Dist. LEXIS 166561 (E.D. Va. 2022) (in habeas appeal, denied common law speedy trial violation when stand-by counsel endorsed continuances); *United States v. Graham,* 643 F.3d 885, 887 (11th Cir. 2011)

4

(Eleventh Circuit held that standby counsel's unpreparedness was not denial of sixth amendment rights because of defendant's manipulative conduct)[1]

The breadth of discovery, the imminency of trial, Standby Counsel's scheduling conflict, the nuance of the novel issues of law and fact, (not the least of which, the first use of Title 46 in our district ever), and the reasons stated in the Government's Motion[2] are circumstances to justify a continuance and Standby Counsel asks for the same. Standby Counsel requests the time to further prepare, accommodate his conflicts, and the Jewish holidays.

Date: October 8, 2024

Respectfully Submitted,

WADE FINK LAW P.C.

/s/ Wade G. Fink
Wade G. Fink (P78751)
*Attorneys for Defendant*
550 W. Merrill St., Suite 100
Birmingham, MI 48009
248-712-1054
wade@wadefinklaw.com

---

[2] With the exception of needing more time to gather evidence. Standby Counsel does not agree this is a justification for a continuance.

5

**PROOF OF SERVICE**

I hereby certify that on October 8, 2024, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to counsel of record.

        /s/ Wade G. Fink
        Wade G. Fink (P78751)
        550 W. Merrill St., Suite 100
        Birmingham, MI 48009
        248-712-1054
        wade@wadefinklaw.com