# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

YLLI DIDANI,

    Defendant.

Case No. 21-20264

Hon. Denise Page Hood

---

| | |
|---|---|
| Mark Bilkovic (P48855) | Ylli Didani |
| Timothy P. McDonald | PRO SE DEFENDANT |
| Assistant United States Attorneys | FDC Milan |
| 211 W. Fort St., Ste. 2001 | 4004 Arkona Road |
| Detroit, MI 48226 | Milan, MI 48160 |
| (313) 226-9623 | |
| mark.bilkovic@usdoj.gov | Wade G. Fink (P78751) |
| Timothy.mcdonald@usdoj.gov | WADE FINK LAW, P.C. |
| *Attorneys for the United States* | 550 W. Merrill St Suite 100 |
| | Birmingham, MI 48009 |
| | (248) 712-1054 |
| | wade@wadefinklaw.com |
| | *Standby Counsel Only* |

---

## DEFENDANT'S MOTION TO DISMISS
## HEARING REGARDING VALIDITY OF CERTIFICATES

Defendant in this case has asked this Honorable court that if it chose to Delay Trial of November 5, 2024 and Grant The Government's Motion To Adjourn Under

The Speedy Trial Act See (ECF No. 115), To Revisit the issue of the Certificates issued by the Secretary of State Relating To Subject matter and Bond Hearing (there is a forthcoming motion for bond).

Defendant does not wish for this motion to delay the currently scheduled trial unless he is given a bond. If he is not given a bond, and the trial must be delayed to decide the motion, he wishes to withdraw the motion.

Date: December 4, 2024           Respectfully Submitted,

/s/ Ylli Didani (with permission WGF)[1]

PRO SE DEFENDANT
FDC Milan
4004 Arkona Road
Milan, MI 48160

---

[1] Standby counsel made only cosmetic changes and one addition regarding Defendant's request that this motion be heard without delaying trial or for bond. Otherwise, standby counsel is merely organizing Defendant's writing into the proper format and filing for his, the Court's, and the prosecutors' convenience.

ii

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                        Case No. 21-20264

v.                                   Hon. Denise Page Hood

YLLI DIDANI,

    Defendant.

---

| | |
|---|---|
| Mark Bilkovic (P48855) | Ylli Didani |
| Timothy P. McDonald | PRO SE DEFENDANT |
| Assistant United States Attorneys | FDC Milan |
| 211 W. Fort St., Ste. 2001 | 4004 Arkona Road |
| Detroit, MI 48226 | Milan, MI 48160 |
| (313) 226-9623 | |
| mark.bilkovic@usdoj.gov | Wade G. Fink (P78751) |
| Timothy.mcdonald@usdoj.gov | WADE FINK LAW, P.C. |
| *Attorneys for the United States* | 550 W. Merrill St Suite 100 |
| | Birmingham, MI 48009 |
| | (248) 712-1054 |
| | wade@wadefinklaw.com |
| | *Standby Counsel Only* |

---

**BRIEF IN SUPPORT**

1

## I. INTRODUCTION AND FACTUAL BACKGROUND

The Defendant YLLI DIDANI was original Brought To This District on a complaint. Count 1, 21 U.S.C. 841 and 846, Count 2: Conspiracy To possess with intent To Distribute and Distributing a Controlled substance on Board a Vessel Subject To Jurisdiction of the United States of America in Violation of 46 U.S.C. 70503 (a) and 70506 (b): Count 3 Conspiracy to Launder monetary Instruments in Violation of 18 U.S.C 1956 (h).

However in April 21, 2021 The Grand Jury returned with only ONE COUNT: 21 U.S.C. 841 and 846. Nearly a full year later, on March 16, 2022. The government filed a Superseding Indictment adding a SECOND COUNT - Conspiracy to pocess with Intent to deliver a controlled substance on board a vessel subject to the Jurisdiction of The United States, contrary to the Maritime Drug Law Enforcement Act (The "MDLEA"). MDLEA, 46 U.S.C, 70503(a) and 70506(b). ECF No. 38, Superseding Indictment.

The government's MDLEA conspiracy alleges that Didani and others conspired to distribute cocaine by shipping the narcotic aboard certain international ocean vessels including what are referred to as the MSC Anisha R, the Jean Gabriel, the Cartagena Express, the Jenny, and the Star Care. id {} 1,27 and 31. The alleged distribution of the cocaine was purely international, as all the vessels were traveling

2

either from South America to Europe, or from one European location to another. Id at {} 6, 27 and 33.

The government must obtain consent to prosecute this case in the United States from the foreign nations where the drugs were seized. None of the foreign nations where originally the drugs were seized have consented to prosecution of this case in The United States however the government has presented three certificates from the foreign nations where the ships are registered as consent: Germany, Liberia, Malta, Portugal and Singapore never responded.

