# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

YLLI DIDANI,

    Defendant.

Case No. 21-20264

Hon. Denise Page Hood

---

| | |
|---|---|
| Mark Bilkovic (P48855) | Ylli Didani |
| Timothy P. McDonald | PRO SE DEFENDANT |
| Assistant United States Attorneys | FDC Milan |
| 211 W. Fort St., Ste. 2001 | 4004 Arkona Road |
| Detroit, MI 48226 | Milan, MI 48160 |
| (313) 226-9623 | |
| mark.bilkovic@usdoj.gov | Wade G. Fink (P78751) |
| Timothy.mcdonald@usdoj.gov | WADE FINK LAW, P.C. |
| *Attorneys for the United States* | 550 W. Merrill St Suite 100 |
| | Birmingham, MI 48009 |
| | (248) 712-1054 |
| | wade@wadefinklaw.com |
| | *Standby Counsel Only* |

---

## DEFENDANT'S MOTION FOR SUBPEONA TO IAN M. STARR

Defendant Ylli Didani requests that this Court issue a subpoena to Commander Ian M. Starr for January 15, 2025 hearing.

Date: December 28, 2024                    Respectfully Submitted,

/s/ Ylli Didani (with permission WGF)[1]

PRO SE DEFENDANT
FDC Milan
4004 Arkona Road
Milan, MI 48160

---

[1] Standby counsel was asked to file the foregoing motion. The defendant gave standby counsel little direction, but asked that he assist in making the request because of the limited time. Counsel discloses counter-authority herein while making Defendant's argument he wishes to make.

ii

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

YLLI DIDANI,

    Defendant.

Case No. 21-20264

Hon. Denise Page Hood

---

| | |
|---|---|
| Mark Bilkovic (P48855) | Ylli Didani |
| Timothy P. McDonald | PRO SE DEFENDANT |
| Assistant United States Attorneys | FDC Milan |
| 211 W. Fort St., Ste. 2001 | 4004 Arkona Road |
| Detroit, MI 48226 | Milan, MI 48160 |
| (313) 226-9623 | |
| mark.bilkovic@usdoj.gov | Wade G. Fink (P78751) |
| Timothy.mcdonald@usdoj.gov | WADE FINK LAW, P.C. |
| *Attorneys for the United States* | 550 W. Merrill St Suite 100 |
| | Birmingham, MI 48009 |
| | (248) 712-1054 |
| | wade@wadefinklaw.com |
| | *Standby Counsel Only* |

---

**BRIEF IN SUPPORT**

1

Defendant currently charged with 21 U.S.C. 841 and 846, Conspiracy to possess with the intent to distribute a controlled substance on board a vessel subject to the jurisdiction of the United States of America in violation of 46 U.S.C. 70503(a) and 70506(a) and Conspiracy to launder monetary instruments in violation of 18 U.S.C. 1956(h).

Defendant is representing himself *pro se*. It is unclear from Fed. R. Crim. P. 17 or L.R. 17.1 whether stand-by counsel is entitled to sign subpoenas in the ordinary course as if he was representing Defendant. It appears the better practice is to ask the Court. *See, e.g., United States v. Burgess,* 2010 US Dist. LEXIS 58885 (W.D. N.C. June 14, 2010) (instructing stand-by counsel to fill out *court*-signed subpoena); *United States v Tomkins,* 2013 U.S. Dist. LEXIS 1736 (January 4, 2013) (stand-by counsel using compulsory process through the Court); *United States v Cochran,* 2007 U.S. Dist. LEXIS 112937 (N.D. In. April 12, 2007) (Court permitting stand-by counsel to serve subpoenas signed by the *Court*).

The Certificates at issue in Defendant's Motion (ECF No. 118) were signed by Ian M. Starr, a Commander in the United States Coast Guard. *See, e.g.,* ECF No. 57-3. Mr. Didani cites ¶3 of the certificate as important to Commander Starr's appearance: "…I make the following statements based upon my personal knowledge

2

and upon information furnished to me in the course of my official duties." *Id.* Mr. Didani argues:

> Indeed on this case the government produced three certificates from Liberia, Germany and Malta. All three Certificates were prepared by commander Ian Starr, USCG on the same day July 21 2022, and I remind the court that commander Ian Starr was assigned as the Coast Guard Liaison officer to the Bureau of International Narcotics and Law Enforcement Affairs U.S. Department of State on June 13, 2022 this was only three weeks before activating those certificates and several years after the alleged vessels traveled from Ecuador to their destination. I am not sure why those certificates were not signed by the previous commander this is a question that only commander Ian Starr can answer. This court has three certificates that commander Ian Starr based upon his personal knowledge. Indeed, on those certificates there is no Alpha Reports, there is no interdiction, there is no boarding, there is not even one indication that United States government complied with the provision of MDLEA. None of these countries were contacted when those vessels were traveling in the high seas which the provisioning requires.

*See* ECF No. 118, p. 9. In other words, if the certificate fails, then so, too, does Count II.

46 U.S.C. §70502(c)(B) provides that consent "is proved conclusively by certification of the Secretary of State or the Secretary's designee…" The First Circuit held that such a certification is "conclusive[]," and any further question about its legitimacy is "a question of international law that can be raised only by the foreign

3

nation." *United States v. Cardales-Luna,* 632 F.3d 731, 737 (2011). The Sixth Circuit has not passed on the issue. And Mr. Didani believes he is entitled to challenge the veracity of the certificate and whether it confers jurisdiction. If not, how could anyone know if a certificate is wholly made-up?

WHEREFORE, Defendant respectfully requests that this Court order a subpoena be issued to Commander Ian M. Starr at government cost for the January 15, 2025 hearing.

Date: December 28, 2024                             Respectfully Submitted,

                                                    /s/ Ylli Didani (with permission WGF)

                                                    PRO SE DEFENDANT
                                                    FDC Milan
                                                    4004 Arkona Road
                                                    Milan, MI 48160

## CERTIFICATE OF SERVICE

On December 28, 2024, standby counsel, who signs below, filed the foregoing using the Court's e-filing system, which will send notice of same to all parties of record. Standby counsel filed this way at the direction of the Clerk's Office regarding Defendant's pro se status and its preference for future filings.

/s/ Wade G. Fink

4