UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

Case No. 21-cr-20264

v.

HON. DENISE PAGE HOOD
United States District Judge

D-1 YLLI DIDANI,

Defendant.

---

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR
REASONABLE ACCESS TO DISCOVERY IN PRISON (ECF No. 120)**

---

The defendant, Ylli Didani, seeks an order (or recommendation) from this Court giving him access to his discovery materials "at all times" and prohibiting "the disturbance of those materials." (ECF No. 120, PageID.1347). According to personnel at FCI Milan, Didani is permitted to maintain paper and electronic discovery materials in his cell. And Didani has daily access to the computer room to review electronic discovery. But Didani's right to access discovery materials is not unlimited. It must be balanced against the legitimate security needs of the prison. FCI Milan has struck that balance. Therefore, Didani's motion should be denied.

1

## I.      Background

Ylli Didani has been detained throughout these proceedings. Since May 2021, the United States has produced 15 separate Discovery Productions. Several of the Productions have been re-produced to Didani and his standby counsel. The discovery material includes, among other items, law enforcement reports, iCloud data, cellular phone extractions, evidence obtained by Mutual Legal Assistance Treaty (MLAT), certified business records, photographs, videos, and search warrants, and *Jencks* material. The United States provided early *Jencks* material to Didani on or about December 27, 2024 and provided almost all of the remaining *Jencks* material to Didani on January 7, 2025. All of this material was disclosed to Didani or his prior attorneys electronically via hard drive, compact disc, thumb drive or USAfx – an electronic file exchange system operated by the United States government.

On December 12, 2024, Didani sought an order or recommendation from this Court giving him access to discovery materials at all times and prohibiting FCI Milan from disturbing those materials. (ECF No. 120, PageID.1347). Didani alleges that his cell was "turned over" and searched recently and that his paper discovery materials were "jostled, shuffled and otherwise taken out of any semblance of organization." (*Id*. at PageID.1346).

This Court ordered the Government to respond to Didani's motion by January 7, 2025. (ECF No.125). On December 18, 2024, the Court, through its case manager, requested that the Government incorporate FCI Milan's input into its written response.

Counsel for the government spoke to FCI Milan Counselor Corey Grimm on December 23, 2024, December 27, 2024, and on January 7, 2025. Counselor Grimm is currently assigned to the Unit where Didani is housed. Counselor Grimm explained that unlike most inmates, Didani is authorized to maintain his paper discovery materials in his cell, an accommodation that required supervisory approval. In addition, Didani is permitted to maintain the electronic discovery materials (other than *Jencks*) in his cell and is allowed daily access to the facility's computer room where he can review it. The computer room is available for Didani's use daily between 6 a.m. and 8 p.m., seven days a week. But according to Counselor Grimm, Didani does not take advantage of, or routinely utilize, the computer room.

With respect to the search of Didani's cell, Counselor Grimm explained that random cell searches are an integral security measure employed by FCI Milan to fight against the proliferation of contraband. Its obvious utility is achieving the goal of prison security. *See* generally *Hudson v. Palmer*, 468 U.S. 517, 536-528 (1984). Grimm confirmed that Didani's cell was one of many cells that were

searched in or about November 2024. At no time, did prison personnel jostle,

shuffle, rearrange, or otherwise disorganize Didani's paper discovery materials.

Finally, Counselor Grimm advised that Didani, prior to filing this motion, did not

raise concerns about his access to discovery.

## II.     Argument

Didani contends that he has a "constitutional right" to access the courts and

maintain his legal papers. (ECF No. 120, PageID.1346). This is, in essence, a claim

that he has been denied access to the Courts under the First Amendment. *Muse v.*

*Lawson*, 2020 WL 4340743, *3 (E.D. Kentucky 2020). But the right of access to

the courts extends only to an inmate's direct criminal appeal, habeas corpus

applications, and civil rights claims related to the conditions of confinement." *Id.*

(citing *Lewis v. Casey*, 518 U.S. 343, 354-55 (1996)). Didani implicitly

acknowledges this by citing cases such as *Simmons v. Dickhaut*, 804 F.2d 182 (1st

Cir. 1986), a case analyzing Simmons's § 1983 civil rights claim. The right of

access to the courts does not apply to a pro se defendant's efforts to represent

himself at his criminal trial. *United States v. Smith*, 907 F. 2d 42, 44 (6th Cir.

1990).

Didani also argues that he has "numerous rights associated with his right of

self-representation." (ECF No. 120, PageID.1347). But Didani fares no better

under the Sixth Amendment. The Sixth Amendment provides criminal

4

defendants with the right to waive the assistance of counsel and represent

themselves when they voluntarily elect to do so with knowledge of the

disadvantages of self-representation. *Faretta v. California, 422 U.S. 806,*

*(1975).* "Nothing in *Faretta* or the Sixth Amendment, however, expressly

establishes that a defendant who has knowingly elected to proceed pro se has a

right of access to a law library or legal materials." *United States v. Denton*, 535

Fed.Appx. 832, 835 (11th Cir. 2013) (citing *Kane v. Garcia Espitia*, 546 U.S. 9, 10

(2005).

