# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

YLLI DIDANI,

    Defendant.

Case No. 21-20264

Hon. Denise Page Hood

---

| | |
|---|---|
| Mark Bilkovic (P48855) | Ylli Didani |
| Timothy P. McDonald | PRO SE DEFENDANT |
| Assistant United States Attorneys | FDC Milan |
| 211 W. Fort St., Ste. 2001 | 4004 Arkona Road |
| Detroit, MI 48226 | Milan, MI 48160 |
| (313) 226-9623 | |
| mark.bilkovic@usdoj.gov | Wade G. Fink (P78751) |
| Timothy.mcdonald@usdoj.gov | WADE FINK LAW, P.C. |
| *Attorneys for the United States* | 550 W. Merrill St Suite 100 |
| | Birmingham, MI 48009 |
| | (248) 712-1054 |
| | wade@wadefinklaw.com |
| | *Standby Counsel Only* |

---

## DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE REGARDING BAIL[1]

---

[1] Standby counsel took no part in the writing of this brief. He merely formatted and filed the same.

The prosecution continues to illustrate why this pre-trial detainment is a violation of this defendants Due Process. Of course prosecution would highlight the motions filed by the defense. A lot of these motions would not be necessary had the charges that were brought against this defendant had been lawful to begin with. The prosecution fails to acknowledge the majority of the delays in this trial have been brought on by them.

This doesn't even address the tactics like purposely scheduling trial dates that conflict with prosecutions schedules as mentioned in the previously submitted Bond Motion. Through the Governments own admission part of the delays in this case was for the government to gather evidence "the government needed time to obtain evidence that was in foreign countries" So, I ask the question again: If this case had gone to trial without granting all these delays, What evidence would the prosecution have?

By the prosecutions own admission the government was aware of the supposed use by the defendant of Sky ECC so why then did the government wait seven months after the defendant was detained to request Sky ECC data from France? The government has illegaly used 3292 to obtain their evidence it has previously been made clear and outlined when and how to use it United States v.

Kozeny 511 .3d 166 (2nd Cir. 2008). Why then would the government wait till July 2024 (Three and a half years after the defendant was detained) to request information through MLAT from Spain, Holland, and the UK? Quoting to these countries they have a "firm" October trial date, yet October comes and goes and what does the government do? Delay again because lead Prosecutor had another previously scheduled trial ( United States v. James Deshawn Williams, Case No. 18-cr-20547)  and of course they are still awaiting information from foreign countries. Almost four years after detainment they still needed time to bring witnesses. If any portion of whether or not this defendant should be granted bail is contingent on "Strength of Evidence" then this defendant should be released on bail immediately because the supposed evidence is not very strong or legally obtained.

    Four years of pretrial detainment is excessive and punitive. The government makes the argument  there is a "presumption in favor of detention when the defendant has been indicted for an offense under the controlled Substances Act if the maximum term of imprisonment is 10 years or more" This does not address the excessiveness of this detention. Furthermore, this should be counterbalanced with the lack of credible evidence and hearsay, conjecture, unfounded speculation and down right lies to coerce detention and deny this defendant his Fifth Amendment rights to Due Process. Such as the unfounded statement that the defendant tried to

2

contact foreign coconspirators "in an attempt to obtain large amounts of cash" these statements are only made to make the defendant look bad and bolster the lie that this defendant would not be a good candidate for bond. The government contradicts themselves continuously and change the facts to fit their narrative at any given moment. When they want to make an argument to deny bail the government maintains that the defendant has no ties to this district or even the US for that matter and when they are trying to gain jurisdiction or communicate with foreign countries that story quickly changes and all of a sudden the defendant used to live in this district and has an extensive history here being tied to supposed crimes and investigations for years. So which one is it?

    The defense are using tactics to attempt to wear down the defendant and deny his Due Process rights. By continually producing papers and certificates that were produced and obtained by not following procedures and laws. The government is attempting to confuse the court with the admission of paperwork after paperwork that attempts to back up these documents with case law that is unrelated. The defense is growing tired of having to continually explain his position which much like the laws, regulations and processes the prosecution chooses to ignore has remained unchanged. The government makes the case that detention is favored in cases under the Controlled Substance Act that have a maximum term of imprisonment of 10

3

years or more this doesnt address the excessiveness of this detainment. Its easy to calculate a high term of imprisonment when you are charging someone with unfounded charges that are in violation of the law. This detainment is excessive and punitive. This is clearly vindictive prosecution and very much a "Conspiracy Against Rights" 18 USC 241. For all the reasons highlighted in the original motion and here this defendant maintains he should be granted bond. The defendant also reitterates that he will appear at trial, has no means to flee nor any desire to he looks forward to his day court and clearing his name if the prosecution ever sticks to an actual trial date.

Date: January 14, 2025              Respectfully Submitted,

<u>/s/ Ylli Didani (with permission WGF)</u>

PRO SE DEFENDANT
FDC Milan
4004 Arkona Road
Milan, MI 48160

### CERTIFICATE OF SERVICE

On January 14, 2025, standby counsel, who signs below, filed the foregoing using the Court's e-filing system, which will send notice of same to all parties of record. Standby counsel filed this way at the direction of the Clerk's Office regarding Defendant's pro se status and its preference for future filings.

<u>/s/ Wade G. Fink</u>

4