UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                       Case No. 21-cr-20264

v.                                          HON. DENISE PAGE HOOD
                                              United States District Judge

D-1 YLLI DIDANI,

        Defendant.

---

**GOVERNMENT'S MOTION IN LIMINE TO ADMIT SELF-AUTHENTICATING RECORDS UNDER FEDERAL RULE OF EVIDENCE 902**

---

Pursuant to Federal Rules of Evidence 803(6), 902(11) and 902(13), the United States of America, by its undersigned attorneys, respectfully moves for the admission of the following records of regularly conducted activity:

(1) Comerica Bank

(2) Inkas Bulletproof

(3) Peregrine 360

(4) JP Morgan Chase Bank

(5) Maritime Shipping Company

(6) Hapag Lloyd America LC

(7) CMA CGM (America) LLC

    (8)  Seatrade

    (9)  Bulletproof Zone

    (10)  Upwork

    (11)  MoneyGram

    (12)  Citibank

Pursuant to E.D. Mich. LR 7.1(a)(2)(D), on January 7, 2025, undersigned counsel sought concurrence from the defendant who did not concur with the government's request.

For the relevant records, which are available for the Court to review upon request, the records custodians from each business or organization certified, under penalty of perjury, the following:

    a.  He/she was familiar with the records maintained by the business/organization, and was the custodian of those records or otherwise qualified to identify them and certify their authenticity;

    b.  The records are originals or true and accurate duplicates thereof;

    c.  The records were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters;

    d.  The records were kept in the course of regularly conducted business activity; and

    e.  The records were made by the business as part of its regular practice.

On January 7, 2025, the United States provided formal, written notice of its intent to introduce these self-authenticating documents pursuant to Fed. R. Evid.

902(11) and 902(13).  The government has provided these records and the accompanying certifications to defendant and standby counsel.

Certified business records are admissible pursuant to Fed. R. Evid. 902(11), and their admission does not violate the Confrontation Clause. *United States v. Hamaed*, No 20-cr-20162, 2024 WL 3771426, at *4 (E.D. Mich. Aug. 13, 2024); *United States v. Adefehinti*, 510 F.3d 319, 325 (D.C. Cir. 2007); *United States v. Ellis*, 460 F.3d 920, 927 (7th Cir. 2006); *United States v. Yeley-Davis*, 632 F.3d 673, 680 (10th Cir. 2011); *United States v. Johnson*, 688 F.3d 494, 504 (8th Cir. 2012).

Rule 902(13) likewise allows for the admission of records generated by an electronic process or system that produce an accurate result, as shown by a certification of a qualified person, through a certification rather than live testimony.  Fed. R. Evid. 902(13).  It contains the same notice requirements as Rule 902(11), *id.*, and the language mirrors Rule 901(b)(9).  *See* Fed. R. Evid. 902(13) advisory committee's note to 2017 amendment ("The Rule specifically allows the authenticity foundation that satisfies Rule 901(b)(9) to be established by a certification rather than the testimony of a live witness.").  Here, in the relevant Rule 902(13) certificates, the records custodians also certified, under penalty of perjury, the following:

    a.  the records were copied from electronic device(s), storage medium(s), or file(s) in the custody of the entity in a manner to ensure that they are true

3

      duplicates of the original records; and

  b. the process or system is regularly verified by the entity, and at all times pertinent to the records certified here, the process and system functioned properly and normally.

The Court should permit the government to admit the business records pursuant to Fed. R. Evid. 902(11) and 902(13). Here, the government provided timely notice and the defendant will not be prejudiced by the admission of the records. The defendant received these records well in advance of trial and received the government's notice of its intent to admit these records more than 30 days before trial. Therefore, as required by Rule 902(11) and 902(13), the defendant has had "a fair opportunity to challenge" the authenticity of the records at issue. Even when notice was delayed, Courts have permitted the admission certified records in the absence of prejudice to the opposing party. *United States v. Komasa*, 767 F.3d 151, 927 (2d Cir. 2014); *United States v. Daniels*, 723 F.3d 562, 927 (5th Cir. 2013) (district court did not abuse its discretion by admitting records under Fed. R. Evid. 902(11) where notice was provided during trial, but the records were not used until three days after the notice was provided).

Further, admission of these documents at the start of trial will streamline the case and avoid the needless exercise of calling multiple record custodians to simply certify what they have already certified in writing. A number of the records custodians listed in the certificates are located out of state, and their

4

anticipated testimony is very short. Pre-admitting these self-authenticating records will save the litigants, Court, and jury time.

Therefore, the United States seeks to admit the self-authenticating records, which are referenced in this motion under Rule 902(11) and Rule 902(13).

Respectfully Submitted,

Julie A. Beck
Acting United States Attorney

*s/Mark Bilkovic*
Mark Bilkovic
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9623
mark.bilkovic@usdoj.gov

*s/Timothy P. McDonald*
Timothy McDonald
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-0221
timothy.mcdonald@usdoj.gov

Dated: January 23, 2025

## **CERTIFICATION OF SERVICE**

I hereby certify that on January 23, 2025, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to counsel of record. I also mailed a copy of this Motion to:

Ylli Didani
Register No. 37630-509
FCI Milan
Federal Correctional Institution
P.O. Box 1000
Milan, MI 48160

*s/Timothy P. McDonald*
Timothy P. McDonald
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-0221
timothy.mcdonald@usdoj.gov