# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                      Case No. 21-20264

v.                                    Hon. Denise Page Hood

YLLI DIDANI,

    Defendant.

---

| | |
|---|---|
| Mark Bilkovic (P48855) | Ylli Didani |
| Timothy P. McDonald | PRO SE DEFENDANT |
| Assistant United States Attorneys | FDC Milan |
| 211 W. Fort St., Ste. 2001 | 4004 Arkona Road |
| Detroit, MI 48226 | Milan, MI 48160 |
| (313) 226-9623 | |
| mark.bilkovic@usdoj.gov | Wade G. Fink (P78751) |
| Timothy.mcdonald@usdoj.gov | WADE FINK LAW, P.C. |
| *Attorneys for the United States* | 550 W. Merrill St Suite 100 |
| | Birmingham, MI 48009 |
| | (248) 712-1054 |
| | wade@wadefinklaw.com |
| | *Standby Counsel Only* |

---

### DEFENDANT'S MOTION IN LIMINE
### TO EXCLUDE HEARSAY STATMENTS

    Defendant Ylli Didani, representing himself pro se, respectfully moves this

Honorable Court to exclude hearsay statements the Government seeks to introduce

in this case. These statements are inadmissible under the Federal Rules of Evidence and violate this Defendant's constitutional rights under the Sixth Amendment.

Date: January 23, 2025                    Respectfully Submitted,

/s/ Ylli Didani (with permission WGF)[1]

PRO SE DEFENDANT
FDC Milan
4004 Arkona Road
Milan, MI 48160

---

[1] Standby counsel was asked to file the foregoing motion. Counsel had no part in the drafting of the substance of this motion, but assisted in formatting and minor corrections for understanding of the reader.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

YLLI DIDANI,

    Defendant.

Case No. 21-20264

Hon. Denise Page Hood

---

| | |
|---|---|
| Mark Bilkovic (P48855)<br>Timothy P. McDonald<br>Assistant United States Attorneys<br>211 W. Fort St., Ste. 2001<br>Detroit, MI 48226<br>(313) 226-9623<br>mark.bilkovic@usdoj.gov<br>Timothy.mcdonald@usdoj.gov<br>*Attorneys for the United States* | Ylli Didani<br>PRO SE DEFENDANT<br>FDC Milan<br>4004 Arkona Road<br>Milan, MI 48160<br><br>Wade G. Fink (P78751)<br>WADE FINK LAW, P.C.<br>550 W. Merrill St Suite 100<br>Birmingham, MI 48009<br>(248) 712-1054<br>wade@wadefinklaw.com<br>*Standby Counsel Only* |

---

**BRIEF IN SUPPORT**

The Government has indicated its intention to introduce statements and potential testimony by Donald Larsen. The defense asks that this court preclude any testimony or statements made by Mr. Larson under the grounds that any information

1

shared by Mr. Larson would consist of inadmissible hearsay. Mr. Larson never had an established relationship or dealings with the defendant and any thoughts or unsubstantiated allegations made by Mr. Larson would be entirely speculation or gleaned through hearsay. This second-hand knowledge has no proper foundation establishing any personal knowledge on the part of Mr. Larson of any of the incidents in this complaint. *See* Fed. R. Evid. 602.

Furthermore, with this in mind, any information he could provide is substantially outweighed by the danger of undue prejudice. *See* Fed. R. Evid. 403, 611a; *see also United States v. Leyton*, 767 F .2d at 551-56. Defendant moves to exclude such statements as inadmissible hearsay under the Federal Rules of Evidence and the Confrontation Clause of the Sixth Amendment.

Hearsay is an out-of-court statement offered to prove the truth of the matter asserted and is generally not admissible unless an exception applies. To qualify as a Co-Conspirator statement, an exception to the hearsay rule under Fed. R. Evid. 801(d)(2)(E), the Government must prove that:

-a conspiracy existed;

-The declarant and the defendant were members of the conspiracy; and

-The statement was made during and in furtherance of the conspiracy.

Of course, the Constitution also guarantees a defendant the right to confront witnesses against him. Testimonial statements cannot be admitted unless the

2

declarant is unavailable AND the defendant had a prior chance to cross-examine them.

## DONALD LARSEN'S TESTIMONY IS HEARSAY WITHOUT AN EXCEPTION

Any statements or testimony made by Donald Larson are classic hearsay and do not meet any exceptions. A hearsay exception for "statements that were made against interests" definitely doesn't apply because it's clear any statement made by Mr. Larson were made with a desire to curry favor with the government. This can be made clear by how much Declarant's story has changed from having little to no information about the defendant and any alleged dealings between him and Marty Tibbits to all of a sudden having knowledge.

It's also highly suspect since these changes in his story coincide with a criminal complaint was brought against him then subsequently dropped after his statements. The fact he is an unindicted co-conspirator alone should warrant skepticism and raise serious questions about any testimony given. Why is he unindicted? The only logical answer could be because of his "help" to the prosecution or because he wasn't a co-conspirator to begin with. For these reasons, any testimony of his is well within his self-interest and self-preservation as we have learned from Mr. Larson clearly doesn't want to be in prison till he is in his 80s, as Agent Lynch suggested.

