UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

D-1 YLLI DIDANI,

        Defendant.

Case No. 21-cr-20264

HON. DENISE PAGE HOOD
United States District Judge

## GOVERNMENT'S MOTION IN LIMINE TO RECALL WITNESS

The United States of America, by and through its undersigned attorneys, requests that the Court allow the government to recall a law enforcement witness during trial, and in support of its motion, states:

1. The defendant, Ylli Didani, is charged in a superseding indictment with Count One, conspiracy to distribute controlled substances in violation of 21 U.S.C. §§ 841 and 846; Count Two, conspiracy to possess with intent to distribute and distribute a controlled substance on board a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. §§ 70503(a) and 70506(b); and Count Three, conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956(h). (ECF No. 38, PageID.153).

2. The Court previously designated this case a complex case within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii) due to the nature of the prosecution and the quantity of the evidence. (ECF No. 103).

3. At trial, the government intends to prove that Didani and his coconspirators engaged in years long conspiracies to distribute cocaine, in part by utilizing containerships to transport large quantities of cocaine from South America to Europe.

4. During the investigation, the DEA obtained several of Didani's iCloud downloads, and multiple cell phone extractions that in total, are hundreds of thousands of pages, including thousands of pages of text message chats with coconspirators and government witnesses, spanning over five years.

5. One of the primary investigators in this case is Farmington Hills Police Detective Brandon Leach, who from 2016 to 2022, was assigned to the Detroit DEA as a Task Force Officer.

6. The government moves the Court to allow Det. Leach, to testify three times during trial.

7. Det. Leach's anticipated testimony will cover several topics including the beginning of the investigation, the facts surrounding the Title 21 conspiracy charged in count one and the Title 46 conspiracy charged in count two of the

superseding indictment, and the obtaining and reviewing of evidence linking Didani to these crimes.

8. Federal Rule of Evidence 611(a) allows a district court to "exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence," as long as it "make[s] the interrogation and presentation effective for the ascertainment of the truth." Fed. R. Evid. 611(a); see also *United States v. Lash*, 937 F.2d 1077, 1087 (6th Cir. 1991) ("The district court must have considerable discretion in controlling the mode and order of the proof at trial.").

9. Under Rule 611(a), courts have long permitted the government to recall its witnesses—including its case agent—where necessary to present the evidence effectively during a long trial. *United States v. Bailey*, 973 F.3d 548, 563 (6th Cir. 2020); *United States v. Butera*, 677 F.2d 1376, 1381 (11th Cir. 1982); *United States v. Jackson*, 549 F.2d 517, 528–29 (8th Cir. 1977); *United States v. Dimora*, 843 F. Supp. 2d 799, 822–23 (N.D. Ohio 2012).

10. The practice of recalling witnesses is also commonplace in this district. See, e.g., *United States v Billy Arnold,* Case No. 15-20652; *United States v. Kilpatrick et al.*, Case No. 10-20403; *United States v. Beasley et al.*, Case No. 12-20030; *United States v. Jefferson, et al.*, Case No. 14-20119.

11. Permitting Det. Leach to testify multiple times will allow the government to present the evidence far more effectively than it will be able to if

Det. Leach is only permitted to testify one time. Permitting Det. Leach to testify multiple times will also make it substantially easier for the jury to follow and understand what will be at times, very complicated testimony.

      WHEREFORE, the government respectfully requests that the Court grant the government's motion in limine to recall witness.

Respectfully submitted,

JULIE A. BECK
Acting United States Attorney

| | |
|---|---|
| *s/Mark Bilkovic* | *s/Timothy P. McDonald* |
| Mark Bilkovic | Timothy P. McDonald |
| Assistant United States Attorney | Assistant United States Attorney |
| 211 W. Fort St., Suite 2001 | 211 W. Fort St., Suite 2001 |
| Detroit, MI 48226 | Detroit, MI 48226 |
| (313) 226-9623 | (313) 226-0221 |
| mark.bilkovic@usdoj.gov | timothy.mcdonald@usdoj.gov |

Dated: January 24, 2025

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

D-1 YLLI DIDANI,

        Defendant.

Case No. 21-cr-20264

HON. DENISE PAGE HOOD
United States District Judge

### GOVERNMENT'S BRIEF IN SUPPORT OF MOTION IN LIMINE TO RECALL WITNESS

The defendant, Ylli Didani, is charged in a superseding indictment with Count One, conspiracy to distribute controlled substances in violation of 21 U.S.C. §§ 841 and 846; Count Two, conspiracy to possess with intent to distribute and distribute a controlled substance on board a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. §§ 70503(a) and 70506(b); and Count Three, conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956(h). (ECF No. 38, PageID.153).

