# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                       Case No. 21-20264

v.                                      Hon. Denise Page Hood

YLLI DIDANI,

      Defendant.

---

Mark Bilkovic (P48855)
Timothy P. McDonald
Assistant United States Attorneys
211 W. Fort St., Ste. 2001
Detroit, MI 48226
(313) 226-9623
mark.bilkovic@usdoj.gov
Timothy.mcdonald@usdoj.gov
*Attorneys for the United States*

Ylli Didani
PRO SE DEFENDANT
FDC Milan
4004 Arkona Road
Milan, MI 48160

Wade G. Fink (P78751)
WADE FINK LAW, P.C.
550 W. Merrill St Suite 100
Birmingham, MI 48009
(248) 712-1054
wade@wadefinklaw.com
*Standby Counsel Only*

---

## DEFENDANT'S RESPONSE IN OPPOSITION TO GOVERNMENT'S MOTION TO RECALL WITNESSES[1]

---

[1] Standby counsel took no part in the writing of this brief. He merely formatted and filed the same.

Defendant YLLI DIDANI, pro se, opposes the Governments Motion In Limine to Recall Witness Detective Brandon Leach, and in support thereof states:

The government seeks an extraordinary remedy by requesting to recall a key law enforcement witness, Detective Brandon Leach, multiple times during trial. We understand why they would want to call Detective Leach to the stand multiple times with the absence of actual witnesses, since they can't call an iPhone to the stand to testify. However, such a practice risks prejudicing the defendant by creating undue emphasis on Detective Leah's testimony, fostering jury confusion, and unfairly bolstering the credibility of the witness. While the government argues that recalling Detective Leach is necessary for the orderly presentation of evidence, the defendant contends that the governments proposed procedure is neither required nor appropriate and undermine the fairness of the trial.

## I.     ARGUMENT

### A.     Rule 611(a) Does Not Justify the Repeated Recall of Detective Leach

Federal Rule of Evidence 611(a) allows the court to exercise reasonable control over the order and mode of witness testimony to ensure effective ascertainment of the truth, avoid wasting time, and protect witnesses from harassment or undue

embarrassment. However, the rule does not support a method of presentation that risks overemphasizing a single witness's testimony and prejudicing the defendant.

1. Prejudice Through Repetition and Credibility Enhancement

Allowing the government to recall Detective Leach three separate times risks prejudicing the defendant by implicitly signaling to the jury that his testimony is of heightened importance . Each appearance before the jury provides an opportunity to bolster the witness's credibility and reinforce the governments narrative, which is unfairly prejudicial to the defense.

2. Jury Confusion

The government argues that recalling Detective Leach will aid the jury in understanding the evidence. However, the repeated testimony may create confusion and give rise to an improper perception that Detective Leach is uniquely authoritative or central to the governments case. This approach may inadvertently overwhelm the jury with redundant testimony from a single source, rather than clarifying the complex issues.

**B.    The Governments Cited Precedents Are Distinguishable**

While the government cites cases where the witnesses were recalled in complex trials, these cases involved unique circumstances not present here. For example:

1. *United States v. Bailey*, 973 F .3d 548 (6th Cir. 2020)

In Bailey, the court addressed the general discretion of trial courts to manage witness testimony but did not endorse a blanket rule allowing multiple recalls of a key witness in every complex case.

2. *United States v. Kilpatrick*, 798 F .3d 365 (6th Cir. 2015)

While Kilpatrick permitted "short framing references" to previously admitted evidence, it cautioned against extensive overlaps that could prejudice the defendant. Here, the governments proposal to divide Detective Leach's testimony into three lengthy sessions exceeds the permissible scope of framing references and risks undue repetition.

## C.    The Complexity of the Case Does Not Warrant Multiple Recall

The governments argument hinges on the alleged complexity of the case and the volume of evidence, but these factors do not justify altering the traditional mode of presenting testimony. The government has ample time to prepare its case and should present clear, logical sequence without unduly relying on Detective Leach's repeated appearances.

1. Efficient Presentation Through Other Witnesses

3

The government acknowledges that Detective Leach′s testimony will overlap with that of other witnesses. Rather than recalling him, the government should structure its case to avoid duplicate testimony. Other witnesses can testify to specific events or evidence, reducing the need for repeated appearances by Detective Leach

2.   No Unique Need for Repeated Testimony

The government has not demonstrated why Detective Leach′s testimony cannot be presented comprehensively in one session. The desire for chronological presentation of evidence is not a compelling justification for recalling a witness multiple times. We understand the prosecution may struggle to make a connection to the defendant through the pins and strings of their alleged conspiracy theory to random people who may or may not have engaged in some sort of vague criminality in the past. (Much like the meme that was referenced from TV Show ″Its Always Sunny in Philadelphia″ ECF No. 81 PageID 869)

**D.    Risk of Cumulative Testimony**

Under Rule 403, the court may exclude evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion, or needless presentation of cumulative evidence. Allowing Detective Leach to testify three times would result in cumulative testimony, wasting time and unfairly prejudicing the defendant.

**E.    Cross-Examination Rights**

While the government asserts that the defendant will have an opportunity to cross-examine Detective Leach after each appearance, this does not mitigate the prejudice caused by repeated testimony. Each instance of cross-examination would require the defense to address overlapping issues, potentially creating confusion and diluting the effectiveness of the defense.

## III.    <u>CONCLUSION</u>

The defendant respectfully requests that the Court deny the Governments Motion in Limine to Recall Witness. The proposed procedure risks prejudicing the defendant, confusing the jury and unfairly enhancing the credibility of Detective Leach. The government has not demonstrated that recalling Detective Leach is necessary or appropriate, nor has it justified its departure from standard trial practice.

Date: January 27, 2025                    Respectfully Submitted,

<u>/s/ Ylli Didani (with permission WGF)</u>

PRO SE DEFENDANT
FDC Milan
4004 Arkona Road
Milan, MI 48160

**<u>CERTIFICATE OF SERVICE</u>**

On January 27, 2025, standby counsel, who signs below, filed the foregoing using the Court's e-filing system, which will send notice of same to all parties of record. Standby counsel filed this way at the direction of the Clerk's Office regarding Defendant's pro se status and its preference for future filings.

<u>/s/ Wade G. Fink</u>