# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

YLLI DIDANI,

    Defendant.

Case No. 21-20264

Hon. Denise Page Hood

---

| | |
|---|---|
| Mark Bilkovic (P48855)<br>Timothy P. McDonald<br>Assistant United States Attorneys<br>211 W. Fort St., Ste. 2001<br>Detroit, MI 48226<br>(313) 226-9623<br>mark.bilkovic@usdoj.gov<br>Timothy.mcdonald@usdoj.gov<br>*Attorneys for the United States* | Ylli Didani<br>PRO SE DEFENDANT<br>FDC Milan<br>4004 Arkona Road<br>Milan, MI 48160<br><br>Wade G. Fink (P78751)<br>WADE FINK LAW, P.C.<br>550 W. Merrill St Suite 100<br>Birmingham, MI 48009<br>(248) 712-1054<br>wade@wadefinklaw.com<br>*Standby Counsel Only* |

---

## DEFENDANT'S MOTION *IN LIMINE* <u>TO SUPPRESS ICLOUD PICTURES AND VIDEO</u>

    Defendant YLLI DIDANI, proceeding pro se, respectfully moves this Court to suppress and exclude from evidence the iCloud photos and videos that the

prosecution seeks to introduce. The Defendant asserts that such evidence lacks authentication, is not reliably verified, and is unduly prejudicial.

Date: January 31, 2025                                  Respectfully Submitted,

/s/ Ylli Didani (with permission WGF)[1]

PRO SE DEFENDANT
FDC Milan
4004 Arkona Road
Milan, MI 48160

---

[1] Standby counsel was asked to file the foregoing motion. Counsel had no part in the drafting of the substance of this motion, but assisted in formatting and minor corrections for understanding of the reader.

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

YLLI DIDANI,

    Defendant.

Case No. 21-20264

Hon. Denise Page Hood

---

Mark Bilkovic (P48855)
Timothy P. McDonald
Assistant United States Attorneys
211 W. Fort St., Ste. 2001
Detroit, MI 48226
(313) 226-9623
mark.bilkovic@usdoj.gov
Timothy.mcdonald@usdoj.gov
*Attorneys for the United States*

Ylli Didani
PRO SE DEFENDANT
FDC Milan
4004 Arkona Road
Milan, MI 48160

Wade G. Fink (P78751)
WADE FINK LAW, P.C.
550 W. Merrill St Suite 100
Birmingham, MI 48009
(248) 712-1054
wade@wadefinklaw.com
*Standby Counsel Only*

---

**BRIEF IN SUPPORT**

1

I.  **BACKGROUND**

The defendant is charged in a superseding indictment with: Conspiracy to Distribute Controlled Substances in violation of 21 U.S.C. 841 and 846, Conspiracy to Possess with intent to Distribute a Controlled Substance on Board a Vessel Subject to the Jurisdiction of the United States in violation of 46 U.S.C. 70503(a) and 70506(b) and Conspiracy to Launder Monetary Instruments in violation of 18 U.S.C. 1956(h)

The prosecution intends to utilize random photos and videos allegedly found within the Defendants iCloud account to support its case. These materials are being used to connect the defendant to drug seizures made outside the United States and to bolster the prosecutions narrative. The photos and videos, however, are inherently unreliable and lack sufficient context. Without proper authentication and verification, their admission would violate the Federal Rules of Evidence and create an undue risk of prejudice against the Defendant..

II. **LEGAL ARGUMENT**

**A. Lack of Authentication**

Under Federal Rules of Evidence 901(a), to authenticate evidence, the proponent must produce sufficient evidence to support a finding that the item is what proponent claims it is.

2

The prosecution has not provided adequate evidence to establish that the photos and videos were created or maintained by the Defendant, or that they are tied to the alleged crimes.

Without such authentication, the reliability and accuracy of these materials remain questionable. The Possibility that these photos and videos were altered, fabricated, or misattributed can not be ruled out.

### B. Unreliable Authentication

The photos and videos lack metadata or other reliable indicia that could verify their origin, date or context. The absence of such information undermines their probative value and increases the likelihood of confusion or misinterpretation by the jury.

Furthermore, the prosecutions attempt to tie these materials to events and activities without corroborating evidence is speculative at best and fails to meet the standards of reliability required for admissible evidence.

### C. The Risk of Undue Prejudice

Federal Rules of Evidence 403 provides that relevant evidence may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice , confusing the issues, or misleading the jury.

Introducing these photos and videos without proper context or authentication could lead the jury to draw unwarranted inferences, thereby prejudicing the Defendant.

The government also plans to introduce emails and photographs between Carl Chaumont and Zaid Lattouf by the goverments admission this alleged prototype was destroyed so this is there way to introduce them in to evidence. None of the photos were taken by the defendant and their use causes unfair prejudice. The use of such speculative evidence risks creating a false narrative that is not grounded in fact and unfairly shifts the burden of proof onto the defendant

## IV.    CONCLUSION

For the foregoing reasons, the Defendant respectfully requests that this honorable Court grant this Motion in Limine and suppress the iCloud photos and videos from being admitted in to evidence.

The defendant requests that this Court:

1. Exclude from evidence all iCloud photos and videos that the prosecution seeks to introduce due to lack of authentication and unreliable verification

2. Grant any other relief deemed just and proper.

Date: January 31, 2025                                                  Respectfully Submitted,

/s/ Ylli Didani (with permission WGF)

PRO SE DEFENDANT
FDC Milan
4004 Arkona Road
Milan, MI 48160

4

5

## **CERTIFICATE OF SERVICE**

On January 31, 2025, standby counsel, who signs below, filed the foregoing using the Court's e-filing system, which will send notice of same to all parties of record. Standby counsel filed this way at the direction of the Clerk's Office regarding Defendant's pro se status and its preference for future filings.

/s/ Wade G. Fink