United States District Court
Eastern District of Michigan
Southern Division

United States of America,

        Case No. 2:21-cr-20264

        Honorable Denise Page Hood

v.

Ylli Didani,
        Defendant.
_____/

## GOVERNMENT'S RESPONSE OPPOSING DIDANI'S MOTION TO EXCLUDE HEARSAY STATEMENTS (ECF. No 141)

The out of court statements anticipated to be admitted in this case are either non-hearsay or subject to a hearsay exception. Didani's motion should be denied.

        Respectfully submitted,

        Julie A. Beck
        Acting United States Attorney

        *s/Timothy P. McDonald*
        Timothy P. McDonald
        Mark Bilkovic
        Assistant U.S. Attorneys
        211 W. Fort Street, Suite 2001
        Detroit, MI  48226
        timothy.mcdonald@usdoj.gov
        (313) 226-0221

United States District Court
Eastern District of Michigan
Southern Division

United States of America,

                                               Case No. 2:21-cr-20264

                                               Honorable Denise Page Hood

v.

Ylli Didani,

               Defendant.
_____/

## GOVERNMENT'S BRIEF IN SUPPORT OF RESPONSE OPPOSING DIDANI'S MOTION TO EXCLUDE HEARSAY STATEMENTS (ECF No. 141)

Rather than identifying particular statements he believes are inadmissible hearsay, Ylli Didani brushes with a broad stroke. He asks the Court to "preclude any statements or testimony made by Donald Larson" because "any information shared by Mr. Larson would be inadmissible hearsay." (ECF No. 141, PageID.1677-78). But "[m]otions in limine to exclude broad categories of evidence should rarely be granted. The better practice is to confront questions of admissibility as they arise at trial." *Wolff v. Maybach International Group, Inc.*, 2023 WL 3602810 (E.D. Kentucky 2023) (citing *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). At any rate, the out of

2

court statements anticipated to be admitted in this case are either not hearsay or are subject to a 'firmly rooted hearsay exception.' Accordingly, Didani's motion to exclude should be denied.

## I. Donald Larson's statements are not hearsay

Hearsay is any statement that (1) a declarant "does not make while testifying at the current trial" and (2) is offered into evidence "to prove the truth of the matter asserted in that statement." Fed. R. Evid. 801(c). "So, to constitute hearsay, the testifying witness must repeat an out-of-court statement." *United States v. Sian*, 756 Fed.Appx. 587, 589 (6th Cir. 2018). "If a statement meets the definition of hearsay, it is inadmissible, *see* Fed. R. Evid. 802, unless it satisfies one or more of the hearsay exceptions, *see* Fed. R. Evid. 803, 804, 807. The proponent of a hearsay statement bears the burden of proving each element of a given hearsay exception or exclusion." *United States v. Khalil*, 2024 WL 5076322 *1 (E.D. Mich 2024) (J. Goldsmith) (citing *United States v. Day*, 789 F.2d 1217, 1221 (6th Cir. 1986)).

Here, to the extent Donald Larson repeats out of court statements during Didani's trial, those statements will come from Didani himself. Under Rule 802(d)(2), a statement that is offered against an opposing

party is not hearsay in certain circumstances. Fed. R. Evid. 801(d)(2). Here, oral or written out of court statements made by Didani to Larson are Defendant's own statements being offered against him by the opposing party, the United States. "Defendant's statements thus constitute admissions by a party-opponent permitted under Rule 801(d)(2)(A)." *United States v. Jacobs*, 674 F.Supp.3d 451, 457 (S.D. Ohio 2023). To the extent Larson's testimony includes statements of Didani's co-conspirators, those statements were made during, and in furtherance of, drug and money laundering conspiracies, which is discussed in detail below.

