# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

YLLI DIDANI,

      Defendant.
_____/

CASE NO. 21-20264

HON. DENISE PAGE HOOD

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION IN LIMINE TO EXCLUDE CERTIFICATES FROM EVIDENCE (ECF No. 162)

The Superseding Indictment charges Defendant Ylli Didani with: Count One – Conspiracy to Distribute Controlled Substances, 21 U.S.C. §§ 841(a)(1) and 846; Count Two – Conspiracy to Possess with Intent to Distribute and Distribute a Controlled Substance on Board a Vessel Subject to the Jurisdiction of the United States, 46 U.S.C. §§ 70503(a) and 70506(b), 21 U.S.C. § 960(b)(1)(B); and Count Three – Conspiracy to Launder Monetary Instruments, 18 U.S.C. § 1956(h). (ECF No. 38)

This matter is before the Court on Defendant Ylli Didani's Motion in Limine to Exclude Certificates from Evidence (ECF No. 162). Didani seeks to exclude the certificates required under the Maritime Drug Law Enforcement Act (MDLEA) to

establish the United States' jurisdiction over the vessels at issue in this case. The certificates were requested and authorized by Commander Ian M. Starr, who will not be testifying at trial. Didani asserts that because Commander Starr will not be testifying at trial, Didani is unable to question Commander Starr regarding the certificates. The certificates sought to be excluded are:

- Certificate for MDLEA Case involving MSC Anish R Republic of Liberia (07/21/2022)
- Certificate for MDLEA Case involving CMA CGM Jean Gabriel Republic of Malta (07/21/2022)
- Certificate for MDLEA Case Involving the Cartegena Express Germany (07/21/2022)

(ECF No. 128, PageID.1896) The Government indicated on the record that the certificates will not be introduced as evidence at trial.

Based on the Government's agreement that the certificates will not be introduced as evidence at trial Didani's motion to exclude the evidence at trial is granted.

However, at trial, Didani argued on the record that because the MDLEA certificates will be excluded as evidence from trial, any further evidence relating to Count Two of the Superseding Indictment, Conspiracy to Possess with Intent to Distribute and Distribute a Controlled Substance on Board a Vessel Subject to the Jurisdiction of the United States, 46 U.S.C. §§ 70503(a) and 70506(b), 21 U.S.C. § 960(b)(1)(B), must not be introduced as well. Essentially, Didani seeks to dismiss

2

Count Two, the conspiracy claim related to distribution of controlled substances on board vessels which were not within the territory of the United States, and which required the certificates in order for the Government to proceed under the MDLEA count.

The Court previously denied Didani's Motion to Dismiss where he claimed that the certificates were not valid. (ECF No. 153) The Court found that it has jurisdiction over the matter under the MDLEA. "Jurisdiction of the United States with respect to a vessel subject to this chapter is not an element of an offense. Jurisdictional issues arising under this chapter are preliminary questions of law to be determined solely by the trial judge." 46 U.S.C. §70504(a). The MDLEA further provides, "[c]onsent or waiver of objection by a foreign nation to the enforcement of United States law by the United States … is proved conclusively by certification of the Secretary of State or the Secretary's designee." 46 U.S.C. §70502(c)(2)(B); *United States v. Brant-Epigmelio*, 429 F. App'x 860, 862 (11th Cir. 2011); *United States v. Campbell*, 743 F.3d 802 (11th Cir. 2014); *United States v. Cardales–Luna,* 632 F.3d 731 (1st Cir. 2011); *United States v. Bustos-Useche*, 273 F.3d 622, 627 & n.5 (5th Cir. 2001)). In light of Congress' instruction that the certification is conclusive of the United States' jurisdiction, excluding the certificates as evidence at trial does not make the certificates invalid. The

3

certificates are not required to prove any elements in Count Two, Conspiracy to Possess with Intent to Distribute and Distribute a Controlled Substance on Board a Vessel Subject to the Jurisdiction of the United States under the MDLEA. The certificates were only required to establish the United States' jurisdiction. The statute expressly states that jurisdiction under the MDLEA is not an element of an offense and that jurisdictional issues arising under the MDLEA are preliminary questions of law to be determined solely by the trial judge. 46 U.S.C. §70504(a). The Court has ruled that the United States has jurisdiction over the MDLEA count. Any request by Didani to exclude any additional evidence related to or to dismiss Count Two based on the exclusion of the certificates as evidence at trial is denied.

Accordingly,

IT IS ORDERED that Defendant Ylli Didani's Motion in Limine to Exclude Certificates from Evidence (ECF No. 162) is GRANTED as agreed to by the Government, but the request to exclude any additional evidence related to the MDLEA conspiracy count as alleged in Count Two of the Superseding Indictment is DENIED.

s/Denise Page Hood  
DENISE PAGE HOOD  
United States District Judge

DATED: February 24, 2025