UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

YLLI DIDANI,

    Defendant.

Case No. 21-20264

Hon. Denise Page Hood

---

## **DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

Defendant Ylli Didani ("Didani"), by and through counsel, Wade Fink Law, P.C., submits the following for his proposed jury instructions. Didani will go in order of the government's proposed instructions, note by title of the instruction where there is agreement, and make clear where Didani may want an additional or revised instructions, or where Didani wishes to strike an instruction.

Date: May 7, 2025

                                                    Respectfully submitted,

                                                    WADE FINK LAW, P.C.

                                                    /s/ Wade G. Fink (P78751)
                                                    *Attorney for Didani*
                                                    550 W. Merrill St., Suite 100
                                                    Birmingham, MI 48009
                                                    248-712-1054
                                                    Wade@wadefinklaw.com

## **RESPONDING TO THE GOVERNMENT'S PROPOSED INSTRUCTIONS**

Didani will first list, in order, his responses to the government's proposed instructions. Where the instruction is joint, or agreed upon, the instruction will be noted "Agree." Where there is an objection, it will be noted that there is an objection, the reason for same, and the proposed revision, alternative, or request to strike.[1] There are at least two instructions where the parties agree, but Defendant has asked for an addition, it is noted below.

1. Introduction 1.01 (Government Page 2) - Agree
2. Jurors' Duties 1.02 (Government Page 3) - Agree
3. Presumption of Innocence 1.03 (Government Page 4) - Agree
4. Evidence Defined 1.04 (Government Page 6) - Agree
5. Consideration of Evidence 1.05 (Government Page 8) - Agree
6. Direct and Circumstantial Evidence 1.06 (Government Page 9) - Agree
7. Credibility of Witnesses 1.07A (Government Page 10) - Agree
8. Credibility of Witnesses – Law Enforcement Officer 1.07B (Government Page 13) - Agree
9. Number of Witnesses 1.08 (Government Page 14) - Agree

---

[1] It has been represented to Didani by the government, and from Didani's counsel's review, that the instructions that are agreed upon here are verbatim from the Pattern Instructions for the Sixth Circuit available at https://www.ca6.uscourts.gov/pattern-jury-instructions

2

10. Presentation of Evidence (Not Pattern Instruction) (Government Page 15) -

**<u>Objection</u>**

    a. Didani Objects: This instruction is not a pattern instruction for our Circuit, nor has the government pointed to any other Circuit with a similar instruction. In support of this instruction, the government points to two unpublished cases and a Second Circuit case. The first, from Judge Ludington, is a civil case where a Plaintiff alleged that a jeweler had altered and stolen her diamond wedding ring. *See Harris v JB Robinson Jewelers.* There is nothing on Page 6 of this opinion in support of the government's position. There is an appendix that includes the same "Presentation of Evidence" presented to the Court here. The next citation is a civil medical malpractice case where the instruction was used in favor of a defendant who did not show up for trial. *See Brown v. Abuakar Durrani.* Nothing in the opinion supports its use here. And, the instruction there provides an important caveat that the government omits: "However, when a party, such as Dr. Durrani, has relevant evidence or testimony within its control that the party failed to produce, that failure gives rise to an inference that the evidence or testimony is unfavorable to that party." In other words, it is wholly proper for a defendant to question why certain evidence was not raised. Finally, in *Bahna,* the government cites to Page 22 of the case, presumably for the idea that the government was prejudiced by not being able to call certain witnesses. It has nothing to do with this case, and, in fact, the instruction there is much different than what was requested here: "If you find that a witness was either equally available or unavailable to both sides, you may infer that the testimony of the uncalled witness might have been unfavorable to the Government or to the defendant or to both. Alternatively, if the witness was unavailable to both the prosecution and the defense, you may simply disregard his possible testimony as a factor in this case. You should, however, remember that there is no duty on either side to call a witness whose testimony would merely repeat or duplicate testimony already in evidence. You should also recall my earlier instruction that the law never compels a defendant in a criminal case to call any witnesses or produce any evidence in his behalf. *United States v Bahna,* 68 F.3d 19, 21 (1995).

    b. Didani's proposal: Didani requests the Court strike the instruction. Should the Court choose to read the instruction, Didani requests the following language from the Government's own cases:

        i. However, you may infer that the testimony of any uncalled witness might have been unfavorable to the Government. But that inference is not true for the defendant, but the law never compels a criminal defendant in a criminal case to call any witnesses or produce any evidence.

