UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

v.                                                          Criminal No. 21-cr-2064
                                                            Honorable Denise Page Hood

Ylli Didani,

          Defendant.
_____/

## GOVERNMENT'S RESPONSES TO DEFENDANT'S PROPOSED JURY INSTRUCTIONS

The United States, by and through Assistant United States Attorneys, Mark Bilkovic and Timothy P. McDonald, submit the following responses to Defendant's proposed jury instructions:

1. **Presentation of Evidence**. The government agrees to remove this instruction.

2. **Conspiracy to possess with intent to distribute and distribute controlled substances & Special Verdict Form**. The government objects to the defendant's request to amend 6th Circuit Pattern Jury Instructions (CJI) 14.05, 14.01 and 14.02A to add a special venue instruction and a nexus requirement. The Court has already decided this issue. The Court previously ruled, "[b]ased on a review of the elements required to prove a conspiracy

1

under the drug laws of the United States, there are no requirements that a

"nexus" as to the drugs to the United States is an element. The Court has

ruled on the jurisdictional issue in this case, and the Court will not give an

instruction as to the jurisdictional issue…" (ECF No. 160, PageID.1878).

3. **Conspiracy to possess with intent to distribute and distribute a controlled substance on board a vessel subject to the jurisdiction of the United States**. The government objects to defendant's proposed instruction. First, it is confusing by defining the substantives offense of possession with intent to distribute a controlled and possession of a controlled substance, prior to defining the elements of the charged offense. Just as the Court will instruct on the elements of the charged conspiracy offenses in Count One and Count Three prior to defining the elements of the non-charged substantive offenses, the court should do with Count Two as well. The government acknowledges that it did not include instructions for the non-charged substantive offenses of possession with intent to distribute and distribute controlled substances and possession of a controlled substance on board a vessel subject to the jurisdiction of the United States. The government has corrected this oversight by drafting those instruction. Those instructions are attached to this response.

4. **<u>Conspiracy to Launder Monetary Instruments & Special Verdict Form.</u>**

The government objects to the defendant's request to amend CJI 3.01A and 11.03 to add a special venue instruction and a nexus requirement. The defendant seeks to add a jurisdiction nexus requirement to the predicate drug trafficking crime. The Court has already decided this issue. The Court previously ruled, "[b]ased on a review of the elements required to prove a conspiracy under the drug laws of the United States, there are no requirements that a "nexus" as to the drugs to the United States is an element. The Court has ruled on the jurisdictional issue in this case, and the Court will not give an instruction as to the jurisdictional issue…" (ECF No. 160, PageID.1878).

5. **<u>Venue for Counts 1 and 3</u>**. The government objects to the defendant's request to amend CJI 3.07. This instruction adequately instructs the jury on the law that they are to follow. The defendant seeks to add a nexus requirement to the drug trafficking crime. And as stated above, the Court has already decided this issue. The Court previously ruled, "[b]ased on a review of the elements required to prove a conspiracy under the drug laws of the United States, there are no requirements that a "nexus" as to the drugs to the United States is an element. The Court has ruled on the jurisdictional issue

in this case, and the Court will not give an instruction as to the jurisdictional issue…" (ECF No. 160, PageID.1878).

6. **<u>Testimony of an Accomplice</u>**. The government objects to defendant's request to amend CJI 7.08. While at times during the investigation, Belinda Tibbitts, Piotr Synowiec, Philip Daskal and Alex Meskouris were being investigated for possible involvement in the conspiracy, the testimony from the agents during trial established that information was uncovered that none of these individuals were involved in the conspiracy(s). The defendant's statement that the "government accused them all of criminality at some point" is inaccurate. The only person the government accused of criminality is Donald Larson.

