UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

v.

Criminal No. 21-cr-20264
Honorable Denise Page Hood

Ylli Didani,

Defendant.

_____/

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The United States, by and through Assistant United States Attorneys, Mark

Bilkovic and Timothy P. McDonald, submit the following proposed jury

instructions.

Respectfully submitted,

JULIE A. BECK
Acting United States Attorney

*s/Mark Bilkovic*
Mark Bilkovic
Assistant United States Attorney
211 W. Fort St., Suite 2001
Detroit, MI 48226
Phone: (313) 226-9623
mark.bilkovic@usdoj.gov

*s/Timothy P. McDonald*
Timothy P. McDonald
Assistant United States Attorney
211 W. Fort St., Suite 2001
Detroit, MI 48226
Phone: (313) 226-0221
timothy.mcdonald@usdoj.gov

Dated: April 8, 2025

1

## **Introduction**

(1)  Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

(2)  I will start by explaining your duties and the general rules that apply in every criminal case.

(3)  Then I will explain the elements, or parts, of the crimes that the defendant is accused of committing.

(4)  Then I will explain some rules that you must use in evaluating particular testimony and evidence.

(5)  And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

(6)  Please listen very carefully to everything I say.

*Sixth Circuit Pattern Criminal Jury Instruction 1.01*

**Jurors' Duties**

(1)  You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

(2)  Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

(3)  The lawyers have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

(4)  Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

*Sixth Circuit Pattern Criminal Jury Instruction 1.02*

## **Presumption of Innocence, Burden of Proof, Reasonable Doubt**

(1)  As you know, the defendant has pleaded not guilty to the crimes charged in the Superseding Indictment. The indictment is not any evidence at all of guilt. It is just the formal way that the government tells the defendant what crime he is accused of committing. It does not even raise any suspicion of guilt.

(2)  Instead, the defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent. This presumption of innocence stays with him unless the government presents evidence here in court that overcomes the presumption and convinces you beyond a reasonable doubt that he is guilty.

(3)  This means that the defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the government to prove that he is guilty, and this burden stays on the government from start to finish. You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

(4)  The government must prove every element of the crimes charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common

4

sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

(5)  Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict.  If you are not convinced, say so by returning a not guilty verdict.

*Sixth Circuit Pattern Criminal Jury Instruction 1.03*

**Evidence Defined**

(1)  You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

(2)  The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; and the stipulations that the lawyers agreed to.

(3)  Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

(4)  During the trial I may not have let you hear the answers to some of the questions that the lawyers asked. I may have ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I may have ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things if they occurred. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

6

(5)  Make your decision based only on the evidence, as I have defined it here, and nothing else.

*Sixth Circuit Pattern Criminal Jury Instruction 1.04*

**Consideration of Evidence**

(1)   You are to consider only the evidence in the case. You should use your common sense in weighing the evidence.  Consider the evidence in light of your everyday experience with people and events and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

(2)   In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences, unless otherwise instructed. Any inferences you make must be reasonable and must be based on the evidence in the case.

(3)   The existence of an inference does not change or shift the burden of proof from the government to the defendant.

*Sixth Circuit Pattern Criminal Jury Instruction 1.05*

## **Direct and Circumstantial Evidence**

(1)  Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

(2)  Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

(3)  Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

(4)  It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

*Sixth Circuit Pattern Criminal Jury Instruction 1.06*

## **Credibility of Witnesses**

(1)  Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

(2)  Let me suggest some things for you to consider in evaluating each witness's testimony.

(A)  Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(B)  Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

(C)  Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D)  Ask yourself how the witness acted while testifying.  Did the witness appear honest? Or did the witness appear to be lying?

10

(E)  Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(F)  Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something or failed to say or do something at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(G)  And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable?  If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

11

(3)  These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

*Sixth Circuit Pattern Criminal Jury Instruction 1.07A*

## <u>Credibility of Witnesses – Law Enforcement Officer</u>

You have heard the testimony of law enforcement officers. The fact that a witness is employed as a law enforcement officer does not mean that his testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness. You must decide, after reviewing all the evidence, whether you believe the testimony of the law enforcement witness and how much weight, if any, it deserves.