The Subject of this motion are the three certificates issued by United States of America Department of State, prepared by Commander Ian M.Starr, U.S.C.G and Singh by Antony J.Blinken, Secretary of State All three Certificates are Executed on the same day July 22 2022, even though these three certificates are from three different countries and two different continents. Those certificates are the subject of this Motion, the United State violated their own MDLEA Laws.

## II. ARGUMENT

A person charged with violating {The MDLEA} does not have standing to raise a claim of failure to comply with international law in the enforcement of this chapter may be made only by a foreign nation 46 U.S.C &70505 see also Mitchell Hunter 663 F3.d a 51 (the purpose of the MDLEAs jurisdiction requirement is not

3

to protect a defendants rights but instead to maintain comity between Foreign nations).

The defendant Didani Ylli in this case, and in this arguments is not based under international law, the defendant Didani in the case is raising a claim that The United States has failed to comply with their own laws, for example United States vs Maynard 888 F.2 d 918 (1st Cir 1989) Also see: United States V. Mena 863 F. 2d 1522, 1530-31 (11th Cir. 1989).

The court held that the defendant had standings to challenge the district courts finding of MDLEA jurisdiction based on the fact that the U.S.C.G had failed to contact British Virgin Island ("BVI") authorities before seizing his vessel, even though he was flying a BVI flag and had likely made a verbal claim of BVI nationality. id a 925-27. The Court Reasoned that the defendant could bring such a challenge because he sought to prove that the USCG Failed to comply with the MDLEA , a United State Statute by not making contact with BVI authorities. id at 927. The challenge is based on violation of the requirements for jurisdiction to board a vessel on the high seas as stated in the United States statue itself.

Another Judge referenced the Maynard case in their opinion No. 14-158 No. 14-1605 United States V. Martinez pointing out a scenario in which a defendant can contest the contents of a certificate when it comes to registry. "We can envision only

4

one scenario, albeit a highly unlikely one, in which a defendant may have viable grounds on which to contest the contents of a certificate as they relate specifically to his claim of registry. Consider a defendant who maintains that although the certificate states that he made a claim if registry in country X, he actually made a claim in Country Y and the USCG then contacted the wrong nation." This illustrates a defendants ability to challenge certificates when the USCG fails to comply with the substantive provisions in the MDLEA.

Indeed on this case the government produced three certificates from Liberia, Germany and Malta. All three Certificates were prepared by commander Ian Starr, USCG on the same day July 21 2022, and I remind the court that commander Ian Starr was assigned as the Coast Guard Liaison officer to the Bureau of International Narcotics and Law Enforcement Affairs U.S. Department of State on June 13, 2022 this was only three weeks before activating those certificates and several years after the alleged vessels traveled from Ecuador to their destination.

I am not sure why those certificates were not signed by the previous commander this is a question that only commander Ian Starr can answer. This court has three certificates that commander Ian Starr based upon his personal knowledge. Indeed, on those certificates there is no Alpha Reports, there is no interdiction, there is no boarding, there is not even one indication that United States government

5

complied with the provision of MDLEA. None of these countries were contacted when those vessels were traveling in the high seas which the provisioning requires.

The Government in this case will respond to this Motion, they will say they contacted all these countries and they will claim that these countries gave them jurisdiction, and that these certificates are the proof and designed by Secretary of State, on this note, the government is incorrect. Having the certificate doesn't suit you with jurisdiction, you have to have primary jurisdiction, which is the interdiction, boarding, and search and seizure. These are the steps that need to be taken in order to activate the MDLEA application, See Mary b. Neymar, Maritime Drug Law Enforcement Act: An Analysis, II Hasting INT,L e Comp, L.Rev.487,500,(1988).

In this situation looking at the Certificates issued by Commander Ian Starr is confusing. None of those alleged ships were seized on the high seas as the provision of MDLEA requires but even more confusing is that the government had no idea of the Panama Load see certificate ECF No-4 page id 376,4,C. But some how Liberia had given consent to that mystery load on August 16,2021 and extended consent in October 2021 to that load that was seized at Port of Rotterdam Holland, Netherlands an entirely different continent. Only Ian Starr and The government can explain this,

6

there is not even one case with this precedence. I challenge the Commander to show this court a similar certificate since MDLEA was passed as law by congress.

    They are extending consent from a foreign nation like the buying of a Lottery Ticket from a gas station. Ironically, the statutes that Commander Ian Starr himself uses in these Certificates 46 U.S.C 70502(c) and (d)(2) and 18. U.S.C. 2237, outline clearly the MDLEA provisions in regards to obtaining consent to board and have jurisdiction of a vessel from a foreign nation thus activating MDLEA.