The Ninth Circuit has held that "the Sixth Amendment demands that a pro se

defendant who is incarcerated be afforded reasonable access to law books,

witnesses, or other tools to prepare a defense." *United States v. Sarno*, 73 F.3d

1470, 1491 (9th Cir. 1995). "[T]he right of access is not unlimited, but must be

balanced against the legitimate security needs or resource restraints of the

prison." *Id.* at 1491. Furthermore, the Supreme Court has made clear that "[t]here

is no general constitutional right to discovery in a criminal case." *United States v.*

*Ruiz,* 536 U.S. 622, 629, (2002). But "even assuming that pro se defendants have a

Sixth Amendment right to discovery in preparing their defense," a defendant must

demonstrate prejudice in order to prevail on this claim. *United States v. Bisong*,

645 F.3d 384, 396 (D.C. Cir. 2011).

Consider *United States v. Galloway*, 749 F. 3d 238 (4th Cir. 2014). In that case, Galloway argued that he was deprived of meaningful access to discovery while he prepared his defense because the district court prevented him from taking discovery materials to the detention center. The Fourth Circuit found that the trial court's limitations imposed on Galloway was reasonable in light of security issues at federal detention facilities. *Id*. at 242.

Didani's claim that prison officials shuffled or reorganized his materials, even if true, does not constitute denial of access. *See United States v. Brugnara*, 856 F.3d 1198, 1210 (9th Cir. 2017) ("The record shows only that prison personnel disorganized them when they placed them in plastic bags before moving him to a new facility. While undoubtedly inconvenient, this action did not prevent Brugnara from actually *accessing* those materials. He has not shown that any materials were lost or withheld, or that prison authorities otherwise impeded his access to them. In fact, he has identified no specific prejudice at all, such as not being able to locate a particular document necessary for trial preparation.").

Here, there is no evidence that Didani was denied meaningful access to his discovery materials. Nor has he established prejudice. FCI Milan has allowed Didani to continuously maintain hundreds (or perhaps thousands) of paper discovery documents and hundreds of gigabytes of electronic discovery in his cell. Didani also has access to the facility's computer room for up to 14 hours a day,

6

seven days a week, where he can review electronic discovery materials. As a result, imposing a requirement, or recommendation, that FCI Milan refrain from conducting a search of Didani's cell, and disturbing Didani's discovery material is unreasonable. Random searches of inmate's cells are exclusively related to FCI Milan's legitimate security interests. Furthermore, if Didani's discovery was off limits during random cell searches, Didani, or for that matter any inmate, could successfully hide contraband.

It is also unreasonable to permit Didani unlimited access to his discovery. An incarcerated pro se defendant proceeding pro se may expect that his incarceration might impede access to discovery. *United States v. Thomas*, 365 Fed. App'x. 22, 24 (7th Cir. 2010). As noted above, Didani already has unlimited access to his paper discovery. Didani also has wide access to the computer room to review electronic discovery, which according to Counselor Grimm, he is not using on a regular basis. Therefore, Didani must show that the accommodations he has already been given and the accommodations that he could arrange for himself are unreasonable and insufficient for fair defense. *See American Senior Communities, L.L.C. v. Burkhart*, 2021 WL 9455300, *2 (1st Cir. 2021).

## III.   Conclusion

Based on the foregoing reasons, the United States respectfully requests that the Court deny Didani's motion.

Respectfully submitted,

DAWN N. ISON
United States Attorney

*s/Mark Bilkovic*
Mark Bilkovic
Assistant United States Attorney
211 W. Fort St., Suite 2001
Detroit, MI 48226
Phone: (313) 226-9623
mark.bilkovic@usdoj.gov

Dated: January 7, 2025

*s/Timothy P. McDonald*
Timothy P. McDonald
Assistant United States Attorney
211 W. Fort St., Suite 2001
Detroit, MI 48226
Phone: (313) 226-0221
timothy.mcdonald@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on Tuesday, January 07, 2025, I electronically filed the

foregoing document with the Clerk of the Court using the CM/ECF system which

will send notification of such filing to the following:

Standby Counsel Wade Fink, Esq.

I have also mailed a copy of this document to Defendant Ylli Didani at the

following address:

Ylli Didani
Register No. 37630-509
FCI Milan
Federal Correctional Institution
P.O. Box 1000
Milan, MI 48160

s/*Timothy P. McDonald*
Timothy P. McDonald
Assistant United States Attorney