The prosecution might argue that since Mr. Larson is an alleged co-conspirator this would fall under the "Co-conspirator Exception" (Fed. R. Evid. 801(d)(2)(E)). The defense maintains that there was never any conspiracy involving Mr. Larson, therefore he is not a co-conspirator and this exception does not apply. If this exception is intended to be used, the defense would like to request a preliminary hearing as to the admissibility of each of the "co-conspirators" statements that the government intends to offer before the co-conspirator exception can apply. All of these statements and Mr. Larson himself would need to meet the three-prong test set forth in 801(d)(2)(E): (1) that a conspiracy existed; (2) that the declarant and defendant were each members of the conspiracy; and, (3) that the statements were made in furtherance of the conspiracy.

"Rule 801 is a limitation on the admissibility of co-conspirators statements that is meant to be taken seriously" *United States v. Perez*, 989 F.2d 1574. There is a huge potential for prejudice arising from unnecessary admission of evidence under Rule 801. *See United States v. Urena*, 27 F.3d at 1491. For this reason "courts require some reliable corroborating evidence apart from the co-conspirators statements before these statements can be used" *United States v. Alcosta*, 853 F.3d. Also, to the question of determining whether or not a conspiracy exists appellate courts including the Sixth Circuit have unanimously held that the establishment of a conspiracy requires some evidence in addition to the contents of a statement. *United*

4

*States v. Silverman*, 861 F .2d 571. The court should be reluctant to admit evidence under Rule 801.

The defendant is being charged on a superseding indictment with 46 U.S.C. 70503(a) & 70506(b) and 21 U.S.C. 841(a)(1) and 846 Conspiracy to Distribute Controlled Substances. In this indictment they name Donald Larson as Co-Conspirator 2 and Marty Tibbits as Co-conspirator 1. In the governments superseding indictment ECF No. 1 PageID 3 and PageID 4 The government claims in furtherance of the conspiracy the defendant committed the following "Overt Acts"

" (1) Between June 2016 and December 2017, in the Eastern District of Michigan, Conspirator One provided several checks to Conspirator two for the purpose of purchasing bulk cocaine.

(2) Between June 2016 and December 2017, Conspirator Two cashed these checks at pawn shops and gold exchange businesses located in the Eastern District of Michigan.

(3) On or about June 9,2016, in the Eastern District of Michigan, YLLI DIDANI met with Conspirator Two for the purpose of receiving bulk US currency from Conspirator Two that was derived from the checks Conspirator One provided to Conspirator Two.

(4) On or about June 9, 2016, in the Eastern District of Michigan, YLLI DIDANI received over $100,000.00 in U. S. currency from Conspirator Two for the purpose of purchasing bulk cocaine.

(5) On or about December 21, 2017, Conspirator Two flew from the Eastern District of Michigan to Washington D.C. in a private airplane owned by Conspirator One for the purpose of providing YLLI DIDANI with with bulk currency derived from the checks Conspirator One provided to Conspirator Two

(6) On or about December 21, 2017 YLLI DIDANI met with Conspirator Two in Washington D.C. where YLLI DIDANI received approximately $450,000.00 in U.S. Currency from Conspirator Two for the purpose of purchasing bulk cocaine."

The defendant would also like to point out the facts in this indictment aren't even correct. By the government and Donald Larsons own admission the $450,000.00, he supposedly delivered to the defendant in Washington D.C. was picked up at Marty Tibitts bank under Marty's direction and delivered by Mr. Larson (Grand Jury Trsc. Pg.18 Line 9-25). This delivery of currency had nothing to do with Mr. Larson cashing checks all over town like the government would want you to believe. The $100,000.00 was also not from cashing checks at Pawn Shops and Gold Exchanges it was from a wire transfer from Marty to another individual PS (Grand Jury Trsc. Page 14 Line 19-25). This is just another tactic the government is using to try and paint Mr. Larson as an integral part of a conspiracy and not what he is; An

6

associate of Mr. Tibitts who was functioning as nothing more than a delivery man. This superseding indictment is loaded with factual inconsistencies like this and irrelevant information that has no function of furthering a conspiracy like it claims.

The prosecution wants to use this witness to further the existence of a conspiracy to distribute a controlled substance. Therefore, the relevance of this witness squarely depends on whether or not this conspiracy exists to begin with. According to Fed R. Evid. 104, The court must decide any preliminary questions about whether the witness is relevant or qualified. Also Fed R. Evid. 104(b) Relevance that depends on a fact. When the relevance of evidence depends on whether a fact exists (in this case a conspiracy or for that matter a controlled substance), Proof must be introduced sufficient to support a finding that the fact does exist. No Proof can be introduced to support this because it doesn't exist. There was no conspiracy to distribute a controlled substance, there was no conspiracy at all or a controlled substance involved in any of the events outlined by the government.