The government requests that the Court allow Det. Brandon Leach to testify three times during trial. This case involves a lengthy conspiracy that operated in the Eastern District of Michigan, South America, and Europe. The government

intends to call Det. Leach to testify about several events that occurred over the course of five years. Dividing Det. Leach's testimony into three segments will allow the jury to hear his testimony about specific events during the same timeframe that other witnesses will testify about these specific events. This will allow for a more efficient presentation of evidence that the jury will understand.

## I. FACTS

The drug trafficking conspiracies that Didani is charged with began in this District and evolved to where Didani and other co-conspirators began acquiring and transporting multiple large quantities of cocaine secreted aboard maritime vessels from various seaports in South America to Europe.

The investigation of Didani took several years. One of the government witnesses involved in the investigation of Didani was Farmington Hills Police Department Detective Brandon Leach. From June 2016 to June 2022, Det. Leach was a sworn Task Force officer (TFO) with the Detroit DEA. During his time as a TFO with the DEA, Det. Leach was the primary case agent in the Didani investigation. He was the affiant on over 20 search warrants, he testified multiple times before the grand jury, he authored over 100 DEA-6 reports, he interviewed almost all of the government's civilian witnesses, he traveled to several states and countries as part of the investigation, and he was the primary law enforcement officer who analyzed the numerous iCloud and cell phone extractions from Didani,

coconspirators, and several witnesses. Det. Leach was also one of the law enforcement officers who arrested Didani in 2021, and he was the primary interviewer during Didani's post-arrest interview.

The investigation resulted in the DEA obtaining multiple cell phone forensic extractions, over 10 iCloud extractions consisting of over 100,000 pages, 1000s of pages of text messages, documentary evidence, 100s of photographs, and dozens of videos. At trial, the government intends to introduce a substantial portion of this material, almost all of which Det. Leach was involved in obtaining and reviewing.

## II.   ARGUMENT

"Federal Rule of Evidence 611(a) gives the district court 'reasonable control over the mode and order of examining witnesses and presenting evidence.'" *United States v. Bailey*, 973 F.3d 548, 563 (6th Cir. 2020) (quoting Fed. R. Evid. 611(a)). "A district court controls the mode and order of examining witnesses to '(1) make those procedures effective for determining truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment.'" *Id*. "District courts have wide latitude over the order of testimony at trial." *Id*. at 564. *See also United States v. Lash*, 937 F.2d 1077, 1087 (6th Cir. 1991) ("The district court must have considerable discretion in controlling the mode and order of the proof at trial.").

Under Rule 611(a), courts have long permitted the government to recall its witnesses where necessary to present the evidence effectively during a long trial.

3

*See Bailey*, 973 F.3d at 563; *United States v. Butera*, 677 F.2d 1376, 1381 (11th Cir. 1982); *United States v. Jackson*, 549 F.2d 517, 528–29 (8th Cir. 1977); *United States v. Dimora*, 843 F. Supp. 2d 799, 822–23 (N.D. Ohio 2012). As the Eighth Circuit explained in *Jackson*, "this procedure is commended as one way to clearly present an organized factual recital in an extended conspiracy trial." 549 F.2d at 529. That will be true here.

This is a multiple-conspiracy case committed from 2015 to 2021, with overt acts committed in the United States, South America, and Europe. The volume and variety of evidence will require presentation of witnesses and evidence during a trial the government estimates will take 8-10 weeks. In part based on the nature of the prosecution and quantity of the evidence, the Court previously designated this a complex case. (ECF No. 103, PageID.1212-13). The government will need to present several types of evidence covering an extended time through Det. Leach and other witnesses. Presenting all of this multiple event evidence through Det. Leach in "one shot" would be confusing to the jury, especially when he testifies about all of the events that spanned over five years without the jurors first hearing any testimony about those events from other witnesses.

In other words, there is a rational and chronological order of the government's proofs that will require Det. Leach to present testimony about the initial investigation, subjects, locations, physical evidence, electronic evidence,

4

surveillance, the Title 21 conspiracy charged in Count One and the Title 46 conspiracy charged in Count Two of the Superseding Indictment. To present this evidence to the jury in an efficient manner, the government needs to recall Det. Leach several times to introduce the relevant documentary evidence, physical evidence, and provide testimony for each conspiracy.

The first time he is called as a witness, Det. Leach would testify about background information such as the background of the investigation, the identity of coconspirators and witnesses, telephone numbers, email addresses, types of evidence that was obtained and how that evidence was obtained. The second time, Det. Leach would testify about the evidence related to the conspiracy charged in Count One of the Superseding Indictment. This would include testifying about the large volume of electronic evidence from 2016 to 2018, ending with the death of a coconspirator who was living in this district.