## II. Co-conspirator statements

### a. Legal Standard

A co-conspirator's statement made "during and in furtherance of the conspiracy" is not hearsay, so the government may use it against any of the co-conspirators at trial to prove the truth of the matter asserted. Fed. R. Evid. 801(d)(2)(E). For a statement to fit within this rule, the government must show by a preponderance of the evidence that (1) a conspiracy existed; (2) the defendant against whom the hearsay is offered was a member of that conspiracy; and (3) the hearsay

statement was made in the course and in furtherance of the conspiracy. Fed. R. Evid. 801(d)(2)(E); *United States v. Vinson*, 606 F.2d 149, 152 (6th Cir. 1979). "[T]he rule does not require that both parties be coconspirators; it merely requires the statement to be offered against a party and be made by a co-conspirator of a party during the course and in furtherance of the conspiracy." *United States v. Pike*, 342 F. App'x 190, 193 (6th Cir. 2009) (quotations and citation omitted).

### b. The Court's finding

Under Rule 104(a), the Court is responsible for determining that the statement satisfies these requirements. *Vinson*, 606 F.2d at 152. This finding is commonly referred to as an *Enright* finding. *See United States v. Enright,* 579 F.2d 980, 986-87 (6th Cir. 1978); *United States v. Young*, 847 F.3d 328, 352 (6th Cir. 2017). The Sixth Circuit has identified three ways for a court to make the *Enright* finding: (1) conduct a "mini-hearing" in which the court hears the government's proof of conspiracy and makes a preliminary *Enright* finding; (2) require the government to produce independent evidence establishing a conspiracy at trial before the court makes an *Enright* finding; or (3) conditionally "admit the hearsay statements subject to a later

5

demonstration of their admissibility by a preponderance of the evidence." *Vinson*, 606 F.2d at 152-53. Under the third method, the *Vinson* Court established procedures to protect defendants, which include, "[a]t the conclusion of the government's case-in-chief, the court should rule on the defendant's hearsay objection. If the court finds that the government has met the burden of proof. . . it should overrule the objection and let all the evidence, hearsay included, go to the jury[.]" *Id.* at 153. If the court finds that the government "has failed to carry its burden, it should, on defendant's motion, declare a mistrial unless convinced that a cautionary jury instruction would shield the defendant from prejudice." *Id.*

The third method is the preferred method in the Sixth Circuit. *See, e.g.*, *United States v. Holloway*, 740 F.2d 1373, 1375 n.2 (noting this method is "firmly entrenched in this circuit's practice"); *United States v. Peterson*, No. 20-20448, 2022 WL 3568979, at *1 (E.D. Mich. Aug. 18, 2022) (Cleland, J.) (collecting cases); *United States v. Bell*, No. CR 17-20183, 2022 WL 993634, at *3 (E.D. Mich. Apr. 1, 2022) (Goldsmith, J.) (noting this method is "the general and preferred practice within this circuit").

This Court has also approved of this method. "It appears that the general practice is to conditionally allow the admission of co-conspirator statements to prove the charged conspiracy." *United States v. Driver*, No. 09-20549, 2011 WL 761496, at *6 (E.D. Mich. Feb. 25, 2011) (Hood, J.), citing *United States v. Moss*, 9 F.3d 543, 549 (6th Cir. 1993).

This method is also the most consistent with the Supreme Court's decision in *Bourjaily v. United States*, 483 U.S. 171 (1987), since "[t]his procedure allows trial courts to rely on the hearsay statements themselves to determine whether the statements are admissible under Fed. R. Evid . 801(d)(2)(E)." *United States v. Estrada*, 829 F.2d 1127, * 4 (6th Cir. 1987) (unpublished opinion). And it allows a court to rule on the statement's admissibility in the context of other trial evidence, including if the statement is non-hearsay.