    The Court's failure to read this part of the instruction would be inconsistent with law, because of course Defendant can comment on the prosecutor's choice of evidence and wonder aloud why someone was or was not called. There were tons of names mentioned in this case, and most of them were never called the stand. "In the Sixth Circuit, a factfinder may draw an adverse inference from an uncalled witness 'only when a party has it peculiarly within his power to produce witnesses whose testimony would elucidate the transaction.'" The government had the power to call numerous other witnesses – foreign witnesses they identified, Fatjon Bajrami, among others. If they are entitled to this instruction, Defendant is entitled to tell the jury to make an inference the other way. Or the instruction should not be read at all. And if the latter, the instruction is not read at all, Defendant is still entitled to comment on the *lack* of evidence.

11. Parties Objections (Modified Pattern Instruction 1.09) (Government Page 15)

    - Agree

12. Introduction 2.01 (Government Page 17) – Agree

13. Separate Consideration - Single Defendant Charged with Multiple Crimes 2.01A (Government Page 18) – Agree

14. Conspiracy to Possess with Intent to Distribute and to Distribute a Controlled Substance 14.05 (Government Page 19) – **<u>Agree subject to special instruction and special verdict form requests below</u>**

4

15. Possession of a Controlled Substance with Intent to Distribute 14.01 (Government Page 23) – **Agree subject to special instruction and special verdict form requests below**

16. Distribution of a Controlled Substance 14.02A (Government Page 25) – **Agree subject to special instruction and special verdict form requests below**

17. Unanimity Required; Determining the Amount of Controlled Substance 14.07B (Government Page 26) – Agree

18. Conspiracy to Possess with Intent to Distribute and Distribute a Controlled Substance on Board a Vessel Subject to the Jurisdiction of the United States (Not a Pattern Instruction) (Government Page 28) – **OBJECT**

    a. Didani Objects: First, the government's version is confusing as it does not intertwine the alleged offenses that Defendant supposedly violated. Rather, it only recites the conspiracy language, based on no other Circuit's pattern instruction. The better way to do this, to lead to less confusion and a better understanding, is to recite the government's allegation, what precisely is illegal, explain what the Defendant actually conspired to violate, then explain conspiracy again. While it may take longer and repeats some previous language, the MDLEA is complicated and the jury should understand the logical flow the Didani presents below. The government's proposal also completely omits an instruction on what possession on board a covered vessel is, relying instead on the previous instruction on domestic possession with intent to distribute means.

5

    b. Didani's Proposed Instruction[2]

        i. Defendant is charged with conspiring to illegally possess cocaine while on board a vessel subject to the United States jurisdiction, intending to distribute it to someone else. It is against federal law to have cocaine in your possession while on board a vessel subject to United States jurisdiction, with the intention of distributing all or part of the cocaine to someone else. It is also illegal to distribute cocaine while on board a covered vessel subject to the jurisdiction of the United States. I have determined that the MSC Anisha R, the CMA CGM Jean Gabriel, and the Cartagena Express were subject to United States jurisdiction.

       ii. For you to find Defendant guilty of conspiracy to possess cocaine on board a vessel subject to the jurisdiction of the United States, you must first consider the crime that the government alleges Defendant conspired to violate, which are possession with intent to distribute and to distribute.

      iii. The elements of a possession of cocaine with intent to distribute on board a vessel subject to the jurisdiction of the United States are:

          1. First, on the dates a person was on board the MSC Anisha R, the CMA CGM Jean Gabriel, and/or the Cartegena Express and at that time possessed cocaine, either actually or constructively.

          2. Second, that person did so with a specific intent to distribute the cocaine over which that person had actual or constructive possession.