7. **<u>Proffer Agreements</u>**. The government objects to defendant's proposed instruction regarding proffer agreements. In support, defendant cites *United v. Balark*, 412 Fed. Appx. 810, 818 (6th Cir. 2011). However, in that case, it was the government that introduced the proffer agreements and it was the government that "featured the truthfulness provisions of plea agreements during direct examination of two of the witnesses." *Balark*, 412 Fed.Appx. at 7.  In this case, it was the defendant who introduced the proffer agreements of government witnesses and it was the defendant who went through the truthfulness provisions of those agreements. The government

4

does not intend on discussing these provisions in its closing argument. Furthermore, there is nothing in the cases cited by the defendant that stands for the proposition that witnesses who enter into proffer agreements should be examined by the jury with greater care than the testimony of an ordinary witness. CJI 1.07A adequately instructs the jury how to weigh the credibility of these witnesses. The other case cited by defendant, *United States v. Uwazurike* (citation omitted) is even more far afield. That case involved a cooperating defendant who testified – in other words, an accomplice. That witness was cross examined regarding his plea agreement that was taken under advisement and a cooperation agreement. There, a cautionary instruction was clearly appropriate because the cooperating defendant was an accomplice.

8. **<u>Self-representation</u>**. The United States objects to defendant's proposed jury instruction regarding self-representation. This proposed instruction is duplicative of what the Court has repeatedly instructed the jury when the defendant chose to represent himself and again when standby counsel assumed representation. The government has no objection with the Court instructing the jury using the instruction that the Court previously read to the jury.

Respectfully submitted,

Jerome F. Gorgon Jr.
United States Attorney

_s/Mark Bilkovic_                           _s/Timothy P. McDonald_
Mark Bilkovic                               Timothy P. McDonald
Assistant United States Attorney            Assistant United States Attorney
211 W. Fort St., Suite 2001                 211 W. Fort St., Suite 2001
Detroit, MI 48226                           Detroit, MI 48226
Phone: (313) 226-9623                       Phone: (313) 226-0221
mark.bilkovic@usdoj.gov                     timothy.mcdonald@usdoj.gov

Dated: May 11, 2025

## **Possession of a Controlled Substance**

(1) The elements of the crime of possession of a controlled substance are as follows:

    (A)  First, a person possessed cocaine.

    (B)  Second, the person did so knowingly or intentionally.

(2)  Now I will give you more detailed instructions on some of these terms.

    (A)  To prove that a person "knowingly" possessed the cocaine, the defendant does not have to know that the substance was cocaine. It is enough that the person knew that it was some kind of controlled substance. Further, the person did not have to know how much cocaine he possessed.  It is enough that the person knew that he possessed some quantity of cocaine.

*Sixth Circuit Pattern Criminal Jury Instruction 14.04*

## **Actual and Constructive Possession**

(1) Next, I want to explain something about possession.  The government does not necessarily have to prove that a conspirator physically possessed the cocaine for you to find him guilty of this crime.  The law recognizes two kinds of possession--actual possession and constructive possession.  Either one of these, if proved by the government, is enough to convict.

(2) To establish actual possession, the government must prove that a conspirator had direct, physical control over the cocaine, and knew that he had control of it.

(3) To establish constructive possession, the government must prove that a conspirator had the right to exercise physical control over the cocaine, and knew that he had this right, and that he intended to exercise physical control over the cocaine at some time, either directly or through other persons.

(4) For example, if you left something with a friend intending to come back later and pick it up, or intending to send someone else to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend.

(5) But understand that just being present where something is located does not equal possession. The government must prove that a conspirator had actual or constructive possession of the cocaine, and knew that he did.   This, of course, is

all for you to decide.

*Sixth Circuit Pattern Criminal Jury Instruction 2.10 Modified*

## <u>Possession of a Controlled Substance on Board a Vessel Subject to the Jurisdiction of the United States</u>

(3) The elements of the crime of possession of a controlled substance on board a vessel subject to the jurisdiction of the United States are as follows:

> (A)  First, a person possessed cocaine on board a vessel subject to the jurisdiction of the United States.

> (B)  Second, the person did so knowingly or intentionally.

(4)  Now I will give you more detailed instructions on some of these terms.