*Sixth Circuit Pattern Criminal Jury Instruction 1.07B*

## **Number of Witnesses**

(1)  One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

(2)  Do not make any decisions based only on the number of witnesses who testified.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

*Sixth Circuit Pattern Criminal Jury Instruction 1.08*

## **Presentation of Evidence**

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

*Harris v. JB Robinson Jewelers*, No. 05-10294, 2011 WL 867555 *6 (W.D. Mich. Mar. 10, 2011)

*Brown v. Durrani*, No. 1:18-cv-785, 2022 WL 225522 *1, (S.D. Ohio Jan. 26, 2022)

*United States v. Bahna*, 68 F.3d 19, 22 (2nd Cir. 1995)

15

## **Parties' Objections**

(1)  There is one more general subject that I want to talk to you about before I begin explaining the elements of the crimes charged.

(2)  Each side may have objected to some of the things that were said or done during the trial. Do not hold that against either side. The parties have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

(3)  And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

*Sixth Circuit Pattern Criminal Jury Instruction 1.09 (Modified to reflect that the defendant, Ylli Didani, represented himself for a portion of the trial)*

## DEFINING THE CRIME AND OTHER RELATED MATTERS

### <u>Introduction</u>

(1)  That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crimes that the defendant is accused of committing.

(2)  But before I do that, I want to emphasize the defendant is only on trial for the particular crimes he is charged with in the indictment. Your job is limited to deciding whether the government has proved the crimes charged.

(3)  Also keep in mind that whether anyone else should be prosecuted and convicted for these crimes is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proved the defendant guilty. Do not let the possible guilt of others influence your decision in any way.

*Sixth Circuit Pattern Criminal Jury Instruction 2.01*

17

## **Separate Consideration – Single Defendant Charged with Multiple Crimes**

(1) The defendant has been charged with several crimes. The number of charges is no evidence of guilt, and this should not influence your decision in any way. It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one. For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular charge.

(2) Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

*Sixth Circuit Pattern Criminal Jury Instruction 2.01A*

## <u>Conspiracy to Possess with Intent to Distribute and to Distribute a Controlled Substance</u>

(1)  Count One of the Superseding Indictment charges the defendant with conspiracy to possess with intent to distribute and to distribute a controlled substance. It is a crime for two or more persons to conspire, or agree, to commit a drug crime, even if they never actually achieve their goal.

(2) A conspiracy is a kind of criminal partnership.  For you to find the defendant guilty of the conspiracy charge, the government must prove each and every one of the following elements beyond a reasonable doubt:

> (A)  First, that two or more persons conspired, or agreed, to possess with intent to distribute or distribute a controlled substance.

> (B)   Second, that the defendant knew of the conspiracy and its objects, aims or goals, and

> (C)   Third, that the defendant joined the conspiracy with the intent that at least one of the conspirators engage in conduct that satisfies the elements of possess with intent to distribute or to distribute a controlled substance.

(3) Now I will give you more detailed instructions on some of these terms.

> (A)  With regard to the first element, a criminal agreement, the

19

government must prove that two or more persons conspired, or agreed, to cooperate with each other to possess with intent to distribute a controlled substance or that two or more persons conspired, or agreed, to cooperate with each other to distribute a controlled substance.

(1) Proof of a conspiracy does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. Nor is a single transaction between a buyer and seller sufficient to establish the existence of a conspiracy. These are things that you may consider in deciding whether the government has proved an agreement. But without more they are not enough.

(2) What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to possess with intent to distribute a controlled substance or to distribute a controlled substance. This is essential.

20

(3) An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

(B)   With regard to the second and third elements, the defendant's connection to the conspiracy, the government must prove that the defendant knew of the conspiracy and its objects, aims or goals and joined the conspiracy with the intent that at least one of the conspirators engage in conduct that satisfies the elements of possession with intent to distribute a controlled substance or distribution of a controlled substance.

(1) Proof of conspiracy does not require proof that the defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning. Nor does it require proof that the defendant played a major role in the conspiracy, or that his connection to it was substantial. A slight role or connection may be enough.

(2) Further, this does not require proof that the defendant knew the drug involved was cocaine. It is enough that the defendant knew that it was some kind of controlled substance. Nor does this require proof

21

that the defendant knew how much cocaine was involved. It is enough that the defendant knew that some quantity was involved.

(3) But proof that the defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it. Similarly, just because the defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the government has proved that the defendant joined a conspiracy. But without more they are not enough.

(4) A defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew the conspiracy's main purpose. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

*Sixth Circuit Pattern Criminal Jury Instruction 14.05*

## **Possession of a Controlled Substance with Intent to Distribute**

(1)  Cocaine is a controlled substance. The elements of the crime of possession

of a controlled substance with intent to distribute are as follows:

    (A) First, a person knowingly or intentionally possessed cocaine.