    The question becomes, why are we here today? With all due respect to the court and to you your honor. Today we are here because this court declined to have factual findings of subject matter jurisdiction. The MDLEA makes it a crime to conspire to distribute a controlled substance while on board "a vessel subject to the jurisdiction of the United States" 46 U.S.C. 70503 (a)(1), 70506 (b) The act also states that ""jurisdiction of the United States with respect to a vessel subject to this chapter is is not an element of an offense" and that "jurisdictional issues arising under this chapter are preliminary (2016 U.S. App LEXIS 3) questions of the law to be determined solely by the trial judge" 46 U.S.C. 70504 (a). Based on that language, this court has "interpreted the "on board a vessel subject to the jurisdiction of the United States' portion of the MDLEA as a congressionally imposed limit on courts' subject matter jurisdiction, akin to the amount-in-controversy requirement

7

contained in 28 U.S.C. 1332 United States V. De La Garza, 516 F. 3d 1266 1271 (11th Cir.2008) See also, United States V. Betancourth, 554 F. 3d 1329, 1332-33 (11th Cir. 2009)

Thus, "for a district court to have adjudicatory authority over a charge that a defendant conspired to violate the substantive crime defined in (the MDLEA), the Government must preliminarily show that the conspirators' vessel was, when apprehended. "subject to the jurisdiction of the United States" De La Garza 516 F. 3d at 1272 (citations omitted). This Court on ECF No.93, Page ID 1130 stated that Didani agreed to consider the stipulated fact at the April 2023 hearing. The stipulated facts state that Didani and others agreed to the commit felonious acts on the high seas. This is incorrect the defendant never stipulated to anything. As the Eleventh Circuit has repeatedly held that parties may not stipulate to jurisdiction, subject matter jurisdiction cannot be assumed by the court nor can it be waived by the parties. See United States V. Iguaran 821 F. 3d 1335 (11th Cir.). In this case the district court has not expressly made any factual findings with the respect to those vessels.

This court based their opinion on United States V. Ballestas 795 F. 3d 138 417 DC Cir. regarding the Felonious Clause noting that it provides congress with authority to "punish" Ballestas for his role in that conspiracy. Ballistas' conspiracy

8

provision 70506 (b) was proper because it was attributed to the vessel and the crew that was apprehended by the Coast Guard on the high seas March 3, 2010 carrying approximately 1500 Kilograms of Cocaine. Unsurprisingly, The Department of Justice briefing on United States V. Carvajal 924 F. Supp. 2d 219 2013 DC Cir. explains very clearly the provision 70503 (a) 70506 (b) that congress intended to apply the conspiracy provision of the MDLEA to a person not on the vessel but otherwise conspiring with those found on board a vessel deemed subject to the jurisdiction of the United States. So in a few words, for the conspiracy to provision to extend it has to be a vessel and a crew apprehended by the Coast Guard on the high seas which is MDLEA provision 70503(a). I ask the court to ask the government to find one case in existence where this provision was utilized on a vessel that was not seized or boarded on the high seas. It is clear by the governments own words they violated their own statute of the MDLEA let alone the violation of international law. United States is in violation of all articles from article 1 through article 17 but most importantly articles 5 and 6. We will go in to more details in regards to these articles and provisions of the MDLEA if you choose to revisit the issue of the certificates.

     Your Honor, we know we have a trial scheduled for February 11, 2025. This defendant does not wish to postpone this trial date under any circumstances but would like to ask you to revisit the validity of the certificates and motion for bond

9

prior to the trial date. This court should order Commander Ian Starr to come and explain what in the world is going on. We still have a lot of time before trial to get these answers and rectify the situation. This court should under no circumstance allow this government to become modern day pirates and circumvent the provisioning of the MDLEA. At this point there would be no need for the Coast Guard. No domestic or international law can justify what the government in the 6th District of the United States is doing here. It will be insulting to all the judges from 11th cir., 9th Cir., 1st Cir., 2nd Cir. and DC Cir. and all the work they have done over the past forty years to prevent these type of actions from happening if this is allowed to stand.

Date: December 4, 2024                    Respectfully Submitted,

                                          /s/ Ylli Didani (with permission WGF)[2]

                                          PRO SE DEFENDANT
                                          FDC Milan
                                          4004 Arkona Road
                                          Milan, MI 48160

---

[2] Standby counsel made only cosmetic changes and one addition regarding Defendant's request that this motion be heard without delaying trial or for bond. Otherwise, standby counsel is merely organizing Defendant's writing into the proper format and filing for his, the Court's, and the prosecutors' convenience.

10

## **CERTIFICATE OF SERVICE**

On December 4, 2024, standby counsel, who signs below, filed the foregoing using the Court's e-filing system, which will send notice of same to all parties of record. Standby counsel filed this way at the direction of the Clerk's Office regarding Defendant's pro se status and its preference for future filings.

/s/ Wade G. Fink