By Mr. Larsons own admission he was not in the loop to any dealing between Marty Tibbits and this defendant. Furthermore, Mr. Larsons story changes as he understands what the investigators want to hear and he understands the benefits of helping them. Initially Mr. Larson said he heard the money was to pay some government people off then changing his story to curry favor with the investigators. Even then Mr. Larsons statements were speculative using words like "I think" and

7

"probably". If this was a conspiracy involving cocaine like the government suggests where is the cocaine? Where is the evidence mentioning cocaine? Where are the conversations between Marty Tibbits and Donald Larsons discussing the cocaine. The only time cocaine has been brought up in the course of all of these interviews and investigations was by the government in a way of suggesting what the government wanted Mr. Larson to say the money was for. Marty Tibbits was an entrepreneur who belonged to a YPO organization with investments all across the globe with business interests in military, bit coin, hotels the list goes on and on. Matter of fact, Marty Tibbits was being considered for a role as a Foreign Ambassador these talks also took place in Washington this can be corroborated by a witness but I'm sure the government already knows this.

    Unfortunately, he is dead and unable to shine light on what that money in Washington was intended for but the point is, there are thousands of things it could have been that don't involve controlled substances. The government looking through their crystal ball is trying to link a completely unrelated picture found in an iCloud years later that has no ties to any of this. In the stack of evidence they told Mr. Larson would go from floor to ceiling this is the best they can do? Donald Larson originally said this money went to "some people" The government vaguely says that it went to "South America" but where exactly they cant say. No one knows where this money went, not Don Larson not The Government maybe it was for Hunter Biden Who

8

know? There is no evidence in this investigation involving the money exchanged in 2016 and 2017 that references any controlled substances. The answer as to why this evidence doesn't exist is simple: Neither of these two exchanges were part of a conspiracy to distribute a controlled substance. Therefore the relevance of this witness lies in his ability to testify to a fact that the prosecution has no supporting evidence even exists so testimony shouldn't be allowed.

    As much as the government wants to make this in to a conspiracy they cannot. By Don Larsons own words he was not part of a conspiracy "I told all these guys i don't want to know anything" (VTS01_01). A conspiracy is an act between two or more people to commit an unlawful act. If there were a conspiracy which there isn't, it would be between the defendant and Mr. Tibbits. As Don Larson states over and over again everything ran through Mr. Tibbits. All investigator questions and Mr. Larsons answers are centered around Marty Tibbits and his actions there is NO conspiracy without Mr. Tibbits. The government has no statements from Mr. Tibbits proving any conspiracy existed and even if they did it would be a clear violation of the confrontation clause since the defendant would have no opportunity to cross examine him as a witness. The defendant understands this is problematic for the prosecution who wishes Mr. Larson was Mr. Tibbits as Agent Lynch pointed out to Donald Larson TWICE "If he (Marty Tibbits) wouldn't have died you wouldn't be in that chair today" (VTS01_01). Mr. Larson is NOT Mr. Tibbits and has no clear

9

knowledge of dealings between him and this defendant. Almost all of Don Larsons statements are speculative and vague hearsay from Mr. Tibbits who is deceased and unavailable to cross examine or corroborate any of this. No amount of squeezing or contorting by the government can make this a conspiracy or make Donald Larson a co-conspirator.

## CONFRONTATION CLAUSE

The Admission of testimonial hearsay statements involving Mr. Tibbits violates this defendants right to confront witnesses against him under *Crawford v. Washington*, 41 U.S. 36 (2004) because Mr. Tibbits is unavailable to be cross examined. These statements were made to law enforcement or during investigations and are therefore testimonial.

## CONCLUSION

The government is trying really hard to tie alleged drugs seized on foreign soil in 2019 and 2020 to the United States and show that ongoing investigations in the Eastern District of Michigan led to these seizures. This is just another attempt to do this. What cash payments of roughly a total of $450,000.00 made with no connection to any controlled substance in 2016 and 2017 have to do with millions of dollars worth of drugs seized 4-5 years later is a question this defendant would love to know the answer to, No matter how hard the prosecution tries to jam these pieces together they do not fit. There was no conspiracy involving Mr. Larson therefore he is not a

co-conspirator whether he is indicted or not. There is no conspiracy involving Mr. Tibitts either and he is also not a co-conspirator. Without conspirators there is no conspiracy.

This defendant respectfully request that the court exclude all hearsay statements the government seeks to introduce as they all violate this defendants constitutional rights and the Federal Rules of Evidence. Under no circumstances should testimony from Donald Larson be allowed.

Date: January 23, 2025

Respectfully Submitted,

/s/ Ylli Didani (with permission WGF)

PRO SE DEFENDANT
FDC Milan
4004 Arkona Road
Milan, MI 48160

## CERTIFICATE OF SERVICE

On January 23, 2025, standby counsel, who signs below, filed the foregoing using the Court's e-filing system, which will send notice of same to all parties of record. Standby counsel filed this way at the direction of the Clerk's Office regarding Defendant's pro se status and its preference for future filings.

/s/ Wade G. Fink