The third time, Det. Leach would testify about the evidence related to the MDLEA conspiracy charged in Count Two of the Superseding Indictment. This would include testimony that following the coconspirator's death in 2018, Didani began utilizing additional European-based coconspirators. Det. Leach would testify about how he began obtaining Didani's iCloud data and that when reviewing that data, he was able to identify bulk cocaine shipments that Didani was sending from South America to Europe. Det. Leach would testify about how in some of these

instances, he received the iCloud data when the containerships transporting the cocaine were still at sea. He would testify that in these instances, he worked with DEA agents assigned to the Netherlands to alert Netherlands law enforcement about the incoming shipments of cocaine. As a result, the cocaine was seized upon arrival in port. During this part of Det. Leach's testimony, he would also testify about the dozens of text message chats Didani engaged in where Didani discussed the planning, shipment, and ultimate seizures of these cocaine loads.

This measured practice is common in this district in complex conspiracy cases. *See*, *e.g.*, *United States v Billy Arnold*, Case No. 15-20652 (E.D. Mich.) (Cox, J.); *United States v. Norwood, et al.*, Case No. 12-20287 (E.D. Mich.) (Goldsmith, J.); *United States v. Tavorn, et al.*, Case No. 17-20184 (E.D. Mich.) (Levy, J.); *United States v. Kilpatrick et al.*, Case No. 10-20403 (E.D. Mich.) (Edmunds, J.). The Sixth Circuit has specifically mentioned this practice without pause. *See United States v. Kilpatrick*, 798 F.3d 365, 381 (6th Cir. 2015) ("Each agent testified on multiple occasions concerning his or her years-long personal involvement in the case, including interviewing dozens of witnesses, reading scores of relevant documents and thousands of text messages, and listening to recorded phone calls.").

As in those cases, it will make the trial presentation here more "effective for the ascertainment of the truth." Fed. R. Evid. 611(a). And employing a reasonable

6

practice that makes an easier time for the jury to follow the evidence in a complicated case does not prejudice the defendant. *See United States v. Blankenship*, 775 F.2d 735, 741 (6th Cir. 1985) (When a witness testifies again "before the defendant has presented any evidence, it is unlikely that prejudice sufficient to establish an abuse of discretion can be established.").

The government recognizes that in *United States v. Hamilton*, No. 16-20062, 2017 WL 11469632, at *1 (E.D. Mich. Apr. 18, 2017) this Court denied a similar request by the government to recall a witness. While the Court denied the government's motion, the Court during trial *did* allow the government to recall the witness. *See Hamilton*, Case No. 16-20062, ECF No. 482, PageID.3565.

This case is substantially different than *Hamilton*. The *Hamilton* trial took approximately two weeks and the government called approximately 17 witnesses. Here, the parties estimate the trial will take eight to ten weeks and the government plans on calling approximately 40-50 witnesses. In *Hamilton*, the Court was also concerned about "the recurring witness being asked to tie together one installment with another installment previously addressed…." *Id.* at *1. While the government is certainly mindful of the Court's concern with overlapping testimony, Courts have made clear that "especially in a complicated trial, a witness may make short framing references to previously admitted evidence." *Kilpatrick*, 798 F.3d at 383. This is because "short framing questions tied the evidence together in a manner

7

that was helpful to the jury." *Id*. *See also United States v. Smith*, 601 F.3d 530, 540 (6th Cir. 2010) (permitting summary-reference testimony in complex cases where the volume of evidence is "plausibly confusing to the jury").

Furthermore, there is no prejudice to a defendant in permitting a witness to be recalled as the defendant's Sixth Amendment rights are appropriately safeguarded by allowing the defendant to cross-examine the witness after each appearance. *United States v. Jackson*, 549 F.2d 517, 528–29 (8th Cir. 1977).

### III.  CONCLUSION

The government respectfully requests that the Court grant its motion to recall witness and allow Detective Brandon Leach to testify three times at trial.

Respectfully submitted,

JULIE A. BECK
Acting United States Attorney

| | |
|---|---|
| *s/Mark Bilkovic* | *s/Timothy P. McDonald* |
| Mark Bilkovic | Timothy P. McDonald |
| Assistant United States Attorney | Assistant United States Attorney |
| 211 W. Fort St., Suite 2001 | 211 W. Fort St., Suite 2001 |
| Detroit, MI 48226 | Detroit, MI 48226 |
| Phone: (313) 226-9623 | Phone: (313) 226-0221 |
| mark.bilkovic@usdoj.gov | timothy.mcdonald@usdoj.gov |

Dated: January 24, 2025

## **CERTIFICATE OF SERVICE**

I hereby certify that on Friday, January 24, 2025, the forgoing document was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Standby Counsel Wade Fink, Esq.

A copy of this document was also mailed to Defendant Ylli Didani at the following address:

Ylli Didani
Register No. 37630-509
FCI Milan
Federal Correctional Institution
P.O. Box 1000
Milan, MI 48160

                                                s/*Mark Bilkovic*
                                                Mark Bilkovic
                                                Assistant United States Attorney