Relatedly, the first method has been widely criticized as "burdensome, time-consuming, and uneconomic." *See, e.g.*, *Vinson*, 606 F.2d at 152 (internal citation omitted); *Peterson*, 2022 WL 3568979, at *1; *United States v. Mills*, No. 16-CR-20460, 2019 WL 77032, at *3 (E.D. Mich. Jan. 2, 2019) (Goldsmith, J.); *United States v. Johnson*, No. 11-CR-20551, 2014 WL 12703420, at *1. This is, in part, because the

7

evidence introduced during an *Enright* hearing will be the same evidence at trial to prove that a defendant engaged in the conspiracy, which gives a defendant the chance to "preview the [g]overnment's case and how it intends to present that case to the jury[.]" *Johnson*, 2014 WL 12703420, at *1. In other words, "litigating the admissibility of any coconspirator statements in advance of trial would require, essentially, another trial." *United States v. Beavers*, No. 16-CR-20677, 2017 WL 3704383, at *3 (E.D. Mich. Aug. 28, 2017) (Ludington, J.). Additionally, the second option—requiring the government to provide all non-hearsay evidence of the conspiracy first—may be unduly burdensome in situations where "the proof involves an intricate, interwoven web of contacts." *United States v. Stone*, No. 10-20123, 2011 WL 17613, at *2 (E.D. Mich. Jan. 4, 2011) (Roberts, J.).

### c. A conspiracy existed

"Although this court has long held that the essence of conspiracy is agreement, proof of a formal agreement is not necessary; 'a tacit or material understanding among the parties will suffice.'" *United States v. Avery*, 128 F.3d 966, 970-71 (6th Cir. 1997) (quoting *United States v. Pearce*, 912 F.2d 159, 161 (6th Cir.1990)). "A conspiracy may be inferred

8

from circumstantial evidence that can reasonably be interpreted as participation in the common plan." *Id*. at 971 (quotation omitted).

### d. During the conspiracy

"Where a conspiracy contemplates a continuity of purpose and a continued performance of acts, it is presumed to exist until there has been an affirmative showing that it has terminated; and its members continue to be conspirators until there has been an affirmative showing that they have withdrawn." *United States v. Hamilton*, 689 F.2d 1262, 1268 (6th Cir. 1982) (internal citation and quotations omitted). And even if a coconspirator is "no longer an active participant in the conspiracy . . . he is nonetheless presumed to be a continuing member, and is chargeable for subsequent acts of co-conspirators, so long as the conspiracy was ongoing and [the defendant] did not establish his affirmative withdrawal from the conspiracy." *United States v. Robinson*, 390 F.3d 853, 882 (6th Cir. 2004) (affirming admission of statements under Rule 801(d) (2)(E) against incarcerated defendant). To that end, "[m]ere cessation of activity is not sufficient to establish withdrawal from a conspiracy . . . and a defendant's arrest or incarceration does not qualify as an affirmative, volitional act of withdrawal." *Id*.; *see also*

9

*United States v. Blake–Saldivar*, 505 F. App'x 400, 410 (6th Cir. 2012) (holding that coconspirator statements may be admissible under Rule 801(d)(2)(E) even if defendant was incarcerated at the time the statement was made).

### e. In furtherance of the conspiracy

Whether a statement is in furtherance of a conspiracy turns on the context in which it was made and the declarant's intent. *United States v. Warman*, 578 F.3d 320, 338 (6th Cir. 2009) (citing *United States v. Conrad*, 507 F.3d 424, 431 (6th Cir. 2007)). For example, "[a] statement is in furtherance of a conspiracy if it is intended to promote the objectives of the conspiracy." *Id.* (internal citations and quotations omitted); *see also United States v. Hamilton*, 689 F.2d 1262, 1270 (6th Cir. 1982). The Sixth Circuit has "found statements to be in furtherance of a conspiracy where they identify other co-conspirators and their roles, apprise other co-conspirators of the status of the conspiracy, or indicate the source or purchaser of controlled substances." *Id.* (internal citations and quotations omitted); *United States v. Monus*, 128 F.3d 376, 392-93 (6th Cir. 1997) (statement identifying defendant as key participant and explaining his role in conspiracy, as well as quelling co-conspirator's