          3. Third, that person did so knowingly and intentionally.

---

[2] The instruction is based on the following authorities: 46 U.S.C. §70503; *First Circuit Pattern Jury Instructions* 4.46.70503; *Sixth Circuit Pattern Jury Instructions* 14.02a, 14.01, 14.05; *United States v Palazzolo,* 71 F.3d 1233 (6th Cir. 1995); *United States v. Hernandez,* 141 F.3d 1042 (11th Cir. 1998).

 iv. Now I will give you more detailed instructions on some of these terms.

  1. The term "possess" means to exercise authority, dominion or control over something.

  2. To prove that a person "knowingly" possessed the cocaine, the person does not have to know that the substance was cocaine. It is enough that the person knew it was some kind of controlled substance. Further, the person did not have to know how much cocaine he possessed. It is enough that the person knew he possessed some quantity of controlled substance.

  3. The phrase "intended to distribute" means a person intended to deliver or transfer a controlled substance sometime in the future. To distribute a controlled substance, there need not be an exchange of money.

 v. In determining whether the person had the intent to distribute, you may consider all the facts and circumstances shown by the evidence, including the person's words and actions. Intent to distribute can be inferred from the possession of a large quantity of drugs, too large for personal use alone. You may also consider the estimated street value of the drugs, the purity of the drugs, the manner in which the drugs were packaged, the presence or absence of a large amount of cash, the presence or absence of weapons, and the presence or absence of equipment used for the sale of drugs. The law does not require you to draw such an inference, but you may draw it.

 vi. The elements of the crime of distribution of a controlled substance on board a vessel subject to the jurisdiction of the United States are as follows are as follows:

  1. A person knowingly or intentionally distributed cocaine while on board a vessel subject to the jurisdiction of the United States; and

7

      2. The person knew at the time of distribution that the substance was cocaine.

  vii. Now I will give you more detailed instructions on some of these terms

      1. The term "distribute" means a person delivered or transferred a controlled substance.

      2. To prove that a person "knowingly" distributed the cocaine the person did not have to know that the substance was cocaine. It is enough that the person knew that it was some kind of controlled substance. Further, the person did not have to know how much cocaine they distributed. It is enough that the person knew they distributed some quantity of a controlled substance.

  viii. The law also provides that it is a crime to attempt or conspire to possess cocaine while on board a vessel subject to the jurisdiction of the United States with the intention to distribute it to someone else.

  ix. A conspiracy is a kind of criminal partnership. For you to find defendant guilty of a conspiracy, you must start by finding the government proved the existence of a conspiracy to possess cocaine on board a vessel subject to the jurisdiction of the United states by proving each and every one of the following elements beyond a reasonable doubt:

      1. First, that two or more persons conspired, or agreed, to possess with intent to distribute cocaine, or to distribute cocaine, on board MSC Anisha R, the CMA CGM Jean Gabriel, and/or the Cartegena Express.

      2. Second, that the defendant knew of the conspiracy and its objects, aims or goals, and

      3. Third, that the defendant joined the conspiracy with the intent that at least one of the conspirators engage in conduct that satisfies the elements of possess with intent to distribute or to distribute a controlled substance on

  board a vessel subject to the jurisdiction of the United States.

x. Now I will give you more detailed instructions on some of these terms.

 1. With regard to the first element, a criminal agreement, the government must prove that two or more persons conspired, or agreed, to cooperate with each other to possess with intent to distribute a controlled substance on board a vessel subject to the jurisdiction of the United States or that two or more persons conspired, or agreed, to cooperate with each other to distribute a controlled substance on board a vessel subject to the jurisdiction of the United States.

  a. Proof of a conspiracy does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. Nor is a single transaction between a buyer and seller sufficient to establish the existence of a conspiracy. These are things that you may consider in deciding whether the government has proved an agreement. But without more they are not enough.

  b. What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to possess with intent to distribute a controlled substance or to distribute a controlled substance. This is essential.

  c. An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed. But it is up to the government to

9

convince you that such facts and circumstances existed in this particular case.