> (A)  To prove that a person "knowingly" possessed the cocaine, the defendant does not have to know that the substance was cocaine. It is enough that the person knew that it was some kind of controlled substance. Further, the person did not have to know how much cocaine he possessed.  It is enough that the person knew that he possessed some quantity of cocaine.

*Sixth Circuit Pattern Criminal Jury Instruction 14.04 Modified*

### Actual and Constructive Possession on Board a Vessel Subject to the Jurisdiction of the United States

(6) Next, I want to explain something about possession. The government does not necessarily have to prove that a conspirator physically possessed the cocaine on board a vessel subject to the jurisdiction of the United States for you to find him guilty of this crime. The law recognizes two kinds of possession-- actual possession and constructive possession. Either one of these, if proved by the government, is enough to convict.

(7) To establish actual possession, the government must prove that a conspirator had direct, physical control over the cocaine on board a vessel subject to the jurisdiction of the United States, and knew that he had control of it.

(8) To establish constructive possession, the government must prove that a conspirator had the right to exercise physical control over the cocaine on board a vessel subject to the jurisdiction of the United States, and knew that he had this right, and that he intended to exercise physical control over the cocaine at some time, either directly or through other persons.

(9) For example, if you left something with a friend intending to come back later and pick it up, or intending to send someone else to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend.

(10)     But understand that just being present where something is located does not equal possession. The government must prove that a conspirator  had actual or constructive possession of the cocaine on board a vessel subject to the jurisdiction of the United States, and knew that he did.  This, of course, is all for you to decide.

*Sixth Circuit Pattern Criminal Jury Instruction 2.10 Modified*

## Possession of a Controlled Substance with Intent to Distribute on Board a Vessel Subject to the Jurisdiction of the United States

(1)  Cocaine is a controlled substance. The elements of the crime of possession of a controlled substance with intent to distribute on board a vessel a subject to the jurisdiction of the United States are as follows:

> (A) First, a person knowingly or intentionally possessed cocaine on board a vessel subject to the jurisdiction of the United States.

> (B) Second, the person intended to distribute the cocaine.

(2)  Now I will give you more detailed instructions on some of these terms.

> (A) To prove that a person "knowingly" possessed the cocaine, the person does not have to know that the substance was cocaine. It is enough that the person knew it was some kind of controlled substance. Further, the person did not have to know how much cocaine he possessed. It is enough that the person knew he possessed some quantity of controlled substance.

> (B) The phrase "intended to distribute" means a person intended to deliver or transfer a controlled substance sometime in the future.  To distribute a controlled substance, there need not be an exchange of money.

(3) In determining whether the person had the intent to distribute, you may consider all the facts and circumstances shown by the evidence, including the person's words and actions. Intent to distribute can be inferred from the

possession of a large quantity of drugs, too large for personal use alone.  You may also consider the estimated street value of the drugs, the purity of the drugs, the manner in which the drugs were packaged, the presence or absence of a large amount of cash, the presence or absence of weapons, and the presence or absence of equipment used for the sale of drugs.  The law does not require you to draw such an inference, but you may draw it.

*Sixth Circuit Pattern Criminal Jury Instruction 14.01 Modified*

## Distribution of a Controlled Substance on Board a Vessel Subject to the Jurisdiction of the United States

(1)  The elements of the crime of distribution of a controlled substance on board a vessel subject to the jurisdiction of the United States are as follows:

(A) A person knowingly or intentionally distributed cocaine on board a vessel subject to the jurisdiction of the United States; and

(B) The person knew at the time of distribution that the substance was a controlled substance.

(2)  Now I will give you more detailed instructions on some of these terms

(A) The term "distribute" means a person delivered or transferred a controlled substance.

(B)  To prove that a person "knowingly" distributed the cocaine the person did not have to know that the substance was cocaine. It is enough that the person knew that it was some kind of controlled substance. Further, the person did not have to know how much cocaine they distributed. It is enough that the person knew they distributed some quantity of a controlled substance.

*Sixth Circuit Pattern Criminal Jury Instruction 14.02A Modified*