    (B) Second, the person intended to distribute the cocaine.

(2)  Now I will give you more detailed instructions on some of these terms.

    (A) To prove that a person "knowingly" possessed the cocaine, the

person does not have to know that the substance was cocaine. It is

enough that the person knew it was some kind of controlled substance.

Further, the person did not have to know how much cocaine he possessed.

It is enough that the person knew he possessed some quantity of

controlled substance.

    (B) The phrase "intended to distribute" means a person intended to deliver

or transfer a controlled substance sometime in the future.  To distribute a

controlled substance, there need not be an exchange of money.

(3) In determining whether the person had the intent to distribute, you may

consider all the facts and circumstances shown by the evidence, including the

person's words and actions. Intent to distribute can be inferred from the

possession of a large quantity of drugs, too large for personal use alone.  You may

23

also consider the estimated street value of the drugs, the purity of the drugs, the manner in which the drugs were packaged, the presence or absence of a large amount of cash, the presence or absence of weapons, and the presence or absence of equipment used for the sale of drugs.  The law does not require you to draw such an inference, but you may draw it.

*Sixth Circuit Pattern Criminal Jury Instruction 14.01*

## **Distribution of a Controlled Substance**

(1)  The elements of the crime of distribution of a controlled substance are as follows:

>    (A) A person knowingly or intentionally distributed cocaine; and

>    (B) The person knew at the time of distribution that the substance was a controlled substance.

(2)  Now I will give you more detailed instructions on some of these terms

>    (A) The term "distribute" means a person delivered or transferred a controlled substance.

>    (B)  To prove that a person "knowingly" distributed the cocaine the person did not have to know that the substance was cocaine. It is enough that the person knew that it was some kind of controlled substance. Further, the person did not have to know how much cocaine they distributed. It is enough that the person knew they distributed some quantity of a controlled substance.

*Sixth Circuit Pattern Criminal Jury Instruction 14.02A*

## **Unanimity Required: Determining the Amount of Controlled Substance**

(1)  The defendant is charged in Count One of the Superseding Indictment with conspiracy to possess with intent to distribute and to distribute a controlled substance. If you find the defendant guilty of this charge, you will then be asked to determine the quantity of the controlled substance involved in the conspiracy that was attributable to him as the result of his own conduct and the conduct of other co-conspirators that was reasonably foreseeable to him. You will be provided with a special verdict form for this purpose.

(2)  If you find by unanimous agreement that the government has proved beyond a reasonable doubt that a quantity of at least five kilograms of a mixture or substance containing a detectable amount of cocaine was attributable to defendant as the result of his own conduct and the conduct of other co-conspirators that was reasonably foreseeable to him, then please indicate this finding on the special verdict form.

(3)  If you do not so find, you will then be asked to determine whether the government has proved a lesser quantity. If you unanimously find that the government has proved beyond a reasonable doubt that a quantity of at least 500 grams of a mixture or substance containing a detectable amount of cocaine was attributable to defendant as the result of his own conduct and the conduct of other

26

co-conspirators that was reasonably foreseeable to him, then please indicate that finding on the special verdict form.

(4) In determining the quantity of the controlled substance, you need not find that the defendant knew that his offense involved this quantity of drugs.

*Sixth Circuit Pattern Criminal Jury Instruction 14.07B*

## **Conspiracy to Possess with Intent to Distribute and Distribute a Controlled Substance on Board a Vessel Subject to the Jurisdiction of the United States**

(1)  Count Two of the Superseding Indictment charges the defendant with having conspired with others, to possess with the intent to distribute and distribute a controlled substance on board a vessel subject to the jurisdiction of the United States. It is against federal law to possess with the intent to distribute and distribute a controlled substance while on board a vessel subject to United States jurisdiction.

(2)  I have previously determined that three vessels in this case, the MSC Anisha R, the CMA CGM Jean Gabriel, and the Cartagena Express were subject to United States jurisdiction.

(3)  To find the defendant guilty of this crime you must be convinced that the government has proven each of the following elements beyond a reasonable doubt:

> (A)  First, that an agreement existed between at least two people to possess with intent to distribute and distribute a controlled substance while at least one of them was on board the MSC Anisha R, the CMA CGM Jean Gabriel, or the Cartagena Express.