fears); *United States v. Clark*, 18 F.3d 1337, 1342 (6th Cir. 1994) (statements identifying participants and their roles in the conspiracy). Similarly, statements made to keep a conspirator abreast of a co-conspirator's activities satisfy the "in furtherance" requirement. *United States v. Rios*, 842 F.2d 868, 874 (6th Cir. 1988) (internal citations and quotations omitted); *United States v. Brooks*, 41 F. App'x 718, 723 (6th Cir. 2002). And "statements designed to gain the trust and assurance of co-conspirators, to provide incentives for negotiations, and to peak interest are also in furtherance of a conspiracy." *Id.* (citing *United States v. McLernon*, 746 F.2d 1098, 1105 (6th Cir. 1984)).

A statement may be made in furtherance of a conspiracy "even if not exclusively, or even primarily, made to further the conspiracy." *United States v. Tocco*, 200 F.3d 401, 419 (6th Cir. 2000) (internal citations omitted). Such statements need not "actually further" the conspiracy, so long as they were "intended to" do so. *Hamilton*, 689 F.2d at 1270. "Statements designed to conceal an ongoing conspiracy are also made in furtherance of the conspiracy for purposes of Rule 801(d)(2)(E)." *United States v. Payne*, 437 F.3d 540, 546 (6th Cir. 2006).

11

### III. The admission of co-conspirators' statements does not violate the Sixth Amendment's Confrontation Clause

The government may seek to admit co-conspirator statements from several witnesses. All of these statements are nontestimonial and do not implicate *Bruton v. United States*, 391 U.S. 123 (1968), or the Confrontation Clause. *Bruton* and the Confrontation Clause only apply to testimonial evidence. *See United States v. Johnson*, 581 F.3d 320, 325 (6th Cir. 2009) ("Because it is premised on the Confrontation Clause, the *Bruton* rule, like the Confrontation Clause itself, does not apply to nontestimonial statements.") (citing *Davis v. Washington*, 547 U.S. 813, 825 (2006) and *Whorton v. Bockting*, 549 U.S. 406, 420 (2007)).

"The threshold question . . . is 'whether a reasonable person in the declarant's position would anticipate his statement being used against the accused in investigating and prosecuting the crime.'" *Mooneyham*, 473 F.3d at 286-87 (quoting *United States v. Cromer*, 389 F.3d 662, 675 (6th Cir. 2004)). When "statements [a]re admitted into evidence under the theory that they were statements made by a co-conspirator in furtherance of the conspiracy. . . [b]y definition, such statements are not by their nature testimonial[.]" *Id*. (internal quotation omitted). "Indeed, the *Crawford [v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d

12

177 (2004),] court specifically identified statements in furtherance of a conspiracy as examples of statements that are inherently non-testimonial." *Id*.

## IV. Conclusion

Based on the foregoing reasons, the United States respectfully requests that the Court deny Didani's motion.

                               Respectfully submitted,

                               Julie A. Beck
                               Acting United States Attorney

| *s/Mark Bilkovic* | *s/Timothy P. McDonald* |
|---|---|
| Mark Bilkovic | Timothy P. McDonald |
| Assistant United States Attorney | Assistant United States Attorney |
| 211 W. Fort St., Suite 2001 | 211 W. Fort St., Suite 2001 |
| Detroit, MI 48226 | Detroit, MI 48226 |
| Phone: (313) 226-9623 | Phone: (313) 226-0221 |
| mark.bilkovic@usdoj.gov | timothy.mcdonald@usdoj.gov |

Dated: February 6, 2025

13

## CERTIFICATE OF SERVICE

I hereby certify that on Thursday, February 06, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Standby Counsel Wade Fink, Esq.

I have also mailed a copy of this document to Defendant Ylli Didani at the following address:

Ylli Didani
Register No. 37630-509
FCI Milan
Federal Correctional Institution
P.O. Box 1000
Milan, MI 48160

                                                  s/*Timothy P. McDonald*
                                                  Timothy P. McDonald
                                                  Assistant United States Attorney