2. With regard to the second and third elements, the defendant's connection to the conspiracy, the government must prove that the defendant knew of the conspiracy and its objects, aims or goals and joined the conspiracy with the intent that at least one of the conspirators engage in conduct that satisfies the elements of possession with intent to distribute a controlled substance or distribution of a controlled substance.

   a. Proof of conspiracy does not require proof that the defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning. Nor does it require proof that the defendant played a major role in the conspiracy, or that his connection to it was substantial. A slight role or connection may be enough.

   b. Further, this does not require proof that the defendant knew the drug involved was cocaine. It is enough that the defendant knew that it was some kind of controlled substance. Nor does this require proof that the defendant knew how much cocaine was involved. It is enough that the defendant knew that some quantity was involved.

   c. But proof that the defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it. Similarly, just because the defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the government has proved that the defendant joined a conspiracy. But without more they are not enough.

10

      d. A defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew the conspiracy's main purpose. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

19. Unanimity Required: Determining the Amount of the Controlled Substance 14.07B (Government Page 32) - Agree

20. Conspiracy to Launder Monetary Instruments 3.01A (Government Page 34) - **Agree subject to special instruction and special verdict form requests below**

21. Money Laundering – International Transportation 11.03 (Government Page 35) - **Agree subject to special instruction and special verdict form requests below**

22. Agreement 3.02 (Government Page 36) – Agree

23. Defendant's Connection to the Conspiracy 3.03 (Government Page 37) – Agree

24. Unindicted, Unnamed, or Separately Tried Co-Conspirators 3.06 (Government Page 38) – Agree

25. Venue for Counts One and Three 3.07 (Government Page 39) – **Addition Requested and Special Verdict Form Requested Below**

    a. **<u>Addition:</u>** Didani requests that the Court add a definition of "in furtherance" and recommends the following:

        i. The process of helping promote something or to advance something.

            1. *United States v Ray,* 803 F.3d 244 (6th Cir. 2015).

26. On or About 2.04 (Government Page 40) – Agree

27. Inferring Mental State 2.08 (Government Page 41) – Agree

28. Use of the Word "And" in the Superseding Indictment 2.12 (Government Page 42) – Agree

29. Introduction 7.01 (Government Page 43) – Agree

30. Defendant's Election Not to Testify or Present Evidence 7.02A (Government Page 44) – **<u>Agree if Defendant does not testify</u>**

31. Defendant's Testimony 7.02B (Government Page 45) – **<u>Agree if Defendant does testify</u>**

32. Opinion Testimony 7.03 (Government Page 46) – Agree

33. Witness Testifying to Both Facts and Opinion 7.03A (Government Page 47) – Agree

34. Testimony of a Witness Under Compulsion 7.07A[3] (Government Page 48) – Agree

---

[3] Mistakenly labeled 7.05A by the Government

35. Testimony of an Accomplice 7.08 (Government Page 49) – **Addition Requested**

    a. **Addition.** The government has only listed Donald Larson as an accomplice. The Court should include Belinda Tibbitts, Piotr Synowiec, Philip Daskal, and Alex Meskouris as accomplices, too. The government accused *all* of them of criminality at some point and defense counsel has raised adequate concerns about their involvement.

36. Evidence Summaries Admitted in Evidence 7.12A (Government Page 50) – Agree

37. Transcriptions of Recordings 7.17 (Government Page 51) – Agree

38. Statement by Defendant 7.20 (Government Page 52) – Agree **if there were statements by Defendant.**

39. Stipulated Facts 7.21 (Government Page 53) – Agree

40. Introduction 8.01 (Government Page 54) – Agree

41. Experiments, Research, and Investigation 8.02 (Government Page 56) – Agree

42. Unanimous Verdict 8.03 (Government Page 58) – Agree

43. Duty to Deliberate 8.04 (Government Page 59) – Agree

44. Punishment 8.05 (Government Page 61) – Agree

45. Verdict Limited to Charges Against this Defendant 8.08 (Government Page 62) – Agree

46. Court Has No Opinion 8.09 (Government Page 63) – Agree

47. Juror Notes 8.10 (Government Page 64) – Agree

48. Verdict Form 8.06 (Government Page 65) – Agree

## ADDITIONAL SPECIAL INSTRUCTIONS AND SPECIAL VERDICT FORM REQUESTED

The following instruction requested by Defendant is a special instruction not otherwise addressed above and/or not listed by the government:

1. **Special Instructions** - Regarding Conspiracy to Possess with Intent to Distribute or Distribute Cocaine and Relationship to United States and Conspiracy to Launder Monetary Instruments

    a. Instruction on Count I - Conspiracy to Possess with Intent to Distribute or Distribute Cocaine

        i. In this trial, you have heard about alleged foreign and domestic conduct.

        ii. In order for you to find Defendant guilty of Count One – Conspiracy to Possess with Intent to Distribute or to Distribute Cocaine – you must first find that there is a sufficient nexus to the United States. That means there must be an intent to either distribute cocaine in the United States or possess cocaine in the United States. Mere discussions or conversations that take place in the United States, or electronically with one or more parties in

14

      the United States, are insufficient by themselves for you to find that there is a nexus to the United States.

   iii. If you find that that the government has failed to prove that the Defendant intended to distribute or possess cocaine in the United States, then you must find the Defendant Not Guilty.

b. Instruction on Count III – Conspiracy to Laudner Monetary Instruments

    i. In this trial, you have heard about alleged foreign and domestic conduct.

   ii. In order for you to find Defendant guilty of Count Three – Conspiracy to Launder Monetary Instruments – you must first find that there is a sufficient nexus to the United States. I have just instructed you that the third element of laundering monetary instruments required the government to prove beyond a reasonable doubt that the money laundering count was committed "with the intent to promote the carrying on of a conspiracy with possess with intent to distribute and distribute a controlled substance." The government must prove that Defendant had an intent to either distribute cocaine in the United States or possess cocaine in the United States. Mere discussions or conversations that take place in the United States, or

      electronically with one or more parties in the United States, are insufficient for you to find that there is a nexus to the United States.

   iii. If you find that that the government has failed to prove that the Defendant intended to distribute or possess cocaine in the United States, then you must find the Defendant Not Guilty.

c. Legal Basis for the Instructions

   i. This instruction should be read in order to be consistent with the majority of law on the topic: The statue - 18 U.S.C. §841, 846 – does not apply extraterritorially and the government must show a jurisdictional nexus to the United States. *See, generally, United States v. Lopez-Vanegas,* 493 F.3d 1305 (11th Cir. 2007). Even where drug conspirators *meet in the United States to discuss their foreign drug conspiracy,* it is insufficient to apply §841, 846 extraterritorially. *Id.* In fact, typically the government must show that the conspirators intended to possess or distribute narcotics in the United States in order to have a jurisdictional nexus. *Id.* at 1312-1314. If the government wants to offer other "yes or no" nexus options, Defendant is open to argument on those, but the jury should be given all theories the government has as to what a sufficient nexus and limited to such a list.

   ii. Other jurisdictions agree with this general framework. *See United States v Bankoko,* 590 F.3d 1278 (11th Cir. 2009); *United States v Jack,* 2010 US Dist. LEXIS 12109 (Novembre 12, 2010 E.D. Cal); *United States v Celaya Valenzuela,* 849 F.3d 477 (1st Cir. 2017) (distinguishing but reciting same principle); *United States v Shkambi,* 620 Fed. Appx. 260 (5th Cir. 2015).

   iii. *See also* ECF No. 52, PageID.274-281; ECF No. 143 related to the extraterritorial application of domestic statutes, which is improper here.

2. **Special Instruction** – Regarding Proffer Agreements

    a. Instruction Related to Proffer Agreements

        i. You have heard in this trial that several government witnesses were given proffer agreements. Some of these agreements were entered into evidence. These agreements sometimes have provisions that require a person to tell the truth. However, these provisions are not proof and should not be considered as proof that a witness is in fact testifying truthfully in whole or in part. This testimony may be received in evidence and considered by you even though not corroborated or supported by other evidence. Such testimony, however, should be examined by you with greater care than the testimony of an ordinary witness. You should consider whether the testimony may be colored in such a way as to further the witness' own interest, since a witness who realizes that he may procure his own freedom by incriminating another has a motive to falsify. After such consideration, you may give the testimony of such a witness such weight as you feel it deserves.

    b. Legal Basis for Instruction

        i. *United States v Balark,* 412 Fed. Appx. 810, 818 (6th Cir. 2011) ("…it is good practice for a district judge to delivery such a cautionary instruction, explaining that "truthful testimony" provisions in plea agreements are not proof" of truthfulness)

        ii. *United States v Uwazurike,* 2009 U.S. Dist. LEXIS 627714 (July 22, 2009 E.D. Mich) (Judge Avern Cohn) (directly quoting portions at Page 5).