(B)   Second, that the defendant knew of the conspiracy and its objects, aims or goals, and

(C)   Third, that the defendant joined the conspiracy with the intent that at least one of the conspirators engage in conduct that satisfies the elements of possess with intent to distribute and to distribute a controlled substance while on board a vessel subject to United States jurisdiction.

(4) Now I will give you more detailed instructions on some of these terms.

(A)   With regard to the first element, a criminal agreement, the government must prove that two or more persons conspired, or agreed, to cooperate with each other to possess with intent to distribute a controlled substance or to distribute a controlled substance on board a vessel subject to the jurisdiction of the United States.

i.    This does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. These are things that you may consider in deciding whether the government has proved an agreement. But without more they are not enough.

29

ii.    What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to possess with intent to distribute a controlled substance. This is essential.

iii.    An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

(B) With regard to the second and third elements, the defendant's connection to the conspiracy, the government must prove that the defendant knowingly and voluntarily joined that agreement.

i.    The government must prove that the defendant knew the conspiracy's main purpose and voluntarily joined the conspiracy intending to help advance or achieve its goals.

ii.    This does not require proof that the defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning. Nor does it require proof that the defendant played a major role in the conspiracy, or that his connection to it was substantial. A slight role or connection may be enough.

30

iii.    Further, this does not require proof that the defendant knew the kind of drug involved. It is enough that the defendant knew that it was some kind of controlled substance. Nor does this require proof that the defendant knew how much of the drug was involved. It is enough that the defendant knew that some quantity was involved.

iv.    But proof that the defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it. Similarly, just because the defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the government has proved that the defendant joined a conspiracy. But without more they are not enough.

v.    The defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew the conspiracy's main purpose. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

(4) You must be convinced that the government has proved all of these elements beyond a reasonable doubt in order to find the defendant guilty of Count Two.

## <u>Unanimity Required: Determining the Amount of Controlled Substance</u>

(1)  The defendant is charged in Count Two of the Superseding Indictment with conspiracy to possess with intent to distribute and to distribute a controlled substance on board a vessel subject to the jurisdiction of the United States. If you find the defendant guilty of this charge, you will then be asked to determine the quantity of the controlled substance involved in the conspiracy that was attributable to him as the result of his own conduct and the conduct of other co-conspirators that was reasonably foreseeable to him. You will be provided with a special verdict form for this purpose.

(2)  If you find by unanimous agreement that the government has proved beyond a reasonable doubt that a quantity of at least five kilograms of a mixture or substance containing a detectable amount of cocaine was attributable to defendant as the result of his own conduct and the conduct of other co-conspirators that was reasonably foreseeable to him, then please indicate this finding on the special verdict form.

(3)  If you do not so find, you will then be asked to determine whether the government has proved a lesser quantity. If you unanimously find that the government has proved beyond a reasonable doubt that a quantity of at least 500 grams of a mixture or substance containing a detectable amount of cocaine was

attributable to the defendant as the result of his own conduct and the conduct of other co-conspirators that was reasonably foreseeable to him, then please indicate that finding on the special verdict form.

(4) In determining the quantity of the controlled substance, you need not find that the defendant knew that his offense involved this quantity of drugs.

*Sixth Circuit Pattern Criminal Jury Instruction 14.07B*

## **Conspiracy to Launder Monetary Instruments**

(1)  Count Three of the Superseding Indictment accuses the defendant of a conspiracy to commit the crime of money laundering in violation of federal law.  It is a crime for two or more persons to conspire, or agree, to commit a criminal act, even if they never actually achieve their goal.

(2)  A conspiracy is a kind of criminal partnership.  For you to find the defendant guilty of the conspiracy charge, the government must prove each and every one of the following elements beyond a reasonable doubt:

> (A) First, that two or more persons conspired, or agreed, to commit the crime of money laundering. In a moment, I will define that offense.

> (B)  Second, that the defendant knowingly and voluntarily joined the conspiracy.

(3)  If you are convinced that the government has proved all of the elements of conspiracy to launder monetary instruments, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge

*Sixth Circuit Pattern Criminal Jury Instruction 3.01A*

## **Money Laundering – International Transportation**

(1)  Now I will define for you the offense of laundering monetary instruments. The offense of laundering monetary instruments has the following elements:

> (A) First, that an individual transported, transmitted, or transferred a monetary instrument or funds.