3. **Special Instruction** – Regarding Self-Representation

    a. Instruction

        i. At the beginning of trial, I explained to you that Defendant Ylli Didani decided to represent himself in this trial. When we began this trial, Defendant did not use the services of a lawyer. He has a constitutional right ot do that. His decision has no bearing on

whether he is guilty or not guilty and his choice to represent himself must not affect your consideration of the case. In the time that Defendant acted as his own lawyer, you heard him speak at various times. He made an opening statement, asked questions of witnesses, made objections, and made legal arguments. I want to remind you that when Defendant spoke, he was acting as a lawyer in the case and his words are not evidence. The only evidence in this case comes from witnesses who testify under oath from the witness stand and from exhibits that are admitted.

ii. When Defendant represented himself, I told you that the court had appointed Wade Fink to assist as standby counsel. This is standard procedure. Mr. Fink conferred with Defendant and sometimes assisted the Court when asked with various matters, legal and administrative. Just as when Defendant spoke in trial, Mr. Fink's words during the trial are not evidence.

iii. Even though Defendant at first represented himself as his own lawyer, he decided part way through trial that he wanted to be represented by his stand-by lawyer, Mr. Fink. This is his constitutional right and he had the perfect right to allow his counsel to assume the duties midway through trial. This decision also has no bearing on whether he is guilty or not guilty, and should have no effect on your consideration of the case.

b. Legal Basis for the Instruction

i. State of Massachusetts, 2009 Model Jury Instructions, Instruction 2.380 Pro Se Defendant; Discharge of Counsel

ii. Ninth Circuit Model Criminal Jury Instruction 1.15

iii. *Faretta v California,* 42 U.S. 806 (1975)

iv. Eighth Circuit Criminal Jury Instruction 2.23

4. **Special Verdict Form**

a. Nexus to the United States

18

      i. Didani requests a special verdict form under Count I.

     ii. For the reasons described above related to the jurisdictional nexus required under 18 U.S.C. §841, 846, Defendant requests a special verdict form which requires the jury to make specific findings as to domestic conduct that would make application of the statute proper here. In other words, for example, the question should read something similar to the following:

        1. **Question 1**: With respect to the charge in Count One of the Superseding Indictment, do you find that the government has proven beyond a reasonable doubt that Defendant conspired to possess with intent to distribute, or distribute, cocaine in the United States?

        [Include exhaustive list of other nexuses to the United States that the Court finds, as a matter of law, would be sufficient if proven][4]

        _____Yes   _____No

        2. If you answered "Yes" to Question 1, move to Question 2.

  b. Venue

      i. Didani requests a special verdict form under Count I and III for venue.

     ii. For reasons similar to that which is described above for the jurisdictional nexus, Didani believes the following question should be asked:

        1. **Question 1.** With respect to the charge in Count One of the Superseding Indictment, do you find that the

---

[4] If there is more conduct the Court believes the prosecutor has provided evidence sufficient to provide to the jury, then those should be listed as special findings so that an appeals court, if necessary, can review whether the statute was applied properly here.

government has proven beyond a reasonable doubt that any of the following overt acts were committed and were committed in furtherance of the conspiracy in Count One? For avoidance of doubt, in order to choose "Yes" to any question, you must find that the government proved the act occurred and that it was in furtherance of the conspiracy to possess with intent to distribute or distribute cocaine – both.

[List of Overt Over Acts Permitted by the Court]
_____Yes _____No

If you answered "Yes" to any of the alleged listed Overt Acts, move on to Question 3.

Date: May 7, 2025

                              Respectfully submitted,

                              WADE FINK LAW, P.C.

                              /s/ Wade G. Fink (P78751)
                              *Attorney for Didani*
                              550 W. Merrill St., Suite 100
                              Birmingham, MI 48009
                              248-712-1054
                              Wade@wadefinklaw.com