> (B) Second, that the individual's transportation, transmission, or transfer was from a place in the United States to or through a place outside the United States.

> (C) Third, that the individual's transportation, transmission, or transfer of the monetary instrument or funds was done with the intent to promote the carrying on of a conspiracy with possess with intent to distribute and distribute a controlled substance.

(2)  Now I will give you more detailed instructions on one of these terms. The term "monetary instruments" means currency of the United States, or of any other country, personal checks, or bank checks.

*Sixth Circuit Pattern Criminal Jury Instruction 11.03*

**Agreement**

(1) With regard to the first element – a criminal agreement - the government must prove that two or more persons conspired, or agreed, to cooperate with each other to commit the crime of money laundering.

(2) This does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement.  These are things that you may consider in deciding whether the government has proved an agreement.  But without more they are not enough.

(3) What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to commit the crime of money laundering. This is essential.

(4)  An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed.  But it is up to the government to convince you that such facts and circumstances existed in this case.

*Sixth Circuit Pattern Criminal Jury Instruction 3.02*

36

## Defendant's Connection to the Conspiracy

(1)  Proof of conspiracy does not require that the defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning.  Nor does it require proof that the defendant played a major role in the conspiracy, or that his connection to it was substantial.  A slight role or connection may be enough.

(2)  But proof that the defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it.  Similarly, just because the defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator.  These are all things that you may consider in deciding whether the government has proved that the defendant joined a conspiracy.  But without more they are not enough.

(3)  A defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew of the conspiracy and its objects, aims, or goals. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

*Sixth Circuit Pattern Criminal Jury Instruction 3.03*

## **Unindicted, Unnamed, or Separately Tried Co-Conspirators**

(1)  Now, some of the people who may have been involved in the events for Counts One, Two, and Three are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted or tried together in one proceeding.

(2)  Nor is there any requirement that the names of the other conspirators be known. An indictment can charge the defendant with a conspiracy involving people whose names are not known, as long as the government can prove that the defendant conspired with one or more of them.  Whether they are named or not does not matter.

*Sixth Circuit Pattern Criminal Jury Instruction 3.06*

## <u>Venue for Counts One and Three</u>

(1)   Now, some of the events that you have heard about for Count One and Count Three happened in other places.  There is no requirement that the entire conspiracy take place here in the Eastern District of Michigan. But for you to return a guilty verdict on the conspiracy charge in Counts One and Three, the government must convince you that either the agreement, or one of the overt acts in furtherance took place here in the Eastern District of Michigan.

(2)   Unlike all the other elements that I have described, this is just a fact that the government only has to prove by a preponderance of the evidence.  This means the government only has to convince you that it is more likely than not that part of the conspiracy charged in Counts One and Three took place here.

(3)   Remember that all the other elements I have described must be proved beyond a reasonable doubt.

*Sixth Circuit Pattern Criminal Jury Instruction 3.07*

**<u>On or About</u>**

(1) Next, I want to say a word about the dates mentioned in the Superseding indictment.

(2) The Superseding Indictment charges that the crime in Count One occurred "from an unknown date, but no later than July 30, 2015, through 2020." Count Two charges that the crime occurred "no later than October 2016, through March 2021." Count Three charges that the crime occurred "no later than June 2016, continuing through at least December 2017." The government does not have to prove that the crimes happened on those exact dates. But the government must prove that the crimes happened reasonably close to those dates.

*Sixth Circuit Pattern Criminal Jury Instruction 2.04*

### Inferring Required Mental State

(1) Next, I want to explain something about proving a defendant's state of mind.

(2) Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

(3) But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

(4) You may also consider the natural and probable results of any acts that the defendant knowingly did or did not do, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

*Sixth Circuit Pattern Criminal Jury Instruction 2.08*

## **Use of the Word "And" in the Superseding Indictment**

Although the Superseding Indictment charges that the statute was violated by acts that are connected by the word "and" it is sufficient if the evidence establishes a violation of the statute by any one of the acts charged. Of course, this must be proved beyond a reasonable doubt.

*Sixth Circuit Pattern Criminal Jury Instruction 2.12*

42

## SPECIAL EVIDENTIARY MATTERS

### **Introduction**

That concludes the part of my instructions explaining the elements of the crimes. Next, I will explain some rules that you must use in considering some of the testimony and evidence.

*Sixth Circuit Pattern Criminal Jury Instruction 7.01*

## **Defendant's Election Not to Testify or Present Evidence**

(1)  A defendant has an absolute right not to testify or present evidence. The fact that the defendant did not testify or present any evidence cannot be considered by you in any way.  Do not even discuss it in your deliberations.

(2)  Remember that it is up to the government to prove the defendant guilty beyond a reasonable doubt.  It is not up to the defendant to prove that he is innocent.

*Sixth Circuit Pattern Criminal Jury Instruction 7.02A*

## **Defendant's Testimony**

(1) You have heard the defendant testify. Earlier, I talked to you about the "credibility" or the "believability" of the witnesses. And I suggested some things for you to consider in evaluating each witness's testimony.

(2) You should consider those same things in evaluating the defendant's testimony.

*Sixth Circuit Pattern Criminal Jury Instruction 7.02B*

## **Opinion Testimony**

(1) You have heard the testimony of Gabriel Schuch and Jason Willock who testified as opinion witnesses.

(2) You do not have to accept Gabriel Schuch's and Jason Willock's opinion. In deciding how much weight to give it, you should consider the witnesses' qualifications and how they reached their conclusions. Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

(3) Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

*Sixth Circuit Pattern Criminal Jury Instruction 7.03*

## **<u>Witness Testifying to Both Facts and Opinion</u>**

(1) You have heard the testimony of Derek Newsome, Gail Connolly, Valerie Colley and Chad Hermans, who testified to both facts and opinions. Each of these types of testimony should be given the proper weight.

(2) As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

(3) As to the testimony on opinions, you do not have to accept Derek Newsome's, Gail Connolly's, Valerie Colley's and Chad Hermans's opinion. In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

(4) Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

*Sixth Circuit Pattern Criminal Jury Instruction 7.03A*

## Testimony of a Witness Under Compulsion

(1)  You have heard that the court compelled the testimony of Donald Larson. You have also heard that his testimony cannot be used against him by the government except in a prosecution for perjury.

(2)  You should consider Donald Larson's testimony with more caution than the testimony of other witnesses.  Consider whether his testimony may have been influenced by this grant of immunity.

(3)  Do not convict any of the defendants based on the unsupported testimony of such a witness, standing alone, unless you believe that testimony beyond a reasonable doubt.

*Sixth Circuit Pattern Criminal Jury Instruction 7.05A*

## **Testimony of an Accomplice**

(1) You have heard the testimony of Donald Larson. You have also heard that he was involved in the same crimes that the defendant is charged with committing. You should consider Donald Larson's testimony with more caution than the testimony of other witnesses.

(2) Do not convict the defendant based on the unsupported testimony of such a witness, standing alone, unless you believe his testimony beyond a reasonable doubt.

*Sixth Circuit Pattern Criminal Jury Instruction 7.08*

**Evidence Summaries Admitted In Evidence**

(1) During the trial you have seen or heard summary evidence in the form of a chart or similar material or testimony. This summary was admitted in evidence, in addition to the material it summarizes, because it may assist you in understanding the evidence that has been presented.

(2) But the summary itself is not evidence of the material it summarizes, and is only as valid and reliable as the underlying material it summarizes.

*Sixth Circuit Pattern Criminal Jury Instruction 7.12A*

### Transcriptions of Recordings

(1) You have heard some recorded conversations that were received in evidence, and you were given some written transcripts of the recordings.

(2)  Keep in mind that the transcripts are not evidence. They were given to you only as a guide to help you follow what was being said. The recordings themselves are the evidence. If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of the recordings, you must ignore the transcripts as far as those parts are concerned.

*Sixth Circuit Pattern Criminal Jury Instruction 7.17*

## **Statement by Defendant**

(1) You have heard evidence that the defendant made a statement in which the government claims he admitted certain facts. It is for you to decide whether the defendant made that statement, and if so, how much weight it deserves. In making these decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant allegedly made it.

(2)  You may not convict the defendant solely upon his own uncorroborated statement or admission.

*Sixth Circuit Pattern Criminal Jury Instruction 7.20*

## **Stipulated Facts**

The Government and the defendant have agreed, or stipulated, to certain facts. Therefore, you must accept the stipulated facts as proved.

*Sixth Circuit Pattern Criminal Jury Instruction 7.21*

## DELIBERATION AND VERDICT

### **Introduction**

(1)  That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

(2)  The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

(3)  Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.  Any questions or messages normally should be sent to me through your foreperson.

(4)  If you want to see any of the exhibits that were admitted in evidence, you may send me a message, and those exhibits will be provided to you.

(5)  One more thing about messages.  Do not ever write down or tell anyone how you stand on your votes.  For example, do not write down or tell anyone that you

are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

*Sixth Circuit Pattern Criminal Jury Instruction 8.01*

## <u>Experiments, Research and Investigation</u>

(1) Remember that you must make your decision based only on the evidence that you saw and heard here in court.

(2) During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

(3) You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom.  Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only

56

permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

*Sixth Circuit Pattern Criminal Jury Instruction 8.02*

## **Unanimous Verdict**

(1)   Your verdict, whether it is guilty or not guilty, must be unanimous.

(2)   To find the defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

(3)   To find him not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

(4)   Either way, guilty or not guilty, your verdict must be unanimous.

*Sixth Circuit Pattern Criminal Jury Instruction 8.03*

## __Duty to Deliberate__

(1) Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

(2)  But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that--your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

(3)  No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So, you should all feel free to speak your minds.

(4)  Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

*Sixth Circuit Pattern Criminal Jury Instruction 8.04*

**Punishment**

(1) If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

(2) Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

(3) Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

*Sixth Circuit Pattern Criminal Jury Instruction 8.05*

## **<u>Verdict Limited to Charges Against This Defendant</u>**

(1)  Remember that the defendant is only on trial for the particular crimes charged in the indictment. Your job is limited to deciding whether the government has proved a crimes charged.

(2)  Also remember that whether anyone else should be prosecuted and convicted for a crime is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proved this defendant guilty. Do not let the possible guilt of others influence your decision in any way.

*Sixth Circuit Pattern Criminal Jury Instruction 8.08*

## **Court Has No Opinion**

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.

*Sixth Circuit Pattern Criminal Jury Instruction 8.09*

## **Juror Notes**

(1)  Remember that if you elected to take notes during the trial, your notes should be used only as memory aids.  You should not give your notes greater weight than your independent recollection of the evidence.  You should rely upon your own independent recollection of the evidence or lack of evidence, and you should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any more weight than the memory or impression of each juror.

(2)  Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

*Sixth Circuit Pattern Criminal Jury Instruction 8.10*

64

## **Verdict Form**

(1)    I have prepared a verdict form that you should use to record your verdict.

(2)    If you decide that the government has proved the charges against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the government has not proved the charges against him beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. Your foreperson should then sign the form, put the date on it, and return it to me.

(3)    The form reads as follows:

*Sixth Circuit Pattern Criminal Jury Instruction 8.06*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

                                  Criminal No. 21-cr-20264

v.

                                  Honorable Denise Page Hood

Ylli Didani,

          Defendant.
_____/

## **VERDICT FORM**

We, the jury, unanimously find the following:

## **COUNT ONE**

**Question 1:** With respect to the charge in Count One of the Superseding Indictment, which charges the defendant with conspiracy to possess with intent to distribute and to distribute a controlled substance (Cocaine), we the jury find:

_____ Not Guilty _____ Guilty

If you answered guilty in response to Question 1, proceed to Question 2.

    **Question 2**: With respect to Count One, the amount of the mixture or substance containing a detectable amount of cocaine that was attributable to defendant as the result of his own conduct and the conduct of other co-conspirators reasonably foreseeable to him (indicate answer by checking one line below):

_____ at least 5,000 grams (5 kilograms) kilograms


_____ at least 500 grams

_____ less than 500 grams


## COUNT TWO

**Question 1**:  With respect to the charge in Count Two of the Superseding Indictment for conspiracy to possess with intent to distribute and distribute a controlled substance (Cocaine) on board a vessel subject to the jurisdiction of the United States, we the jury find:

_____ Not Guilty _____ Guilty

If you answered guilty in response to Question 1, proceed to Question 2.

**Question 2**:  With respect to Count Two, the amount of the mixture or substance containing a detectable amount of cocaine that was attributable to defendant as the result of his own conduct and the conduct of other co-conspirators reasonably foreseeable to him (indicate answer by checking one line below):

_____ at least 5,000 grams (5 kilograms)


_____ at least 500 grams

_____ less than 500 grams

## __COUNT THREE__

**Question 1**:  With respect to the charge in Count Three of the Superseding Indictment for conspiracy to launder monetary instruments, we the jury find:

_____ Not Guilty _____ Guilty


_____

Date:                                    Foreperson

68